HANSON BRIDGETT LLP
ALEXANDRA V. ATENCIO, SBN 227251
aatencio@hansonbridgett.com
HUONG (JENNY) V. DAO, SBN 342102
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:  (415) 777-3200
Facsimile:  (415) 5541-9366

Attorneys for Defendants
4LEAF, INC., CRAIG TOLE and PETE
ROQUE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| INLAND COALITION FOR IMMIGRANT JUSTICE<br><br>            Plaintiff,<br><br>      v.<br><br>CITY OF FONTANA, CITY COUNCIL OF FONTANA, MAYOR ACQUANETTA WARREN, PHILLIP BURUM, FONTANA CODE COMPLIANCE DEPARTMENT, 4LEAF, INC., CRAIG TOLE, PETE ROQUE,<br><br>            Defendants. | Case No. 5:25-cv-2092-SSS-SP<br><br>**DEFENDANT 4LEAF INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)**<br><br>Date:    December 19, 2025<br>Time:    2:00 p.m.<br>Ctrm:    Courtroom 2, 2nd Floor<br>Judge:   Honorable Sunshine S. Sykes<br><br>Complaint served: August 21, 2025 |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on December 19, 2025 at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 2 of the above-entitled Court, located at 3470 Twelfth Street, Riverside, California 92501, Defendants 4LEAF, INC., CRAIG TOLE, and PETE ROQUE (collectively, the "4LEAF Defendants") will, and hereby do, move to dismiss all claims asserted by Plaintiff Inland Coalition for Immigrant Justice in the First Amended Complaint.

The 4LEAF Defendants bring this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that Plaintiff fails to establish

22309312.4

Article III standing.  The 4LEAF Defendants also bring this Motion pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the First Amended Complaint fails to state a plausible claim for relief. Specifically, Plaintiff fails to allege that the 4LEAF Defendants deprived Plaintiff of a constitutional right or acted under color of state law as required under 42 U.S.C. § 1983, fails to allege any unlawful policy, custom, or personal participation by the 4LEAF Defendants, fails to assert any conduct by the individual defendants that allegedly caused Plaintiff's injuries, and improperly asserts claims against individual defendants whose alleged conduct is duplicative of the claims against 4LEAF, Inc.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all pleadings, records, and papers on file in this action, and any further argument or evidence that the Court may permit or deem just and proper.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on Tuesday, October 28, 2025, and was unsuccessful in resolving the issues raised by this Motion.

On October 24, 2025, counsel for the 4LEAF Defendants, Alexandra Atencio and Jenny Dao of Hanson Bridgett LLP, sent Plaintiff's counsel a detailed meet-and-confer letter outlining the legal deficiencies in the First Amended Complaint and requesting to confer by telephone or video conference. The letter identified, among other issues, that (1) Plaintiff lacks Article III standing to sue 4LEAF, (2) 4LEAF and its employees are not state actors and cannot be held liable under 42 U.S.C. § 1983, (3) 4LEAF is not liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (4) no individual liability alleged against Tole or Roque; (5) the First and Second Causes of Action fail to allege any constitutional violation, and (6) the Third Cause of Action for "Preemption by State Law" is not a cognizable claim.

On October 28, 2025, counsel for the 4LEAF Defendants (Alexandra Atencio and Jenny Dao) met and conferred via telephone conference with Plaintiff's counsel

DEFENDANT 4LEAF INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

22309312.4

1  (Daniel Shimmel, Matthew Heartney, Ritu Mahajan, and counsel from Public
2  Counsel) for approximately thirty (30) minutes. During the conference, the parties
3  discussed each of the issues identified in the 4LEAF Defendants' letter. Plaintiff's
4  counsel stated that they do not intend to dismiss or amend any of the claims against
5  the 4LEAF Defendants and declined to dismiss the individual defendants Mr. Tole
6  and Mr. Roque. Approximately two days after this call, Plaintiff's counsel informed
7  counsel for the 4LEAF Defendants that Plaintiff will not pursue the preemption
8  claim against them, but would not amend the complaint to withdraw the claim. The
9  parties were unable to resolve any of the remaining issues raised in this Motion.
10  Accordingly, with the exception of any preemption argument, Plaintiff's counsel
11  indicated that Plaintiff will oppose the instant Motion.

13                                        Respectfully submitted,
14  DATED:  November 4, 2025              HANSON BRIDGETT LLP

17                              By:    /s/ Alexandra V. Atencio
18                                     ALEXANDRA V. ATENCIO
19                                     Attorneys for Defendants
                                       4LEAF, INC., CRAIG TOLE and PETE
                                       ROQUE

1
2

# **TABLE OF CONTENTS**

**Page**

3    NOTICE OF MOTION...................................................................................... 1

4    MEMORANDUM OF POINTS AND AUTHORITIES........................................ 10

5    I.      INTRODUCTION ................................................................................. 10

6    II.     RELEVANT FACTUAL ALLEGATIONS .................................................. 11

7    III.    LEGAL STANDARD .............................................................................. 13

8    IV.     ARGUMENT ........................................................................................ 14

9            A.      Plaintiff Fails To Sufficiently Allege Article III Standing ................. 14

10                   1.      Plaintiff fails to allege organizational standing .......................... 14

11                   2.      Plaintiff fails to allege associational standing ............................ 15

12           B.      Plaintiff Cannot Demonstrate A Deprivation of A Constitutional
13                   Right Caused By The 4LEAF Defendants, Or That The 4LEAF
                     Defendants Are State Actors................................................................ 17

14                   1.      Plaintiff Fails To State A Constitutional Claim Against
                             The 4LEAF Defendants ................................................................. 18

15                   2.      The 4LEAF Defendants Are Not State Actors ............................ 21
16
17           C.      No Entity Liability under *Monell*........................................................ 25

             D.      Plaintiff Fails To Sufficiently State Claims Against Craig Tole
18                   and Pete Roque..................................................................................... 26

19           E.      Plaintiff Has Withdraw Its Preemption Claim ..................................... 27

20   V.     CONCLUSION ...................................................................................... 27

21
22
23
24
25
26
27
28

22309312.4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Fed'n of Gov't Employees Local 501 v. Biden,*
   576 F. Supp. 3d 1155 (S.D. Fla. 2021)................................................................17

*Ariz. All. for Immigr. & Econ. Just. v. Thornell,*
   117 F.4th 1169 (9th Cir. 2024)..........................................................................14

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ...............................................................13, 14, 16, 26

*Associated Gen. Contractors of Am., San Diego Chapter, Inc. v. Cal.*
   *Dep't of Transp.,*
   713 F.3d 1187 (9th Cir. 2013) ...........................................................................16

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ...................................................................................13, 14

*Blum v. Yaretsky,*
   457 U.S. 991 (1982) ...................................................................................24, 25

*Brunette v. Humane Society of Ventura County,*
   294 F.3d 1205 (2002) ........................................................................................23

*Buchanan v. Alexander,*
   919 F.3d 847 (5th Cir. 2019) ............................................................................18

*Byers v. City of Richmond,*
   746 F.Supp.3d 275 (2024) .................................................................................25

*Cabalce v. Thomas E. Blanchard & Associates, Inc.,*
   797 F.3d 720 (9th Cir. 2015) ............................................................................24

*Carey v. Continental Airlines, Inc.,*
   823 F.2d 1402 (10th Cir.1987) ...................................................................22, 23

*City of West Covina v. Perkins,*
   525 U.S. 234 (1999) ..........................................................................................21

*Coalition on Homelessness v. City & County of San Francisco,*
   758 F. Supp. 3d 1102 (N.D. Cal. 2024)............................................................15

*Disability Rights Wis., Inc. v. Walworth Cnty. Bd. of Supervisors*,
  522 F.3d 796 (7th Cir. 2008) ............................................................. 16

*Favela v. City of Las Cruces ex rel. Las Cruces Police Department*,
  398 F.Supp.3d 858 (2019) ................................................................. 23

*Flagg Bros., Inc. v. Brooks*,
  436 U.S. 149 (1978) ............................................................................. 22

*Food & Drug Admin. v. All. for Hippocratic Med.*,
  602 U.S. 367 (2024) ............................................................................ 14

*Franklin v. Fox*,
  312 F.3d 423 (9th Cir. 2002) ............................................................. 23

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
  528 U.S. 167 (2000) ............................................................................ 15

*Gallagher v. Neil Young Freedom Concert*,
  49 F.3d 1442 (10th Cir.1995) .................................................... 22, 23

*George v. Sonoma County Sheriff's Dept.*,
  732 F. Supp. 2d 922 (N.D. Cal. 2010) ............................................ 25

*Guatay Christian Fellowship v. County of San Diego*,
  670 F.3d 957 (9th Cir. 2011) ...................................................... 17, 20

*Heffron v. Int'l Soc'y for Krishna Consciousness*,
  452 U.S. 640 (1981) ............................................................................ 19

*Howerton v. Gabica*,
  708 F.2d 380 (9th Cir. 1983) ............................................................. 23

*Hunt v. City of Los Angeles*,
  638 F.3d 703 (2011) (9th Cir.) .......................................................... 19

*Hunt v. Wash. State Apple Advert. Comm'n*,
  432 U.S. 333 (1977) ............................................................................ 15

*Hydrick v. Hunter*,
  669 F.3d 937 (9th Cir. 2012) ............................................................. 26

*Jackson v. Metropolitan Edison Co.*,
  419 U.S. 345 (1974) ............................................................................ 22

DEFENDANT 4LEAF, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

22309312.4

*Jordahl v. Democratic Party of Virginia,*
    122 F.3d 192 (4th Cir. 1997) ...................................................................... 18

*Kentucky v. Graham,*
    473 U.S. 159 (1985) .................................................................................... 27

*Kirtley v. Rainey,*
    326 F.3d 1088 (9th Cir. 2003) ........................................................ 18, 21, 22

*Lugar v. Edmondson Oil Co.,*
    457 U.S. 922 (1982) .................................................................................... 21

*Lujan v. Defs. of Wildlife,*
    504 U.S. 555 (1992) .................................................................................... 14

*Luke v. Abbott,*
    954 F. Supp. 202 (C.D. Cal. 1997) ............................................................ 26

*Mallison v. Connecticut Office of Early Childhood,*
    634 F.Supp.3d 21 (2022) ............................................................................ 26

*Manhattan Community Access Corp. v. Halleck,*
    587 U.S. 802 (2019) .................................................................................... 24

*Mathews v. Eldridge,*
    424 U.S. 319 (1976) .................................................................................... 21

*Minnesota v Dickerson,*
    508 U.S. 366 (1993) .................................................................................... 21

*Monell v. Dep't of Soc. Servs.,*
    436 U.S. 658 (1978) .............................................................................. 10, 25

*NAACP v. City of Richmond,*
    743 F.2d 1346 (9th Cir. 1984) ................................................................... 17

*Nat'l Fed'n of the Blind v. Target Corp.,*
    582 F. Supp. 2d 1185 (N.D. Cal. 2007) ..................................................... 17

*Nwauzor v. GEO Group, Inc.,*
    127 F.4th 750 (9th Cir. 2025) .................................................................... 24

*Pasadena Republican Club v. Western Justice Center,*
    424 F.Supp.3d 861 (2019) .......................................................................... 25

DEFENDANT 4LEAF, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO
FRCP 12(b)(6)

22309312.4

*Pearson v. Callahan*,
   555 U.S. 223 (2009) ................................................................. 23

*Perez-Morciglio v. Las Vegas Metropolitan Police Dept.*,
   820 F.Supp.2d 1100 (2011) ...................................................... 24

*Polk v. Yee*,
   481 F.Supp.3d 1060 (2020) ...................................................... 24

*PPS, Inc. v. Faulkner County, Ark.*,
   630 F.3d 1098 (8th Cir. 2011) ................................................. 21

*Prairie Rivers Network v. Dynegy Midwest Generation, LLC*,
   2 F.4th 1002 (7th Cir. 2021) ................................................... 17

*Price v. Hawaii*,
   939 F.2d 702 (9th Cir.1991) .................................................... 21

*Ramming v. United States*,
   281 F.3d 158 (5th Cir. 2001) ................................................... 13

*Spencer v. Lee*,
   864 F.2d 1376 (7th Cir.1989) ............................................. 22, 23

*Stanley v. Goodwin*,
   475 F.Supp.2d 1026 (2006) ...................................................... 22

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) ................................................. 26

*Sutton v. Providence St. Joseph Medical Center*,
   192 F.3d 826 (1999) ................................................................ 21

*Tavarez-Guerrero v. Toldeo-Davila*,
   597 F.Supp.2d 250 (2008) ........................................................ 26

*Trinity Indus., Inc. v. United States*,
   757 F.3d 400 (5th Cir. 2014) ................................................... 13

*Tsao v. Desert Palace, Inc.*,
   698 F.3d 1128 (9th Cir. 2012) ................................................. 25

*United States v. O'Brien*,
   391 U.S. 367 (1968) ................................................................ 19

22309312.4

*W. Min. Council v. Watt*,
    643 F.2d 618 (9th Cir. 1981) ............................................................. 14

*Wade v. Byles*,
    83 F.3d 902 (7th Cir. 1996) ................................................................ 22

*White v. Scrivner Corp.*,
    594 F.2d 140 (5th Cir.1979) ........................................................ 22, 23

**Statutes**

United States Code, Title 42,
    § 1983 ................................................................................................ 26

Government Code,
    § 51036 .............................................................................................. 11

**Other Authorities**

Federal Rules of Civil Prodedure,
    Rule, 12 ............................................................................................. 13

DEFENDANT 4LEAF, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

22309312.4

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.    INTRODUCTION**

Plaintiff Inland Coalition for Immigrant Justice ("Plaintiff") attempts to challenge a set of City of Fontana ordinances regulating street vending and protecting City officials from obstruction or intimidation. Instead of limiting its lawsuit to the City, the entity that actually enacted, implemented, and enforces those ordinances, Plaintiff has named 4LEAF, Inc., a private contractor that merely provides code-enforcement support to the City, along with two of its employees, Craig Tole and Pete Roque (collectively, the "4LEAF Defendants").

As a threshold matter, Plaintiff lacks Article III standing against the 4LEAF Defendants. Plaintiff does not have organizational standing because its only direct injury alleged – an expenditure of resources and frustration of its mission – have been expressly rejected by the Supreme Court. Neither does Plaintiff have associational standing because it fails to sufficiently allege any of its members suffered an injury fairly traceable to the 4LEAF Defendants. Plaintiff's lack of standing alone is grounds for dismissal.

Even if Plaintiff has standing, the First Amended Complaint ("FAC") fails to state any claim against the 4LEAF Defendants. 4LEAF is a private contractor for the City, but such relationship does not transform 4LEAF or its employees into state actors. The FAC fails to sufficiently allege that the 4LEAF Defendants acted "under color of state law" when performing its contracted services. Even assuming arguendo that the 4LEAF Defendants acted under color of state law, Plaintiff nevertheless fails to state a claim against them, as it neither alleges a 4LEAF policy or custom that caused a constitutional deprivation sufficient to assert *Monell* liability, nor any personal participation in any alleged constitutional violation by Tole or Roque. At bottom, Plaintiff's theories rest entirely on the City's legislative decisions, not on any of the 4LEAF Defendants' actions.

In addition, Plaintiff's facial challenge to the constitutionality of the City-

enacted ordinances fail as a matter of law against the 4LEAF Defendants, as it is undisputed that the 4LEAF Defendants have no authority or power to enact or modify the challenged ordinances. Further, 4LEAF's alleged conduct does not give rise to any violation of the First, Fourth, Fifth, or Fourteenth Amendments, as the complaint fails to sufficiently allege a deprivation of protected speech, unreasonable search or seizure, or due process violation caused by the 4LEAF Defendants.

Accordingly, the Court should dismiss all claims against the 4LEAF Defendants with prejudice.

## II.    RELEVANT FACTUAL ALLEGATIONS

Plaintiff is a nonprofit organization based in the Inland Empire that purports to work on "improving the quality of life for these communities by increasing their access to needed resources, education, and policy decision-making." (FAC ¶¶ 10, 12.)

In 2018, the California Legislature enacted SB-946 (Cal. Gov't Code §§ 51036 *et seq*.) which provides statewide standards for the local regulation of street-vendors, and then enacted SB-972 in 2022, providing standards regarding food street-vendors. (FAC ¶ 3.)

In 2019, the City of Fontana ("City") enacted Ordinance 1789 (FMC §§ 15-818–15-828), which established street-vending regulatory provisions that included requirements for obtaining a street-vending permit, restrictions on the time, place, and manner of street-vending, and provisions relating to impounding street-vending property that violated these requirements. (FAC ¶ 5.) In 2022, the City enacted Ordinance 1925 (FMC §§ 1-14, 15-829). (FAC ¶ 6.)

Plaintiff alleges that 14 provisions from these two ordinances are unlawful (the "Challenged Ordinance Provisions"). (*Id.* ¶ 4.) Specifically, Plaintiff challenges: (a) the Enforcement Obstruction Consequences provision ("EOC Provision") (FMC § 1-14), (b) three permitting provisions (FMC §§ 15-820(A)(10),(15) and 15-820(B), the "Permit Provisions"), and (c) one provision

22309312.4

1  regarding the seizure of evidence and nine provisions permitting City officials to
2  impound street-vending property under specified conditions (FMC § 15-828, 15-
3  829(b)(1)-(6),(8)-(9), and 18-529(c), the "Seizure Provisions").

4       Plaintiff concedes that the 4LEAF Defendants played no role in drafting,
5  recommending, or approving any ordinance language. (FAC ¶¶ 38, 41–44, and 45–
6  37.) Indeed, 4LEAF, Inc. ("4LEAF") is not alleged to, and has no, legislative
7  authority, nor did it enact the Challenged Ordinance Provisions. Rather, 4LEAF is a
8  private entity that entered into a professional services agreement with the City on or
9  about November 14, 2023 to provide evening assistance to the City to address "all
10 non-permitted sidewalk vendors, by providing education and explaining how to
11 obtain the proper permits to conduct business in the City of Fontana." (FAC, ¶ 38 &
12 Ex, 2, Ex. A.) 4LEAF provides notices and warnings to unpermitted vendors; if
13 vendors refuse to comply after being warned, 4LEAF may confiscate property in
14 accordance with the City's impoundment provisions and will notify the vendors how
15 to retrieve their items from the City. (*Id*. at p.6, fn. 2, ¶¶ 35, 37-38 & Ex. 2, Ex. A.)
16 4LEAF does not hold or exercise any delegated police power, issue citations in its
17 own name, or maintain City enforcement records. (FAC ¶ 38 & Ex. 2.) The City
18 retains exclusive authority to adopt, interpret, and enforce its ordinances, including
19 decisions to issue or revoke citations, permits, or impound orders. (FAC ¶¶ 35, 37–
20 38.)

21      While the FAC includes conclusory statements that 4LEAF and its employees
22 acted "under color of state law" and participated in property deprivations (see, e.g.,
23 FAC ¶¶ 8, 40–41, 63, 66–67), the FAC does not allege that 4LEAF independently
24 promulgated any policy, exercised discretionary enforcement authority, nor that any
25 of the 4LEAF Defendants personally interacted with any Plaintiff member. (FAC ¶¶
26 8, 20, fn.5, 38, 40-41, 63, 66-67.) It alleges generally that 4LEAF employees
27 "intimidate" street vendors by appearing in groups dressed in black with covered
28 faces, ordering vendors to leave, distributing warning notices, and confiscating

DEFENDANT 4LEAF, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)

1   goods without due process. FAC ¶¶ 38, 40. Yet the FAC does not allege that any

2   vendor purportedly approached by 4LEAF was lawfully permitted to vend, suffered

3   any concrete injury, or was a member of, or otherwise affiliated with, Plaintiff.

4        Regarding the individual 4LEAF defendants, the FAC does not contain any

5   allegations that either Mr. Tole or Mr. Roque had any personal involvement in the

6   alleged constitutional violations. Mr. Tole is identified as the Project Manager for

7   4LEAF's services to the City and as being involved in "obtaining and maintaining

8   the City's contract." (FAC ¶ 21.) Plaintiff alleges Mr. Roque was an "offsite

9   manager for the City contract" and allegedly managed and trained 4LEAF code

10   enforcement officers. *Id.*

11   **III.    LEGAL STANDARD**

12   **A.     Rule 12(b)(1) – Lack of Subject Matter Jurisdiction**

13        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)

14   challenges the court's subject matter jurisdiction. See *Ramming v. United States*,

15   281 F.3d 158, 161 (5th Cir. 2001). When considering a Rule 12(b)(1) motion, the

16   court must determine whether the plaintiff has met the burden of establishing

17   jurisdiction. *Id.* A facial Rule 12(b)(1) motion contests the sufficiency of the

18   allegations in the complaint, thus, the court accepts all well-pleaded allegations as

19   true and construes them in the light most favorable to the plaintiff. See *Trinity*

20   *Indus., Inc. v. United States*, 757 F.3d 400, 403 (5th Cir. 2014). If the court

21   determines at any time that it lacks subject matter jurisdiction, it must dismiss the

22   action. See Fed. R. Civ. P. 12(h)(3).

23   **B.     Rule 12(b)(6) – Failure to State a Claim**

24        To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain

25   sufficient factual matter, accepted as true, to "state a claim to relief that is plausible

26   on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

27   *Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff

28   pleads factual content that allows the court to draw the reasonable inference that the

13

defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. While the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff, it is not bound to accept "legal conclusions couched as factual allegations." *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Dismissal is proper when the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. If the court determines that the complaint fails to state a claim upon which relief can be granted, dismissal is appropriate.

## IV.    ARGUMENT

### A.    Plaintiff Fails To Sufficiently Allege Article III Standing

To have Article III standing, a plaintiff must allege a concrete, particularized injury that is fairly traceable to the defendant's conduct and redressable by a judicial remedy. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Plaintiff fails to meet this standard.

1.    <u>Plaintiff fails to allege organizational standing</u>

Organizational standing arises when an organization suffers a direct injury that meets the traditional Article III requirements: injury in fact, causation, and redressability. *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 369 (2024). Plaintiff alleges it has organizational standing because the City's ordinances caused it to divert resources and frustrated its mission. (FAC ¶¶ 17, 19.) However, the Supreme Court has rejected "frustration-of-mission" and "diversion-of-resources" theories to establish standing. *See Hippocratic Med.*, 602 U.S. at 369-70, 394. (holding that an organization "cannot spend its way into standing simply by expending money to gather information and advocate against the defendant's action."); see also *Ariz. All. for Immigr. & Econ. Just. v. Thornell*, 117 F.4th 1169, 1177–78 (9th Cir. 2024) (recognizing that prior Ninth Circuit cases allowing such

theories are "irreconcilable with *Hippocratic Medicine*—and thus overruled"). Instead, organizations must show that the challenged action "directly injures the organization's pre-existing core activities and does so *apart* from the plaintiffs' response to that governmental action." *Coalition on Homelessness v. City & County of San Francisco*, 758 F. Supp. 3d 1102, 1128–29 (N.D. Cal. 2024) (emphasis in original) (a mere reduction in membership or self-directed advocacy expenditure does not suffice to plead injury in fact.).

Moreover, Plaintiff must sufficiently allege that it suffered a concrete injury caused by the 4LEAF Defendants' conduct, which it has failed to do. Plaintiff does not allege that it diverted resources specifically in response to 4LEAF's limited enforcement role. Its purported organizational injury thus stems entirely from opposition to the City's ordinances and policy framework, not from 4LEAF's discrete, ministerial enforcement activities.

### 2. Plaintiff fails to allege associational standing

To establish associational standing, Plaintiff must show that (a) at least one identified member has standing to sue individually, (b) the interests it seeks to protect are germane to the organization's purpose, and (c) neither the claim nor relief requires participation of individual members. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977). Plaintiff fails to establish associational standing.

### a. The FAC fails to show that at least one identified member has standing

The first element of associational standing requires a demonstration of injury-in-fact, causation, and redressability for the organization's members. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000). To satisfy this element, Plaintiff must allege that at least one identified member has suffered or will suffer a concrete and particularized injury as a result of defendant's actions. *Hunt v. Washington State Apple Comm'n*, 432 U.S. 333, 343 (1977). The Ninth

15

Case No. 5:25-cv-2092-SSS-SP

DEFENDANT 4LEAF, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

22309312.4

1   Circuit requires an association to make it "relatively clear that one member has

2   standing*." Associated Gen. Contractors of Am., San Diego Chapter, Inc. v. Cal.

3   Dep't of Transp.*, 713 F.3d 1187, 1194 (9th Cir. 2013).

4           Plaintiff's allegations of its members' alleged harm are vague, conclusory,

5   and lack the necessary specificity to establish an injury-in-fact. Plaintiff broadly

6   alleges that the 4LEAF Defendants "implement" and "enforce" the challenged

7   provisions, but fails to allege any specific harm its members suffered as a result of

8   the 4LEAF Defendants' alleged conduct. FAC, ¶ 21. Similarly, although Plaintiff

9   broadly alleges that 4LEAF "operatives" threaten and confiscate vendors' property

10  (FAC ¶ 40), these allegations fall far short of pleading the required elements of

11  associational standing because Plaintiff does not allege that any of its members

12  personally experienced these actions. Courts repeatedly hold that generalized

13  references to a constituency or group do not suffice. *See*, e.g., *Disability Rights Wis.,*

14  *Inc. v. Walworth Cnty. Bd. of Supervisors*, 522 F.3d 796, 802 (7th Cir. 2008). The

15  Court should disregard these vague, conclusory allegations of speculative and

16  unspecific harm. *See Iqbal,* 556 U.S. at 678.

17          Plaintiff, in a footnote, refers to two of its members, "A.M." and "A.C.," but

18  provides no factual basis showing that either member suffered a concrete injury

19  caused by 4LEAF's conduct. (FAC ¶ 20 fn. 5.) Plaintiff alleges that A.M. vended in

20  2022, before 4LEAF contracted with the City, that the City denied A.M. a permit

21  (not 4LEAF), and that "City agents confiscated A.M.'s vending cart" near Christmas

22  2023. (*Id.*) With regard to A.C., Plaintiff alleges that "Fontana officers told A.C. to

23  go elsewhere" and that A.C. "found permit requirements impossible to meet."  None

24  of these allegations are sufficient to establish a concrete injury fairly traceable to the

25  4LEAF Defendants, nor that enjoining 4LEAF's alleged conduct would redress

26  either A.M.'s or A.C's injuries. In addition, Plaintiff alleges that both A.M. and A.C.

27  vend elsewhere, and though they "would return" to Fontana, whether they would be

28  harmed by 4LEAF's future conduct is speculative, especially given that there is no

DEFENDANT 4LEAF, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)

legally protectable interest in vending without a permit. See *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 981–82 (9th Cir. 2011) (no property interest exists in operating unlawfully without required permits).

Accordingly, Plaintiff has not sufficiently alleged that A.M. or A.C. have suffered a concrete and particularized injury as a result of any alleged actions by the 4LEAF Defendants. Thus, neither have standing to sue individually and, therefore, Plaintiff lacks associational standing. See *American Fed'n of Gov't Employees Local 501 v. Biden, 576 F. Supp. 3d 1155* (S.D. Fla. 2021); *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002 (7th Cir. 2021) (absence of any specific, concrete harm to a named member defeats associational standing).

> b.    <u>The FAC fails to sufficiently allege that the interests Plaintiff seeks to protect are germane to its purpose</u>

Plaintiff fails to allege how the 4LEAF Defendants' alleged conduct impacts the interests it seeks to protect and how those interest, if any, are germane to its purpose. According to the FAC, the 4LEAF Defendants' role is limited to approaching unpermitted vendors, providing education about City requirements, issuing warnings, and, only after repeated violations, confiscating goods. FAC ¶¶ 38, 40, 78. Nothing in these allegations undermines Plaintiff's mission. To the contrary, education and compliance promotion are consistent with an organization that purports to assist vendors in operating lawfully and safely. *NAACP v. City of Richmond*, 743 F.2d 1346, 1352–53 (9th Cir. 1984) (the court rejected associational standing where the asserted claims were not central to the organization's core mission); *Nat'l Fed'n of the Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1192–93 (N.D. Cal. 2007) (germaneness requires alignment between the claim and the association's central mission).  The FAC thus fails to establish that the interests it seeks to protect are germane to Plaintiff's organizational purpose and, therefore, Plaintiff lacks associational standing.

**B.    Plaintiff Cannot Demonstrate A Deprivation of A Constitutional Right Caused By The 4LEAF Defendants, Or That The 4LEAF Defendants Are**

DEFENDANT 4LEAF, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

22309312.4

**State Actors**

A § 1983 plaintiff must demonstrate a deprivation of a right secured by the Constitution or laws of the United States, and that the defendant acted under color of state law. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

1.    Plaintiff Fails To State A Constitutional Claim Against The 4LEAF Defendants

a.    Plaintiff Cannot State A Facial Challenge Against The 4LEAF Defendants

"The proper defendants to a facial constitutional challenge are the parties responsible for creating or enforcing the challenged law or policy." *Buchanan v. Alexander*, 919 F.3d 847, 854 (5th Cir. 2019). Officials and individuals with limited roles in the administration of the challenged polices, or parties who seek to enforce challenged regulations, are not proper parties to a facial challenge. *Buchanan*, 919 F.3d at 854-855; *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192 (4th Cir. 1997).

Because the 4LEAF Defendants are not alleged to, and do not, enact or have independent governmental enforcement authority, they are not proper parties to Plaintiff's facial challenge to the City's ordinances. FAC ¶38, 40, & Ex. 2, Ex. A.

To the extent the Court finds it appropriate for Plaintiff to assert a facial challenge against the 4LEAF Defendants, they hereby join and incorporate by reference the City of Fontana's Memorandum of Points and Authorities in Support of its Motion to Dismiss at pages 8-11 (EOC Provision) and pages 11-21 (Impoundment/Seizure Provisions). Those sections address the facial constitutionality of the challenged ordinances.

b.    Plaintiff Fails To Allege A Constitutional Deprivation Caused By The 4LEAF Defendants

(1)    First Amendment

The FAC contains no allegations that the 4LEAF Defendants infringed upon any vendor's speech or expressive activity. The alleged conduct: enforcing vending

22309312.4

permit requirements by notifying unpermitted vendors and, when necessary, confiscating goods, does not implicate the First Amendment. None of the 4LEAF Defendants' alleged actions regulate speech, expressive conduct, or any communicative activity; rather, they enforce commercial vending regulations—a non-expressive activity that the government may lawfully regulate through licensing requirements. See *United States v. O'Brien*, 391 U.S. 367, 376 (1968) ("When speech and nonspeech elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms."); *Heffron v. Int'l Soc'y for Krishna Consciousness*, 452 U.S. 640, 649 (1981) (upholding neutral regulations on vending and solicitation at a public fairground); *Hunt v. City of Los Angeles*, 638 F.3d 703 (2011) (9th Cir.) (predominant purpose of vending is to generate income rather than disseminate a message, therefore, vendors could not challenge ordinance as a restriction on protected speech). The only reference to speech-related conduct vaguely claims that 4LEAF "harassed vendors" and "told vendors that they have no right to vend in the City." (FAC, ¶ 78.) However, these statements are not speech restrictions—they are administrative enforcement actions advising unpermitted vendors of City regulations. Additionally, while the FAC alleges that 4LEAF "fail[s] to inform vendors of their rights" (FAC ¶ 78), it simultaneously concedes that 4LEAF personnel inform unpermitted vendors that they lack authorization to vend in the City and distribute bulletins advising them to obtain the required permits or cease vending. (FAC ¶ 40.) There are no allegations that 4LEAF restricted expressive conduct, retaliated against protected speech, or denied a permit based on viewpoint or content. FAC ¶¶ 38, 40. These actions regulate commercial activity, not expressive speech. *United States v. O'Brien*, 391 U.S. 367, 376 (1968); *Heffron v. Int'l Soc'y for Krishna Consciousness*, 452 U.S. 640, 649 (1981).

Because Plaintiff fails to allege any protected expressive activity that the

DEFENDANT 4LEAF, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

1   4LEAF Defendants' allegedly infringed, the FAC fails to show any causal

2   connection between 4LEAF's conduct and a First Amendment injury. Accordingly,

3   Plaintiff fails to state a First Amendment claim against the 4LEAF Defendants.

4               (2)    Fourth Amendment, Fifth and Fourteenth Amendment

5   Plaintiff alleges that 4LEAF violates the Fourth, Fifth and Fourteenth

6   Amendments "by their unlawful and unreasonable confiscations of vendors' goods

7   and equipment and failure to provide the procedural protections required by the Due

8   Process clause." FAC ¶¶ 41.

9   To obtain relief on § 1983 claims based upon procedural due process, the

10  plaintiff must establish the existence of: 1) a protected property interest; 2) a

11  deprivation of the interest by the government; and, 3) lack of process. See *Guatay*

12  *Christian Fellowship v. County of San Diego*, 670 F.3d 957, 983 (9th Cir. 2011).

13  No constitutionally protected property interest exists in property used without

14  a permit and in violation of regulations. See *Guatay*, 670 F.3d at 985-986. In

15  *Guatay*, a church used a building without a valid permit. When the County ordered

16  it to stop, the church claimed a due process violation. The Ninth Circuit granted the

17  County summary judgment, holding the church had not established the requisite

18  property interest to support a due process claim. *Id.* at 986. The court stated that a

19  property interest must arise from a "legitimate claim of entitlement" conferred by

20  state law—not from the mere fact of continued, unpermitted use. *Id*. Because the

21  church's use of the property violated county ordinances, it lacked any protectable

22  property interest. *Id*.

23  As in *Guatay*, Plaintiff here fails to allege a protected property interest in the

24  vending of goods without a valid permit in violation of the City's permitting

25  regulations. In the absence of such property interest, the court need not engage in the

26  constitutional analysis of determining whether such a property interest warrants the

27  protection of the Due Process Clause. *Id.*

28  However, even if the court does engage in that analysis, Plaintiff fails to

DEFENDANT 4LEAF, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)

22309312.4

1  allege that the 4LEAF Defendants engaged in a due process violation. Due process

2  requires only that a party be given notice and an opportunity to be heard before

3  permanent deprivation of property. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

4  Here, the FAC alleges that vendors receive warnings before property is taken, and it

5  is only after this notice that if vendors knowingly choose to vend without a permit

6  that their goods are removed. FAC ¶¶ 6, fn. 2, 20, fn. 5, 40. This process provides

7  both pre-deprivation notice and an opportunity to comply, thereby satisfying the

8  requirements of procedural due process. *City of West Covina v. Perkins*, 525 U.S.

9  234 (1999).

10      Further, Plaintiff does not allege how the confiscation of goods used for

11  unpermitted vending after being put on notice of a violation of the City's ordinances

12  is "unlawful" or "unreasonable." The seizure of items in plain view on City streets

13  being used by vendors identified as operating without a permit, and who have been

14  warned not to do so, is constitutionally justified. *Minnesota v Dickerson*, 508 U.S.

15  366 (1993); *PPS, Inc. v. Faulkner County, Ark.*, 630 F.3d 1098, 1103-1104, 1107-

16  1108 (8th Cir. 2011). Thus, Plaintiff fails to allege a constitutional claim against the

17  4LEAF Defendants.

18          2.    The 4LEAF Defendants Are Not State Actors

19      Private entities and their employees are liable under § 1983 only when their

20  conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S.

21  922, 937 (1982). "Only in rare circumstances can a private party be viewed as a

22  'state actor' for section 1983 purposes." *Sutton v. Providence St. Joseph Medical

23  Center*, 192 F.3d 826 (1999) (internal citation omitted); *Price v. Hawaii,* 939 F.2d

24  702, 707–08 (9th Cir.1991) ("[P]rivate parties are not generally acting under color

25  of state law.").  The Ninth Circuit recognizes four different criteria to identify state

26  action: (1) public function; (2) joint action; (3) governmental compulsion or

27  coercion; and (4) governmental nexus. *Kirtley*, 326 F.3d at 1092.

28          a.    Public Function

DEFENDANT 4LEAF, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)

"The public function test is satisfied only on a showing that the function at issue is 'both traditionally and exclusively governmental.'" *Id.* at 1093. "While many functions have been traditionally performed by governments, very few have been 'exclusively reserved to the State.'" *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 158 (1978) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 356 (1974)).

The type of enforcement activities in which 4LEAF is alleged to engage do not constitute traditional and exclusive governmental functions. *Spencer v. Lee*, 864 F.2d 1376, 1380 (7th Cir.1989) (noting that powers of arrest and self-defense are not exclusively governmental functions); *Carey v. Continental Airlines, Inc*., 823 F.2d 1402, 1404 (10th Cir.1987) (holding citizen's arrest does not constitute state action); *White v. Scrivner Corp*., 594 F.2d 140, 142–43 (5th Cir.1979) (holding that detaining suspected shoplifter is not an exclusive state function); *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1457 (10th Cir.1995) (holding that public university's acquiescence in private security team's pat-down searches of concert-goers did not establish state action); *Stanley v. Goodwin*, 475 F.Supp.2d 1026 (2006) (private security guards ejecting unruly individuals or reporting suspected crimes to the police are not state actors); *Wade v. Byles*, 83 F.3d 902 (7th Cir. 1996) (private actors engaging in security or enforcement activities do not become state actors merely by relying on the law).

Here, Plaintiff alleges that 4LEAF is contracted to perform code enforcement services for the City, which includes giving out warnings to non-permitted vendors and removing items from individuals who continue to violate municipal regulations. As alleged, 4LEAF employees do not display any badges or name tags identifying them as City personnel, and the contract between the City and 4LEAF expressly establishes that 4LEAF serves solely as an independent contractor. FAC ¶¶ 38, 40, Ex. 2, Ex. A, ¶ 10.  The agreement frames 4LEAF's work as professional services, akin to consulting or inspection, not police authority. (FAC Ex. 2, ¶¶ 5, 10, and Ex.

DEFENDANT 4LEAF, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

22309312.4

A.) This makes clear that 4LEAF's conduct does not involve powers "traditionally and exclusively reserved to the State." *Spencer v. Lee*, 864 F.2d 1376, 1380 (7th Cir.1989); *Carey v. Continental Airlines, Inc*., 823 F.2d 1402, 1404 (10th Cir.1987); *White v. Scrivner Corp*., 594 F.2d 140, 142–43 (5th Cir.1979).

b.    No Joint Action or Conspiracy With the City

The "joint-action" test requires "a substantial degree of cooperation" or "a willful participation in joint activity" with state officials to deprive a person of constitutional rights. *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002), abrogation on other grounds recognized by *Pearson v. Callahan*, 555 U.S. 223 (2009). Allegations of mere cooperation or coordination with public officials do not suffice. *Favela v. City of Las Cruces ex rel. Las Cruces Police Department,* 398 F.Supp.3d 858 (2019) (emphasizing that "the mere acquiescence of a state official in the actions of a private party is not sufficient" to establish state action under the joint-action test ); *Gallagher v. Neil Young Freedom Concert,* 49 F.3d 1442, 1453 (same).

The Ninth Circuit in *Howerton v. Gabica*, 708 F.2d 380 (9th Cir. 1983) found that private landlords who evicted tenants acted "under color of state law" because the police actively assisted in the eviction, accompanying the landlords and recommending that the tenants leave, creating the appearance of official sanction. *Id*. at 382. The Court emphasized that significant and joint participation by state officials is required to transform private conduct into state action. *Id. Howerton* demonstrates what is required for private conduct to be deemed state action: direct and substantial police involvement. Here, there is no allegation that law enforcement jointly participated with 4LEAF or that 4LEAF acted with the coercive power or encouragement of the City, distinguishing this case from *Howerton*. Indeed, the FAC alleges that 4LEAF "operate[s] independently," contacting the City's police department for any enforcement action beyond its scope of work. FAC ¶¶ 7, 38. Courts reject § 1983 liability in such circumstances. See *Brunette v. Humane Society of Ventura County,* 294 F.3d 1205, 1213 (2002) (humane society acting under

DEFENDANT 4LEAF, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)

1  warrant not a state actor where it neither conspired with nor was controlled by the

2  state).

3              c.      No Coercion or Nexus

4        As the Supreme Court recently explained, the fact that the government

5  "licenses [or] contracts with" a private entity, "does not convert the entity into a

6  state actor." *Polk v. Yee,* (2020) 481 F.Supp.3d 1060, 1068 (2020) (citing to

7  *Manhattan Community Access Corp. v. Halleck*, 587 U.S. 802 (2019) (affirming

8  dismissal of § 1983 claim against private operator of public access cable channels in

9  part because "fact the government licenses, contracts with, or grants a monopoly to

10  a private entity does not convert the private entity into a state actor—unless the

11  private entity is performing a traditional, exclusive public function"). Courts have

12  consistently held that private entities are not considered state actors unless the state

13  has exercised coercive power or provided significant encouragement, either overt or

14  covert, such that the private entity's actions must be deemed those of the state. *Blum*

15  *v. Yaretsky*, 457 U.S. 991, 1004 (1982) (state action requires a "sufficiently close

16  nexus between the State and the challenged action of the regulated entity so that the

17  action of the latter may be fairly treated as that of the State itself); *Nwauzor v. GEO*

18  *Group, Inc.*, 127 F.4th 750 (9th Cir. 2025) (private company operating an ICE

19  detention facility under federal contract was not federal actor); *Cabalce v. Thomas*

20  *E. Blanchard & Associates, Inc.*, 797 F.3d 720 (9th Cir. 2015) (independent

21  contractor performing services independently not state action). Relatedly, the

22  governmental nexus test evaluates whether there is a sufficiently close relationship

23  between the state and the private actor's conduct, such that the private behavior can

24  be fairly treated as that of the state. This inquiry is fact-specific and begins with the

25  presumption that private conduct does not constitute governmental action. *Perez-*

26  *Morciglio v. Las Vegas Metropolitan Police Dept.*, 820 F.Supp.2d 1100 (2011).

27        Plaintiff alleges that the 4LEAF Defendants operate "independently,"

28  contacting the City's police department for any enforcement action beyond its scope

24                                        Case No. 5:25-cv-2092-SSS-SP

22309312.4

of work. FAC ¶¶ 7, 38. Thus, no coercive control or direction is alleged. Nor are there any facts alleged that the City coerced the 4LEAF Defendants to violate vendor's constitutional rights (nor could there be) or that the alleged conduct was compelled by law. The mere approval or acquiescence by the state in a private party's conduct does not constitute state action. *Blum v. Yaretsky,* 457 U.S. 991, 1004-1005 (1982).

## C.    No Entity Liability under *Monell*

Even assuming that 4LEAF acted under color of state law for purposes of this motion, Plaintiff fails to sufficiently state a claim for *Monell* liability. A private corporation acting under color of state law "cannot be held liable under § 1983 on a respondeat-superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Byers v. City of Richmond*, 746 F.Supp.3d 275 (2024) (extending *Monell* to private entities acting under color of state law). Instead, liability attaches only if the entity itself had a policy or custom that was the "moving force" behind the alleged constitutional deprivation. *George v. Sonoma County Sheriff's Dept.*, 732 F. Supp. 2d 922 (N.D. Cal. 2010); see also *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128 (9th Cir. 2012); *Pasadena Republican Club v. Western Justice Center*, 424 F.Supp.3d 861 (2019) (liability requires proof that a constitutional violation resulted from an official policy, custom, or practice of the entity).

In *George*, the family of a county jail inmate sued the Sonoma County Sheriff's Department and Santa Rosa Memorial Hospital after the inmate died following allegedly inadequate medical care provided by a private hospital under contract with the County. The court found no *Monell* liability for the private hospital because there was no evidence that the hospital had a policy or practice causing constitutional violations. *Id*. at 1143-44.

Here, Plaintiff does not identify any internal 4LEAF policy, custom or practice that could have caused the alleged deprivation of rights; instead, the FAC focus entirely on the constitutionality of the City's ordinances. At most, Plaintiff

alleges isolated acts by individual employees, not any deliberate or pervasive 4LEAF policy or custom that caused the alleged constitutional deprivations. (FAC ¶¶ 5–7, 31–35, 41.)  Accordingly, 4LEAF cannot be held liable pursuant to § 1983.

**D.    Plaintiff Fails To Sufficiently State Claims Against Craig Tole and Pete Roque**

Individual § 1983 liability requires personal participation in the alleged constitutional deprivation. *Iqbal v. Ashcroft*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") Supervisory or managerial status alone is insufficient. *Mallison v. Connecticut Office of Early Childhood*, 634 F.Supp.3d 21 (2022) (an individual may not be held liable "merely because [they] held a high position of authority" or on a theory of vicarious liability); see also *Tavarez-Guerrero v. Toldeo-Davila*, 597 F.Supp.2d 250 (2008). The Ninth Circuit has repeatedly rejected liability theories based on vague allegations of inadequate training or supervision without factual support. *Hydrick v. Hunter*, 669 F.3d 937, 940 (9th Cir. 2012) ("[Plaintiffs] must allege that each defendant, through his own individual actions, has violated the Constitution."); *Starr v. Baca*, 652 F.3d 1202, 1207–08 (9th Cir. 2011) (supervisory liability requires specific allegations showing deliberate indifference to known constitutional violations).

The FAC contains no factual allegations that either Craig Tole or Pete Roque personally engaged in or directed any specific act against Plaintiff or its members causing a constitutional violation. Instead, Plaintiff relies on generalized assertions that they "managed" or "oversaw" 4LEAF's work for the City. Such conclusory allegations fall far short of the pleading requirements under 42 U.S.C. § 1983 and fail as a matter of law.

Moreover, Plaintiff's claims against Tole and Roque are redundant of the claims against 4Leaf itself and should be dismissed as duplicative. *Luke v. Abbott*,

DEFENDANT 4LEAF, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

22309312.4

954 F. Supp. 202, 203–04 (C.D. Cal. 1997) (dismissing official-capacity claims as "duplicative of the claims asserted against the public entity itself"). The law is clear that official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

## E.    Plaintiff Has Withdraw Its Preemption Claim

Plaintiff has agreed in writing that it will not pursue its preemption claim against the 4LEAF Defendants. Accordingly, the 4LEAF Defendants do not move to dismiss that claim, as they understand it has been withdrawn.

## V.    CONCLUSION

For the foregoing reasons, the Court should grant the 4LEAF Defendants' Motion to Dismiss in its entirety without leave to amend.

DATED:  November 4, 2025                 HANSON BRIDGETT LLP


By:    _/s/ Alexandra V. Atencio_
       ALEXANDRA V. ATENCIO
       Attorneys for Defendants
       4LEAF, INC., CRAIG TOLE and PETE
       ROQUE.


The undersigned, counsel of record for by Defendants 4LEAF, Inc., Craig Tole, and Pete Roque (collectively, the "4LEAF Defendants"), certifies that this brief contains 6251 words, which complies with the word limit of L.R. 11-6.1.

DATED:  November 4, 2025                 HANSON BRIDGETT LLP


By:    _/s/ Alexandra V. Atencio_
       ALEXANDRA V. ATENCIO
       Attorneys for Defendants
       4LEAF, INC., CRAIG TOLE and PETE
       ROQUE.

DEFENDANT 4LEAF, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)

22309312.4