HANSON BRIDGETT LLP
ALEXANDRA V. ATENCIO, SBN 227251
aatencio@hansonbridgett.com
HUONG (JENNY) V. DAO, SBN 342102
jdao@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:   (415) 5541-9366

Attorneys for Defendants
4LEAF, INC., CRAIG TOLE and PETE ROQUE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| INLAND COALITION FOR IMMIGRANT JUSTICE<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FONTANA, CITY COUNCIL OF FONTANA, MAYOR ACQUANETTA WARREN, PHILLIP BURUM, FONTANA CODE COMPLIANCE DEPARTMENT, 4LEAF, INC., CRAIG TOLE, PETE ROQUE,<br><br>Defendants. | Case No. 5:25-cv-2092-SSS-SP<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT 4LEAF INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)**<br><br>Date:   December 19, 2025<br>Time:   2:00 p.m.<br>Ctrm:   Courtroom 2, 2nd Floor<br>Judge:   Honorable Sunshine S. Sykes<br><br>Complaint served: August 21, 2025 |

22359765.4

Case No. 5:25-cv-2092-SSS-SP
DEFENDANT 4LEAF, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)

# TABLE OF CONTENTS

**Page**

REPLY MEMORANDUM OF POINTS AND AUTHORITIES ............................. 1
I. INTRODUCTION .................................................................................... 1
II. ARGUMENT ........................................................................................... 1
    A. Plaintiff Fails To Establish Organizational Standing ........................... 1
        1. Plaintiff concedes it cannot meet the first element of Article III standing. ............................................................... 1
        2. Plaintiff does not establish a concrete injury caused by 4LEAF. ............................................................................... 3
    B. Plaintiff fails to establish associational standing .................................. 3
        1. Plaintiff's members do not have standing to sue 4LEAF. ............ 4
            a. No alleged injury caused by 4LEAF. ................................. 4
            b. Lack of redressability. ........................................................ 5
        2. The interest that Plaintiff seeks to protect is not germane to the organization's purpose. .......................................... 5
    C. Plaintiff fails to state a constitutional claim against 4LEAF ................ 6
        1. Plaintiff's contention that 4LEAF is a state actor based on the joint action test fails. .............................................. 6
        2. Plaintiff fails to state a Constitutional Claim. ............................ 7
            a. Plaintiff's facial First Amendment challenge against 4LEAF fails as a matter of law. ......................................... 7
            b. Plaintiff fails to sufficiently state an as-applied Fourth, Fifth, or Fourteenth Amendment claim against 4LEAF. ................................................................ 8
        3. Plaintiff has not alleged sufficient facts to support *Monell* liability. ......................................................................... 9
    D. The Court Should Dismiss With Prejudice the Claims Plaintiff Failed to Defend ........................................................................... 10
III. CONCLUSION ...................................................................................... 10

22359765.4

Case No. 5:25-cv-2092-SSS-SP
DEFENDANT 4LEAF, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ariz. Alliance for Retired Ams. v. Mayes*,
    117 F.4th 1165 (9th Cir. 2024) ............................................................................. 2

*Coalition on Homelessness v. City & Cnty. of San Francisco*,
    758 F.Supp.3d 1102 (N.D. Cal. 2024) .................................................................. 2

*Food & Drug Admin. v. Alliance for Hippocratic Med.*,
    602 U.S. 369 (2024) ............................................................................................. 2

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
    528 U.S. 167 (2000) ......................................................................................... 4, 5

*Guatay Christian Flwship v. Cnty of San Diego*,
    670 F.3d 957 (9th Cir. 2011) ............................................................................ 8, 9

*Havens Realty Corp. v. Coleman*,
    455 U.S. 363, 102 S. Ct. 1114 (1982) .............................................................. 2, 3

*Howerton v. Gabica*,
    708 F.2d 380 (9th Cir. 1983) ................................................................................ 6

*Huling v. City of Los Banos*,
    869 F. Supp. 2d 1139 (E.D. Cal. 2012) ................................................................ 8

*Hunt v. Wash. State Apple Advert. Comm'n*,
    432 U.S. 333 (1977) ............................................................................................. 4

*Kajberouni v. Bear Valley Cmty. Servs. Dist.*,
    641 F. Supp. 3d 888 (2022) .................................................................................. 4

*Kildare v. Saenz*,
    325 F.3d 1078 (9th Cir.2003) ............................................................................... 8

*LaVelle v City of Las Vegas*,
    447 F. Supp.3d 1015 (D. Nev. 2020) ............................................................... 3, 7

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ............................................................................................. 1

Case No. 5:25-cv-2092-SSS-SP
DEFENDANT 4LEAF, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)

22359765.4

*Matthews v. Apple, Inc.*,
   769 F. Supp.3d 999 (2024) ................................................................................................ 4

*Miller v. Ford Motor Co.*,
   620 F. Supp. 3d 1045 (E.D. Cal. 2022) ...................................................... *passim*

*Monell v Dep't of Soc. Servs.*,
   436 U.S. 658 (1978) ............................................................................................. 6, 9

*Qureshi v. Countrywide Home Loans, Inc.*,
   No. C 09-4198, 2010 WL 841669 (N.D. Cal. Mar. 10, 2010) ..................... 1, 4, 6

*Sloman v. Tadlock*,
   21 F.3d 1462 (9th Cir. 1994) ..................................................................................... 8

*Swanson v. U.S. Forest Service*,
   87 F.3d 339 (9th Cir. 1996) ....................................................................................... 2

*Tatum v. Schwartz*,
   No. Civ. S-06-01440, 2007 WL 419463 (E.D. Cal. Feb. 5, 2007) .............. 1, 4, 6

*Tsao v. Desert Palace, Inc.*,
   698 F.3d 1128 (9th Cir. 2012) ................................................................... 6, 7, 9

**Statutes**

United States Code, Title 42,

   §1983 ........................................................................................................................ 6

**Other Authorities**

Federal Rules of Civil Procedure,

   Rule 12 ................................................................................................................. 4, 8

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Informed Coalition for Immigrant Justice's ("Plaintiff") Opposition to Defendant 4LEAF, Inc.'s ("4LEAF") Motion fails to address many of the arguments raised by the Motion, conceding those claims, and further fails to establish Article III standing, or that any of its allegations against 4LEAF are sufficient to state a claim. Moreover, Plaintiff explicitly agrees to dismiss its claims against the individual defendants and abandons its preemption claim.

For all of these reasons, and as set forth more fully below, the Court should grant 4LEAF's Motion to Dismiss in its entirety with prejudice.

## II. ARGUMENT

### A. Plaintiff Fails To Establish Organizational Standing

To have Article III standing, a plaintiff must allege a concrete, particularized injury that is fairly traceable to the defendant's conduct and redressable by a judicial remedy. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Plaintiff fails to meet this standard.

1. Plaintiff concedes it cannot meet the first element of Article III standing.

It is axiomatic that a party's failure to respond to an argument on the merits is grounds for waiver or concession of the argument, or for "abandonment" in regards to the uncontested issue. *Miller v. Ford Motor Co.,* 620 F. Supp. 3d 1045 (E.D. Cal. 2022) ["Where a party fails to address arguments against a claim raised in a motion…, the claims are abandoned and dismissal is appropriate."]; *see also Qureshi v. Countrywide Home Loans, Inc.,* No. C 09-4198, 2010 WL 841669, at *12 (N.D. Cal. Mar. 10, 2010) (failure to address arguments, in opposition brief, results in an "abandonment" of claims); *Tatum v. Schwartz,* No. Civ. S-06-01440, 2007 WL 419463, at *3 (E.D. Cal. Feb. 5, 2007) (granting motion to dismiss holding that plaintiff "tacitly concede[d]" her claim should be dismissed by failing to address

defendants' argument in her opposition).

Plaintiff fails to address 4LEAF's argument that Plaintiff's alleged injury based on its "frustration-of-mission" and "diversion-of-resources" theories do not establish Article III injury-in-fact per the Supreme Court's holding in *Food & Drug Admin. v. Alliance for Hippocratic Med.*, 602 U.S. 369, 393-396 (2024). *Id*. at 369–70, 394. *See* Def.'s Motion, Docket No. 45 ("Motion"), at 14:18-15:7. Not having addressed this argument, Plaintiff concedes it.[1]

Even if the Court does consider Plaintiff's improper incorporation of its Opposition to the City's Motion, Plaintiff's attempt to distinguish *Hippocratic Medicine*[2] and apply instead *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 102 S. Ct. 1114 (1982), is unpersuasive. Unlike in *Haven* where the organizational plaintiff alleged defendants' conduct impaired the organizational plaintiff's ability to provide services (*see Haven*, 455 U.S. at 379), here the FAC alleges no similar facts. Instead, Plaintiff alleges that, in response to the City's ordinances, it invested more resources in the City to educate vendors about the City's enforcement actions, to mobilize City residents to petition the City Council, and to conduct public advocacy. (*See* FAC, Docket No. 36 ("FAC"), at ¶¶ 15, 16, 19.) Thus, Plaintiff's alleged expenditure of resources in response to Defendants' alleged actions mirrors those that the Supreme Court in *Hippocratic Med.* held do not create standing. *Id*. at 394.

---

[1] Plaintiff acknowledges its decision not to address 4LEAF's argument in its Opposition, choosing instead to broadly and unspecifically refer to its Opposition to *the City of Fontana's* Motion to Dismiss. *See* Plf's Opposition, Docket No. 47 ("Oppo.") at 5:1-2, 8-11. But, Plaintiff cites no authority – and 4LEAF is aware of none – that permits Plaintiff to incorporate substantive material from other papers by reference. Doing so would improperly allow Plaintiff to circumvent this Court's page limitations, complicates judicial review, and should not be allowed. *See Swanson v. U.S. Forest Service*, 87 F.3d 339, 345 (9th Cir. 1996) (incorporation of substantive material by reference properly stricken).

[2] Defendant's counsel acknowledges that *Ariz. Alliance for Retired Ams. v. Mayes*, 117 F.4th 1165, 1177–78 (9th Cir. 2024) has been vacated and apologizes to the Court for this inadvertent oversight. However, the primary authority supporting Defendant's argument is *Hippocratic Medicine*, which is also relied upon by the court in *Coalition on Homelessness v. City & Cnty. of San Francisco*, 758 F.Supp.3d 1102, 1128–29 (N.D. Cal. 2024), also relied upon by Plaintiff.

As the Supreme Court recognized, "the Court's decision in *Havens Realty Corp. v. Coleman* does not stand for the expansive theory that standing exists when an organization diverts its resources in response to a defendant's actions. *Havens* was an unusual case, and this Court has been careful not to extend the *Havens* holding beyond its context." *Id*. at 370. Because the FAC alleges no impediment to any core organizational activity, Plaintiff fails to establish organizational standing.

2. Plaintiff does not establish a concrete injury caused by 4LEAF.

Plaintiff's sole response to 4LEAF's argument that Plaintiff fails to allege an injury *caused by 4LEAF*, as opposed to the City's ordinances, is to simply conclude that "… Plaintiff has sufficiently alleged that 4LEAF's actions directly impeded and burdened Plaintiff's core organizational activities" based on nothing other than a vague reference to the "above … details regarding 4LEAF's integral role in the City's enforcement campaign." *See* Oppo. at 5:21-6:2. Plaintiff does not specify any allegations, nor offer any basis whatsoever, for its unsupported conclusion.

Plaintiff wholly fails to explain how 4LEAF's alleged actions "impeded its core organizational activities," which, if any, of its expenditures were specifically caused by 4LEAF, or how any alleged resource diversion is traceable to 4LEAF's conduct rather than to the City's independent policy choices. (FAC at 9:17-11:2.) Indeed, any alleged injury caused by the enactment of any of the challenged ordinances is not fairly traceable to 4LEAF because it did not draft or adopt the ordinances. *LaVelle v City of Las Vegas*, 447 F. Supp.3d 1015, 1022 (D. Nev. 2020). Moreover, the FAC concedes that Plaintiff's alleged "invest[ment] [of] additional resources in the City" began *before* the City contracted with 4LEAF. *See* FAC at 6:7-16. It is clear that Plaintiff's alleged injuries were not caused by 4LEAF, and thus, the FAC fails to establish organizational standing.

**B.   Plaintiff fails to establish associational standing**

To establish associational standing, Plaintiff must show that (a) at least one identified member has standing to sue individually, (b) the interests it seeks to

protect are germane to the organization's purpose, and (c) neither the claim nor relief requires participation of individual members. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977). Plaintiff fails in its Opposition to demonstrate it has associational standing.

1. Plaintiff's members do not have standing to sue 4LEAF.

At least one of Plaintiff's members must have suffered a concrete injury-in-fact that is fairly traceable to the defendant, and it is likely to be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). Here, Plaintiff has not alleged an injury fairly traceable to 4LEAF, nor can Plaintiff meet the redressability requirement.

    a. No alleged injury caused by 4LEAF.

Plaintiff fails to address 4LEAF's argument that Plaintiff does not allege that its member, A.C., suffered an injury fairly traceable to 4LEAF's alleged actions. *See* Motion at 16:17-17:10. Plaintiff's silence on this point constitutes concession. *See Miller*, 620 F.Supp.3d at 1066; *see also Qureshi*, No. C 09-4198, 2010 WL 841669, at *12; *Tatum*, No. Civ. S-06-01440, 2007 WL 419463, at *3.

With regard to Plaintiff's other member, A.M., the FAC alleges A.M. was injured in 2022 – before 4LEAF entered into its contract with the City in November 2023 – thus, 4LEAF could not have caused A.M.'s alleged injury. The FAC also alleges that "near Christmas 2023, City agents" confiscated A.M.'s vending cart equipment, not 4LEAF. (FAC at p. 12, fn. 5.) But in its Opposition, Plaintiff now claims that "the 'City agents' … were, in fact, '4Leaf agents.'" (Oppo. at p. 6:10–14.) This eleventh-hour attempt to introduce new factual allegations to avoid dismissal is impermissible. *Matthews v. Apple, Inc.*, 769 F. Supp.3d 999, 1015 (2024) ("It is axiomatic that a complaint may not be amended by briefs in opposition to a motion to dismiss."); *Kajberouni v. Bear Valley Cmty. Servs. Dist.*, 641 F. Supp. 3d 888 (2022) (court "may not consider new allegations made in opposition by plaintiff to evaluate sufficiency of his claim" under Rule 12(b)(6).

b. Lack of redressability.

Even assuming arguendo that Plaintiff could somehow establish a connection between 4LEAF and the confiscation of A.M.'s vending cart, Plaintiff cannot show that A.M.'s alleged injury will be redressed by a favorable decision against 4LEAF. *Friends of the Earth, Inc.*, 528 U.S. at 180–81. 4LEAF has no authority to enact, amend, or repeal the City's ordinances, nor does it participate in the City's legislative or policymaking process. (FAC, Ex. 2, Ex. A.) The injuries Plaintiff attributes to A.M. flow entirely from the City's ordinance itself—a legal framework that 4LEAF has no power to alter. A decision enjoining 4LEAF from performing its contract with the City would not impact the City's ability to enforce its ordinances through its own personnel or another contractor. Thus, a favorable decision against 4LEAF would not alleviate the alleged harms Plaintiff attributes to the ordinances. As such, Plaintiff cannot meet the redressability prong to establish associational standing as a matter of law.

2. The interest that Plaintiff seeks to protect is not germane to the organization's purpose.

The Complaint asserts that Plaintiff was founded in 2008 "to improve the lives of those residing in San Bernardino and Riverside counties." (FAC at p.4: 21-27.) Yet the FAC does not allege that either A.C. or A.M. reside in those counties. (FAC at p.12: 20-28.) Thus, Plaintiff cannot show that protecting these two individuals' ability to vend in Fontana is germane to its stated purpose.

The problem goes deeper. Plaintiff claims its mission includes providing vendors with small business training, peer-to-peer technical assistance, and grant opportunities. (FAC at p.5: 15-27.) None of these activities remotely suggest that restoring the ability of unpermitted vendors to engage in unlawful street vending falls within its organizational interests. Indeed, the organization's stated purpose points in the opposite direction: helping vendors comply with legal frameworks, obtain resources, and operate legitimately—not defending unpermitted activity.

### C. Plaintiff fails to state a constitutional claim against 4LEAF

To establish §1983 liability, a plaintiff must show both a constitutional deprivation, and that the deprivation was committed by a person acting under color of state law. *Tsao*, 698 F.3d at 1138. However, §1983 liability can only result where the alleged constitutional violation was caused by an official policy or custom of the defendant under *Monell v Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). *Tsao*, 698 F.3d at 1139. Plaintiff fails to sufficiently plead §1983 liability against 4LEAF.

1. Plaintiff's contention that 4LEAF is a state actor based on the joint action test fails.

Of the four state-action tests, the Opposition addresses only the "joint action" test argued in 4LEAF's Motion. Oppo. at 9:3-7. By failing to respond, Plaintiff concedes the other tests do not apply. *See Miller*, 620 F.Supp.3d at 1066; *see also Qureshi*, No. C 09-4198, 2010 WL 841669, at *12; *Tatum*, No. Civ. S-06-01440, 2007 WL 419463, at *3. The Court therefore need only consider joint action.

Plaintiff's reliance on *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128 (9th Cir. 2012) and *Howerton v. Gabica,* 708 F.2d 380 (9th Cir. 1983) to demonstrate joint action is misplaced. In *Tsao*, the casino's security personnel were formally trained by local law enforcement and were delegated authority to issue misdemeanor trespass citations. *Id*. at 1132-34. The casino security officer invoked his authority to detain plaintiff for trespassing and, when local law enforcement arrived on scene, the officers acted in concert to detain, question, arrest, and eventually jointly signed the summons for misdemeanor trespassing. *Tsao*, 698 F.3d at 1142. Thus, the Ninth Circuit's finding of joint action turned upon this cooperative activity between the casino's security guard and the police department.

In *Howerton v. Gabica,* 708 F.2d 380, 384 (9th Cir. 1983), the Ninth Circuit found joint action only because police were involved at every stage of an unlawful eviction, personally served notices in uniform, repeatedly returned to pressure the tenants to leave, were present during utility shutoffs, and effectively endorsed and

facilitated the landlords' misconduct. The continuous and visible involvement of law enforcement made the eviction appear officially sanctioned.

Nothing similar is alleged here. The FAC expressly states that 4LEAF acted without police presence, direction, or accompaniment. The Opposition's assertion that 4LEAF engaged in "continuous coordination" with City police directly contradicts the FAC, which describes 4LEAF as acting independently, with minimal City oversight, and does not wear badges or identify themselves as law enforcement. (FAC at p. 13:5-7; 23:5-9; 24:11-15.) Unlike in *Tsao*, 4LEAF does not determine who is permitted or unpermitted; the City alone makes those determinations and supplies that information to 4LEAF. (FAC at 22:25-23:1-5.) These allegations, even taken as true, are insufficient to satisfy the "joint action" test.

### 2. Plaintiff fails to state a Constitutional Claim.

Plaintiff states in its Opposition that its First Amendment claim is only a facial challenge, while its Fourth, Fifth, and Fourteenth Amendment claims are only as-applied challenges. (Opp. 7:10–13.) Plaintiff's constitutional claims fails against 4LEAF under any theory.

#### a. Plaintiff's facial First Amendment challenge against 4LEAF fails as a matter of law.

A facial challenge may proceed only against defendants with authority to enact, amend, or repeal the challenged law. *LaVelle v. City of Las Vegas*, 447 F. Supp. 3d 1015, 1022 (D. Nev. 2020). The Opposition does not dispute that 4LEAF has no legislative or policymaking authority, and cannot enact, modify, or repeal City ordinances. Thus, Plaintiff concedes these dispositive points. (*Miller*, 620 F.Supp. 3d at 1067.) Dismissal is required on this basis alone.

Plaintiff argues that "4LEAF next claims that its personnel have 'never infringed upon any sidewalk vendor speech or expressive activity,' … but "offers no evidence to support this assertion." Opp. at 7:27-8:1. This misstates 4LEAF's Motion, which argued that "[t]he FAC contains no allegations" of such

infringement, which, of course, is the standard on a FRCP 12(b)(6) motion. The burden is on *Plaintiff*, not 4Leaf, to allege a plausible First Amendment violation. *Huling v. City of Los Banos*, 869 F. Supp. 2d 1139, 1145 (E.D. Cal. 2012); *Sloman v. Tadlock,* 21 F.3d 1462 (9th Cir. 1994). Plaintiff has failed to do so, and wholly ignores this fatal deficiency.

Plaintiff next speculatively posits that "it is impossible at this stage to conclude that no speech-related infringements occurred" based on vague and unsupported references to 4LEAF's alleged "interactions with vendors," "absence of City oversight," and "authority to invoke the City's EOC provision." Oppo. at 8:1-5. Plaintiff's pure speculation and conjecture is insufficient to state a valid claim. Moreover, this speculative argument appears to assert an as-applied First Amendment challenge against 4LEAF – a challenge Plaintiff expressly states it is *not* making. The Court should disregard Plaintiff's argument on this ground alone, but also on the separate ground that it is based on pure speculation.

        b.    Plaintiff fails to sufficiently state an as-applied Fourth, Fifth, or Fourteenth Amendment claim against 4LEAF.

To state a claim for violation of procedural due process, plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir.2003). Plaintiff fails to persuasively oppose 4LEAF's arguments that it fails to allege the requisite property interest.

Plaintiff's attempt to dismiss *Guatay Christian Flwship v. Cnty of San Diego*, 670 F.3d 957, 983 (9th Cir. 2011), by claiming it applies only to land-use disputes, is incorrect. *Guatay* articulates a broader constitutional principle: a procedural due-process claim cannot stand unless the Plaintiff possesses a legitimate, legally recognized property interest. *Id*. at 984. No constitutionally protected interest exists where the underlying use is not permitted. *Id*. at 985 ("Protected property interests are not created by the Constitution, but by 'existing rules or understandings that

22359765.4

8   Case No. 5:25-cv-2092-SSS-SP
DEFENDANT 4LEAF, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)

stem from an independent source such as state law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'"). This independently defeats Plaintiffs' procedural due-process theory.

In the absence of such property interest, the court need not engage in the constitutional analysis of whether such a property interest warrants the protection of the Due Process Clause. *Guatay*, 670 F.3d at 986. However, in an abundance of caution, 4LEAF argued in its Motion that the FAC does not sufficiently allege that it did not provide adequate process related to the seizing of unpermitted vending equipment. Def.'s Motion at 21:1-17. The Opposition does not address any of these arguments, thus, the failure to respond constitutes concession. *Miller*, 620 F.Supp. 3d at 1067.

3.  Plaintiff has not alleged sufficient facts to support *Monell* liability.

Plaintiff effectively concedes that it has not sufficiently plead facts to support *Monell* liability, as it argues that it "is well positioned to satisfy each of the *Monell* requirements as discovery proceeds" and claims that 4LEAF "knew or should have known" that the alleged confiscation of goods "is unlawful under state law," yet cites no allegations in the FAC to support these conclusions. Oppo. at 11:24-12:10.

The FAC does not allege the existence of any internal 4LEAF policy or custom to support the *Monell* claim, nor does it allege facts to support Plaintiff's conclusory argument that 4LEAF was on actual or constructive notice that its alleged conduct would likely result in a constitutional violation. *Tsao*, 698 F.3d at 1145-1146. To the contrary, the FAC alleges that 4LEAF performs limited enforcement services for the City pursuant to lawfully enacted City ordinances, and provides warning notices to unpermitted vendors before confiscating property after several notices. *See* FAC at ¶¶ 38, 40, fn.2. Because Plaintiff has not alleged any 4LEAF policy, custom, or omission that caused a constitutional violation, its *Monell* theory fails as a matter of law.

///

### D. The Court Should Dismiss With Prejudice the Claims Plaintiff Failed to Defend

The Opposition explicitly agrees to dismiss its claims against the individual defendants due to redundancy. (Opposition at p.5:27-28). And Plaintiff fails to address its Preemption claim against 4LEAF at all, consistent with its agreement in writing to withdraw that claim. As such, the Court should dismiss the individual 4LEAF Defendants, as well as the Preemption claim, with prejudice.

## III. CONCLUSION

For the foregoing reasons, the Court should grant the 4LEAF Defendants' Motion to Dismiss in its entirety without leave to amend.

DATED: December 5, 2025             HANSON BRIDGETT LLP

By: */s/ Alexandra V. Atencio*
ALEXANDRA V. ATENCIO
Attorneys for Defendants
4LEAF, INC., CRAIG TOLE and PETE ROQUE.