# EXHIBIT A

## ORDINANCE NO. 1789

**AN ORDINANCE OF THE CITY COUNCIL OF THE CITY OF FONTANA, CALIFORNIA REPEALING SECTION 15-51 OF ARTICLE II AND ARTICLE XIV OF CHAPTER 15, AMENDING SECTION 15-741 OF ARTICLE XV AND SECTION 15-816 OF ARTICLE XVI OF CHAPTER 15 AND AMENDING AND RESTATING ARTICLE XVII OF CHAPTER 15 OF THE FONTANA MUNICIPAL CODE RELATING TO SIDEWALK VENDING.**

**WHEREAS**, the City of Fontana, California (the "City") is a municipal corporation, duly organized under the constitution and laws of the State of California; and

**WHEREAS**, Article XI, section 7 of the California Constitution grants the City broad discretionary power to "make and enforce within its limits all local police, sanitary, and other ordinances and regulations not in conflict with general laws"; and

**WHEREAS**, pursuant to the police powers delegated to it by the California Constitution, the City has the authority to enact laws which promote the public health, safety, and general welfare of its citizens, including sidewalk vending; and

**WHEREAS**, in 2018, the California Legislature passed SB 946, which states that it prohibits cities from regulating sidewalk vendors, except in accordance with the provisions of SB 946; and

**WHEREAS**, SB 946 states that it authorizes the implementation of regulations that are directly related to objective health, safety, or welfare concerns, and that do not restrict sidewalk vendors to operate only in a designated neighborhood or area, except as specified; and

**WHEREAS**, the permit requirements proposed by this Ordinance are consistent with SB 946, as they are reasonable, related to objective health, safety, and welfare concerns, and are based upon compliance with other generally applicable laws including the Americans with Disabilities Act and the City's general encroachment permit requirements for work and/or activities in the public right of way; and

**WHEREAS**, the standards imposed on stationary sidewalk vendors requiring a minimum path of accessible travel are necessary to comply with the Americans with Disabilities Act and maintain minimum safe access along public sidewalks; and

**WHEREAS**, standards for maintaining access to building entrances, and not blocking driveways, fire hydrants, parking areas and building storefront windows are necessary to guard the health and safety of patrons, drivers, vendors and existing business owners and promote fire suppression and law enforcement practices that allow the City's safety personnel to observe activities within buildings and maintain access; and

EXHIBIT A

5

Ordinance No. 1789

**WHEREAS**, the City Council finds and determines that the installation, repair, maintenance, and removal of encroachments in the public way must be regulated in order to protect the public health, safety, and welfare and to provide for the orderly administration and maintenance of the public access ways for the benefit of the community, while at the same time allowing reasonable accommodation and cooperative flexibility for providing necessary utility and other convenience services to the community; and

**WHEREAS**, the City Council finds that public and private persons who maintain and/or install encroachments in the public way bear a responsibility to help preserve the public way and to contribute to the administrative and liability costs incurred by the community and caused by such encroachments; and

**WHEREAS**, the City Council finds that, unless properly regulated, sidewalk vending poses a unique risk to the health, safety, and welfare of the public , including, but not limited to, impacts to traffic, pedestrian safety, mobility, unsanitary conditions involving food preparation, risks to children, and consumer protection; and

**WHEREAS**, the inherent nature of sidewalk vending and the ability of such vendors to be located on private property and public streets and move quickly from place to place in the community, including near parks, schools, and other places frequented by children, warrants imposing certain regulatory measures, including requiring background checks, to protect the health, safety, and welfare of the community; and

**WHEREAS**, the City Council finds that the Pacific Electric Trail, a 20 mile, regional, multi-purpose trail, is a unique natural resource and recreational opportunity for residents of Fontana and the surrounding region that should be preserved for the public's use and enjoyment and protected against undue concentration of commercial activity that would unreasonably interfere with the scenic and natural character of the trail; and

**WHEREAS**, SB 946 continues to authorize cities to prohibit sidewalk vendors in areas located within the immediate vicinity of a permitted certified farmers' market and a permitted swap meet, as specified, and to restrict or prohibit sidewalk vendors within the immediate vicinity of an area designated for a temporary special permit issued by a city; and

**WHEREAS**, fraud or misrepresentation in the course of vending constitutes an objective harm to the health, safety, and welfare of the City's residents; and

**WHEREAS**, fraud or misrepresentation in the application for the permit constitutes an objective harm to health, safety, and welfare of the City's residents; and

**WHEREAS**, vending in a manner that creates a public nuisance or constitutes a danger to the public constitutes an objective harm to the health, safety, and welfare of the City's residents.

EXHIBIT A

6

DocuSign Envelope ID: 9A4B9EF1-8FAB-474F-84D5-9799E67F8EF98

Ordinance No. 1789

**WHEREAS**, all other legal prerequisites to the adoption of this Ordinance have occurred.

**THE CITY COUNCIL OF THE CITY OF FONTANA, CALIFORNIA DOES ORDAIN AS FOLLOWS:**

**Section 1.**   CEQA.  The City Council determines that this code amendment is not subject to environmental review under the California Environmental Quality Act ("CEQA") pursuant to State CEQA Guidelines (Cal. Code Regs., § 15000 et seq.) sections 15060(c)(3) and 15061(b)(3).  Pursuant to State CEQA Guidelines section 15060(c)(3) and Section 3.01(f) of the City of Fontana 2018 Local Guidelines for Implementing the California Environmental Quality Act, the proposed regulations do not constitute a project under CEQA and have no potential to result in a direct or reasonably foreseeable indirect physical change in the environment.   City staff is hereby directed to file with the County Clerk a notice of exemption within five (5) working days of the adoption of this Ordinance.

**Section 2.**   Section 15-51 of Article II of Chapter 15 (Certain businesses prohibited), and the entirety of Article XIV of Chapter 15 of the Fontana Municipal Code (Peddlers), are hereby repealed and marked "Reserved."

**Section 3.**   Section 15-741 of Article XV of Chapter 15 of the Fontana Municipal Code is hereby amended to read as follows:

"**Sec. 15-741. - Definitions.**

For the purposes of this article, the term "canvasser" or "solicitor" is defined as any individual, whether a resident of the city or not, traveling either by foot, wagon, automobile, motor truck, or any other type of conveyance, from place to place, from house to house, or from street to street, taking or attempting to take orders for sale of goods, wares and merchandise, personal property of any nature whatsoever for future delivery, whether or not such individual has, carries, or exposes for sale a sample of the subject of such sale, or whether he is collecting advance payments on such sales or not, provided that such definition shall include any person who, for himself or for another person, hires, leases, uses, or occupies any building, structure, tent, railroad boxcar, boat, hotel room, lodginghouse, apartment, shop, or any other place within the city for the sole purpose of exhibiting samples and taking orders for future delivery.  Such definition shall not include solicitors or canvassers taking orders or displaying merchandise exclusively from a public sidewalk or public pedestrian path in compliance with Article XVII of this chapter."

**Section 4.**   Section 15-816 of Article XVI of Chapter 15 of the Fontana Municipal Code is hereby amended to read as follows:

EXHIBIT A
7

Ordinance No. 1789

**"Sec. 15-816. - Definition.**

For the purposes of this article, the term "transient merchant," "itinerant merchant" or "itinerant vendor" is defined as any person, whether as owner, agent, consignee or employee, whether a resident of the city or not, who engages in a temporary business of selling and delivering goods, wares and merchandise within the city, and who, in furtherance of such purpose, hires, leases, uses or occupies any building, structure, motor vehicle, tent, railroad boxcar, or boat, public room in hotels, lodginghouses, apartments, shops, or any street, alley, or other place within the city, for the exhibition and sale of such goods, wares, and merchandise, provided that such definition shall not be construed to include any person who, while occupying such temporary location, does not sell from stock, but exhibits samples only for the purpose of securing orders for future delivery only. The person so engaged shall not be relieved from complying with the provisions of this article merely by reason of associating temporarily with any local dealer, trader, merchant or auctioneer, or by conducting such transient business in connection with, as a part of, or in the name of any local dealer, trader, or merchant. Such definition shall not include "transient merchants," "itinerant merchants" or "itinerant vendors" engaging in a temporary business of selling and delivering goods, wares and merchandise exclusively from a public sidewalk or public pedestrian path in compliance with Article XVII of this chapter."

**Section 5.**    Article XVII of the Fontana Municipal Code is hereby amended and restated to read as follows:

**"ARTICLE XVII. – SIDEWALK VENDING**

**Sec. 15-818. - Purpose.**

The City finds that the vending of prepared or pre-packaged foods, goods, and/or wares at semi-permanent locations on public sidewalks and rights-of-way may pose unsafe conditions and special dangers to the public health, safety, and welfare of residents and visitors.  The purpose of this Chapter is to implement regulations on both roaming and stationary sidewalk vending that protect the public health, safety, and welfare of the community while complying with the requirements of general state law, as amended from time to time, to promote safe vending practices, prevent safety, traffic, and health hazards, and preserve the public peace, safety, and welfare of the community.

**Sec.  15-819 - Definitions.**

For purposes of this article the following definitions apply:

Page 4 of 15

EXHIBIT A

8

Ordinance No. 1789

     A.     "Certified Famers' Market" means a location operated in accordance with Chapter 10.5 (commencing with Section 47000) of Division 17 of the Food and Agricultural Code and any regulations adopted pursuant to that chapter.

     B.     "City" means the City of Fontana.

     C.     "Director" means the Management Services Director or his or her designee.

     D.     "Fixed location" means any location at which a sidewalk vendor is located for more time than is necessary to complete a transaction.

     E.     "Immediate vicinity" means the area within one hundred (100) feet from the outside border of a lot or lots on which the subject activity is occurring, or with respect to activities occurring within the public right of way, the area within one hundred (100) feet from the outer border of the subject right of way.

     F.     "Other pedestrian path" means a paved path owned by the City and held open for pedestrian travel that provides public access between two points and contains a minimum of fourteen (14) feet of width that is other than a sidewalk.

     G.     "Park" means a public park owned or operated by the City.

     H.     "Roaming sidewalk vendor" means a sidewalk vendor who moves from place to place and stops only to complete a transaction.

     I.     "Sidewalk" means that portion of a highway, other than the roadway, set apart by curbs, barriers, markings or other delineation, specifically designed for pedestrian travel that is owned in fee or held as an easement by the City or other public entity.

     J.     "Sidewalk vendor" means a person who sells, offers to sell, operates, engages in or carries on a food or merchandise vending business from a pushcart, stand, display, pedal-driven cart, wagon, showcase, rack, or other nonmotorized conveyance, or from one's person, upon a public sidewalk or other public pedestrian path.

     K.     "Stationary sidewalk vendor" means a sidewalk vendor who vends from a fixed location.

     L.     "Swap Meet" means a location operated in accordance with Article 6 (commencing with Section 21660) of Chapter 9 of Division 8 of the Business and Professions Code, and any regulations adopted pursuant to that article.

     L.     "Temporary Special Permit" means a permit issued by the City for the temporary use of, or encroachment on, the sidewalk or other public area, including, but not limited to, an encroachment permit, special event permit, or temporary event permit, for purposes including, but not limited to, filming, parades, or outdoor concerts. Without limiting the nature of the foregoing, the following permits shall be deemed to be Temporary Special Permits, when issued for such any of the foregoing locations: food truck event permit (FCC 15-928) and temporary use permit (FCC 30-89).

### Sec. 15-820. - Permits Required.

EXHIBIT A

9

Ordinance No. 1789

A.    All sidewalk vendors shall obtain a sidewalk vending permit from the City's Business License Department prior to engaging in any sidewalk vending activities. All of the following information shall be required:

1.    Name, current mailing address, and phone number of the vendor, any person(s) who will be in charge of any sidewalk vending and/or be responsible for the person(s) working at the sidewalk vending location, and any person(s) that will be employed as roaming sidewalk vendors.

2.    A description of the merchandise/goods to be offered for sale or exchange.

3.    The days and hours of operation.

4.    A certification by the vendor that to his or her knowledge and belief, the information contained on the form is true.

5.    A copy of the California seller's permit with the sales tax number issued by the California Department of Tax and Fee Administration to the vendor, which notes that the City is a location or sub-location, which permit shall be maintained for the duration of the vendor's permit.

6.    If the vendor is an agent of an individual, company, partnership, or corporation, the name and business address of the principal.

7.    Any one (1) of the following: the vendor's social security card with the number, the vendor's California Driver's license number, California Identification Number, or the vendor's taxpayer identification number. Any such identification number(s) collected shall not be available to the public for inspection and shall remain confidential and not be disclosed except as required to administer the permit program or comply with a state law or state or federal court order.

8.    If preparing or selling food, a copy of the County Health Department health permit issued to the vendor and, if applicable, to the transport vehicle.

9.    For stationary sidewalk vendors, a site plan map of the proposed location(s) where vending will take place, showing that the sidewalk location maintains a minimum of thirty-six inches (36") of accessible route area, in compliance with the Americans with Disabilities Act, which site plan shall be approved by the Planning Division in consultation with the Engineering Department.

10.    For stationary sidewalk vendors, a public liability policy, including products liability insurance, issued by an  insurance company approved by the City with limits of $1,000,000.00 each person, $2,000,000.00 each occurrence for personal and $1,000,000.00 each occurrence for property damage, or equivalent cash, certified check or cashier's check, in favor of the City, to insure the City against any and all liability of every nature whatsoever connected directly or indirectly with the applicant's activities. All insurance companies affording coverage shall be required to add the City as an additional insured under their insurance policy. A copy of the policy endorsement shall be provided to the City. A

EXHIBIT A

10

Ordinance No. 1789

certificate of insurance, providing evidence of coverage in compliance with this Chapter shall be supplied to the City prior to issuance of the permit.

11.    If the sidewalk vendor will be selling food, a statement as to whether the food will be prepared on site, whether such food will require a heating element inside or on the sidewalk vending receptacle for food preparation, and the type of heating element.

12.    An acknowledgment that the sidewalk vendor will comply with all other generally applicable local, state and federal laws.

13.    A certification that, to the applicant's knowledge and belief, the information contained in the application is true.

14.    An agreement by the vendor to defend, indemnify, release, and hold harmless the City, its City Council, boards, commissions, officers and employees from and against any and all claims, demands, obligations, damages, actions, causes of action, suits, losses, judgments, fines, penalties, liabilities, costs and expenses (including without limitation, attorneys' fees, disbursements and court costs) of every kind and nature whatsoever that may arise from or in any manner relate (directly or indirectly) to the permit or the vendor's sidewalk vending activities. This indemnification shall include, but not be limited to, damages awarded against the City, any costs of suit, attorneys' fees, and other expenses incurred in connection with such claim, action or proceeding whether incurred by the permittee, City and/or the parties initiating or bringing such proceeding.

15.    An acknowledgment by the vendor that the use of public property is at the vendor's own risk, that the City does not undertake any steps to ensure public property is safe or conducive to sidewalk vending activities, and the sidewalk vendor uses public property at his/her own risk.

16.    An acknowledgement by the vendor that the vendor will obtain and maintain throughout the duration of any permit issued under this Chapter any insurance required by this Chapter.

17.    Proof of payment of the applicable business license tax.

18.    Any other relevant information required by the Director.

B.    Prior to the issuance of a sidewalk vendor permit, the applicant shall cause to be filed with the Director a LiveScan background check conducted by the California Department of Justice within the previous six (6) months of the application date. The Director shall furnish each applicant with a LiveScan request form for use at any LiveScan vendor location.

C.    At the time the application or renewal application is filed, the applicant shall pay a nonrefundable permit processing fee, which fee may be established and amended from time to time by resolution or motion of the City Council.

**Sec. 15-821. - Review of Permit Application; Decision.**

EXHIBIT A

11

Ordinance No. 1789

A.     Upon receipt of a properly completed and filed sidewalk vendor permit application, receipt of an acceptable LiveScan report issued by the Department of Justice, and payment of the applicable permit processing fee, the Director shall conduct a preliminary investigation to determine compliance with this Chapter and shall make such determination within no more than thirty (30) days following such receipt to approve or deny the application. The Director shall provide the applicant with written notice of his or her decision to the address indicated in the application.

B.     The Director may deny an application for a permit if he or she makes any of the following findings:

1.     The applicant has failed to pay the application permit fee.

2.     The applicant has made one or more material misstatements in the application for a permit.

3.     The applicant does not have a valid social security card, valid California Driver's license, California Identification number, or valid individual taxpayer identification number, or municipal identification number.

4.     The applicant's vending operation, as described in the application, is inconsistent with the standards, conditions, and requirements of this Chapter.

5.     The applicant is required to register under the provisions of California Penal Code section 290.

6.     Within three (3) years of the date of the application, the applicant has been convicted in a court of competent jurisdiction or pled nolo contendere to any felony offense involving the sale of a controlled substance specified in California Health and Safety Code sections 11054, 11055, 11056, 11057 or 11058, or at the time of application is on probation or parole for any offenses set forth in this section for an offense that was committed within three (3) years of the date of the application.

7.     It is determined that the applicant does not possess all federal, state, and local permits and licenses necessary to engage in the activity in which he or she seeks to engage.

C.     If the application is denied, the reasons for disapproval shall be noted on the application, and the applicant shall be notified that his or her application is denied and that no permit will be issued. Notice shall be mailed to the applicant at the address shown on the application form.

D.     If the Director approves the applicant's permit, he or she shall endorse his or her approval on the application and shall, upon payment of the prescribed fee, deliver the permit to the applicant.

E.     Exemptions.  A sidewalk vending permit shall not be required for the following activities:

1.     The sale of agriculture products on the site where the product is grown.

2.     Catering for private parties held exclusively on private property and not open to the general public.

EXHIBIT A

12

Ordinance No. 1789

3. Events permitted pursuant to a lawfully issued temporary event permit including but not limited to a Certified Farmers' Market, Swap Meet, street fairs, outdoor concerts, sport league opening day, and business sidewalk sales.

F. Term of permit. A sidewalk vending permit issued pursuant to this Chapter shall automatically expire one (1) year from the date issued, unless an earlier expiration date is noted on the permit. Renewal applications must be submitted thirty (30) days prior to expiration of the permit.

G. Transferability. A sidewalk vending permit shall not be transferable to any other entity or person and is valid only as to the original applicant for the term stated.

### Sec. 15-822. - Stationary Sidewalk Vending Locations and Standards.

A. Stationary sidewalk vendors shall be prohibited from operating or establishing in any residential zone of the City, including, the Residential estates (R-E), Single-family residential (R-1), Medium-density residential (R-2), Multiple-family residential (R-3), Multiple-family medium/high density residential (R-4), Multiple-family high density residential (R-5), Residential planned community (R-PC), and any zone within any specific plan that permits residential uses.

B. Stationary sidewalk vendors may operate in non-residential zones of the City, including mixed use zones, provided they meet all of the following:

1. The sidewalk vendor is duly licensed and meets all requirements of Section 15-820; and

2. The sidewalk vendor can set up their vending operation while still leaving a minimum of thirty-six inches (36") of accessible path of travel, without obstruction, along the public sidewalk or public pathway; and

3. Sidewalk vending hours shall be conducted only between the hours of 8:00AM and 9:00PM of every day; and

4. The sidewalk vendor maintains the vending area in a clean, orderly, and sanitary condition; and

5. The sidewalk vendor location does not block any entrance to any building, driveway, parking space or building window; and

6. No vending shall occur within ten (10) feet of a fire hydrant, fire escape, bus stop, loading zone, handicapped parking space or access ramp, fire station driveway, or police station driveway; and

7. The sidewalk vendor shall not solicit in violation of section 15-819 of this Code; and

8. No tables, chairs, fences, shade structures, balloons, flags, banners, on-site furniture, or any freestanding signs shall be permitted in conjunction with the vendor's vending activities; and

EXHIBIT A

13

Ordinance No. 1789

9.      The vendor shall not attach or use any water line, electrical line, or gas line during vending operations; and

10.     Exterior storage or display of refuse, equipment, materials, goods, wares, or merchandise associated with the vendor is prohibited; and

11.     No vending shall occur within the immediate vicinity of an event held pursuant to a Temporary Special Permit for the duration of the special event, and within one-half hour before and one-half hour after the time such event is taking place; and

12.     No sound amplification equipment, music or live entertainment may be used in conjunction with any sidewalk vendor sales.

### Sec. 15-823. - Sidewalk Vending—Parks and Certified Farmer's Markets.

A.      Sidewalk vending of food or merchandise by roaming or stationary vendors shall be prohibited in any City Park when the City or operator of the Park has signed an agreement for concessions that exclusively permits the sale of food or merchandise by the concessionaire or within the immediate vicinity of a permitted Certified Farmer's Market or a permitted swap meet during the operating hours of that Certified Farmer's Market or swap meet.

B.      Subject to the standards contained in Section 15-822(B), sidewalk vendors may operate in City Parks provided they meet the following:

1.      The sidewalk vendor is duly licensed and meets all requirements of Sec. 15-820; and

2.      For stationary sidewalk vending, the sidewalk vendor can set up their vending operation while still leaving a minimum of thirty-six inches (36") of accessible path of travel, without obstruction, along the public sidewalk or public pathway; and

3.      The sidewalk vendor shall cease operations one (1) hour prior to the close of the park.  City Parks are closed between the hours of 10:00 pm and 7:00 am; and

4.      The sidewalk vendor maintains the vending area in a clean, orderly, and sanitary condition; and

5.      The sidewalk vendor location does not block entrances to buildings, driveways, parking spaces, or building windows; and

6.      No vending shall occur within the immediate vicinity of an event held pursuant to a Temporary Event Permit.

7.      Only roaming sidewalk vendors shall be allowed in City Parks with no concession stand operated by a vendor under exclusive contract with the City.

8.      No sound amplification equipment, music or live entertainment may be used in conjunction with any sidewalk vendor sales in or near City Parks and Certified Farmers Markets.

EXHIBIT A

14

Ordinance No. 1789

      9.     No tables, chairs, fences, shade structures, balloons, flags, banners, on-site furniture, or any freestanding signs shall be permitted in conjunction with the vendor's vending activities

      10.    No sidewalk vending shall be allowed in, on or along the Pacific Electric Trail.

### Sec. 15-824. - Roaming Sidewalk Vending.

      A.     Roaming sidewalk vendors shall meet all of the following requirements:

      1.     The sidewalk vendor is duly licensed and meets all requirements of Sec. 15-820; and

      2.     Sidewalk vending hours for residential zones shall be conducted between the hours of 9:00AM and 8:00PM; and

      3.     In nonresidential zones, sidewalk vending shall be conducted at any time during which any other business or use on the same street may lawfully operate. For purposes of the foregoing, "the same street" shall mean that portion of the street on which the sidewalk vending is occurring, and extending in both directions to the nearest intersections in each direction; and

      4.     The sidewalk vendor maintains the temporary vending area in a clean, orderly, and sanitary condition; and

      5.     The sidewalk vendor does not block any entrance to any building, driveway, parking space, or building window; and

      6.     The sidewalk vendor does not conduct sales from a public street, including the median portion of any street; and

      7.     The sidewalk vendor does not solicit in violation of section 15-819 of this Code; and

      8.     No vending shall occur within the immediate vicinity of a Certified Farmers' Market, a Swap Meet, or an event held pursuant to a Temporary Event Permit; and

      9.     No sound amplification equipment, music or live entertainment may be used in conjunction with any sidewalk vendor activity;

      10.    No tables, chairs, fences, shade structures, balloons, flags, banners, on-site furniture, or any freestanding signs shall be permitted in conjunction with the vendor's vending activities

      11.    The sidewalk vendor must not violate any County Health requirements (i.e., may not sell food prepared onsite, food requiring refrigeration, or unpackaged and/or opened food; all food and drinks must come from an approved source or from a facility permitted with the County Environmental Health Services).

### Sec. 15-825. - Suspension; Rescission.

      A.     A sidewalk vendor permit issued under this Chapter may be temporarily suspended or permanently rescinded, at the Director's

EXHIBIT A

15

Ordinance No. 1789

discretion, by the Director after two (2) or more violations of this Chapter at the Director's discretion, for any of the following causes:

      1.     Fraud or misrepresentation in the course of vending;

      2.     Fraud or misrepresentation in the application for the permit;

      3.     Vending in violation of any one or more of the provisions of this Chapter;

      4.     Vending in a manner that creates a public nuisance or constitutes a danger to the public; or

      5.     Failure to pay the applicable business license tax.

      B.     Notice of the suspension or rescission of a sidewalk vendor permit issued under this Chapter shall be mailed, postage prepaid, to the holder of the sidewalk vendor permit at his or her last known address.

      C.     No person whose sidewalk vending permit has been rescinded pursuant to this Chapter shall be issued a sidewalk vending permit for a period of two (2) years following the date revocation becomes final.

### Sec. 15-826. - Appeals to City Manager.

In the event that any applicant or permittee desires to appeal from any decision, suspension, rescission, or other action of the Director made under the provisions of this Chapter, such applicant or any other person aggrieved shall have the right to appeal such action or decision to the City Manager within fifteen (15) days after the notice of the action or decision has been mailed to the person's address as shown on the permit application. An appeal shall be taken by filing with the City Clerk a written appeal statement setting forth the grounds for the appeal, along with the City's appeal fee, which shall be established by City Council resolution. The filing of the appeal shall stay the enforcement of any decision suspending or rescinding the permit. The City Clerk shall transmit the written statement to the City Manager within ten (10) days following its filing and payment of the appeal fee, and the City Manager shall set a time and place for a hearing on appeal. A hearing shall be set not later than sixty (60) days from the date of filing of the applicant's written appeal statement with the police department. Notice of the time and place of the hearing shall be given to the appellant in the same manner as provided for the mailing of notice of suspension or rescission at least five (5) days prior to the date set for the hearing. At the hearing, the permittee and the City shall be entitled to legal representation and may present relevant evidence, testify under oath, and call witnesses who shall testify under oath. The City Manager shall not be bound by the traditional rules of evidence in a hearing, except that hearsay evidence may not be the sole basis for the decision of the City Manager. The City Manager may continue the hearing as deemed necessary. The decision of the City Manager, or his or her designee, on the appeal shall be final and binding on all parties concerned.

EXHIBIT A

16

DocuSign Envelope ID: 9A4B9EF1-8FA8-474E-81D5-279E67F8EF98

Ordinance No. 1789

### Sec. 15-827. - Penalties.

A.    It is unlawful for any person to violate any provision or fail to comply with any requirements of this article. A violation of this article shall by punished by:

1.    An administrative fine not exceeding $100 for a first violation.

2.    An administrative fine not exceeding $200 for a second violation within one (1) year of the first violation.

3.    An administrative fine not exceeding $500 for each additional violation within one (1) year of the first violation.

B.    A violation of vending without a sidewalk vending permit, may, in lieu of the penalties set forth in subsection (A), set forth above, be punished by:

1.    An administrative fine not exceeding two hundred fifty ($250) dollars for a first violation.

2.    An administrative fine not exceeding five hundred dollars ($500) for a second violation within one (1) year of the first violation.

3.    An administrative fine not exceeding one thousand dollars ($1,000) for each additional violation within one (1) year of the first violation.

C.    If an individual is subject to subsection (B), set forth above, for vending without a sidewalk vending permit, upon the individual providing proof of a valid permit issued by the City, the administrative fines set forth in this Chapter shall be reduced to the administrative fines set forth in subsection (A), respectively.

D.    The proceeds of any administrative fines assessed pursuant to this Chapter shall be deposited in the treasury of the City.

E.    Failure to pay an administrative fine assessed under this article shall not be punishable as an infraction or misdemeanor. Additional fines, fees, assessments, or any other financial conditions beyond those authorized in this article shall not be assessed.

F.    Any violation of this article shall not be punishable as an infraction or misdemeanor, and any person alleged to have violated any provisions of this article shall not be subject to arrest except when otherwise permitted under law.

G.    When assessing an administrative fine pursuant to this article, the adjudicator shall take into consideration the person's ability to pay the fine. The City shall provide the person with notice of his or her right to request an ability-to-pay determination and shall make available instructions or other materials for requesting an ability-to-pay determination. The person may request an ability-to-pay determination at adjudication or while the judgment remains unpaid, including when a case is delinquent or has been referred to a comprehensive collection program.

1.    If the person meets the criteria described in subdivision (a) or (b) of Government Code section 68632, the City shall accept, in full satisfaction, twenty (20) percent of the administrative fine imposed pursuant to this section.

EXHIBIT A

17

Ordinance No. 1789

2.      The City may allow the person to complete community service in lieu of paying the total administrative fine, may waive the administrative fine, or may offer an alternative disposition.

H.      A person who is currently serving, or who completed, a sentence, or who is subject to a fine, for a conviction of a misdemeanor or infraction for sidewalk vending, whether by trial or by open or negotiated plea, who would not have been guilty of that offense under SB 946 had SB 946 been in effect at the time of the offense, may petition the court for dismissal of the sentence, fine, or conviction before the trial court that entered the judgment of conviction in his or her case.

I.      Nothing contained herein shall be construed to impede the County's or City's ability to enforce County Health Department codes and regulations.

### Sec. 15-828. – Seizure of evidence.

In accordance with applicable rules and regulations, any peace officer or code enforcement officer is authorized to seize as evidence any item used in the commission of a violation of any provision of this Chapter. Seized items shall be removed and stored in accordance with law.

**Section 6.**    Custodian of Records.  The documents and materials that constitute the record of proceedings on which this Ordinance is based are located at the City Clerk's office located at 8353 Sierra Avenue, Fontana, CA  92335.  The custodian of these records is the City Clerk.

**Section 7.**    Severability.  If any section, sentence, clause or phrase of this Ordinance or the application thereof to any entity, person or circumstance is held for any reason to be invalid or unconstitutional, such invalidity or unconstitutionality shall not affect other provisions or applications of this Ordinance which can be given effect without the invalid provision or application, and to this end the provisions of this Ordinance are severable.  The people of the City of Fontana hereby declare that they would have adopted this Ordinance and each section, sentence, clause or phrase thereof, irrespective of the fact that any one or more section, subsections, sentences, clauses or phrases be declared invalid or unconstitutional.

**Section 8.**    Effective Date.  This Ordinance shall take effect thirty (30) days following its second reading/adoption.

**Section 9.**    Publication.  The City Clerk shall certify to the adoption of this Ordinance.  Not later than fifteen (15) days following the passage of this Ordinance, the Ordinance, or a summary thereof, along with the names of the City Council members voting for and against the Ordinance, shall be published in a newspaper of general circulation in the City of Fontana.

EXHIBIT A

18

Ordinance No. 1789

**APPROVED AND ADOPTED** this 12th day of February 2019.

**READ AND APPROVED AS TO LEGAL FORM:**

DocuSigned by:

*Jeff Ballinger*

9656A1483C6E407...

City Attorney

    I, Tonia Lewis, City Clerk of the City of Fontana and Ex-Officio Clerk of the City Council, do hereby certify that the foregoing Ordinance is the actual Ordinance introduced at a regular meeting of said City Council on January 22, 2019, and was finally passed and adopted not less than five days thereafter on February 12, 2019, by the following vote, to wit:

**AYES:** Mayor Warren, Mayor Pro Tem Armendarez, Council Members Roberts, Sandoval and Cothran

**NOES:**

**ABSENT:**

**ABSAIN:**

DocuSigned by:

*Toni Lewis*

EBCDCFDA17754E5...

City Clerk of the City of Fontana

DocuSigned by:

*[signature]*

9B476DADB90D46B...

Mayor of the City of Fontana

**ATTEST:**

DocuSigned by:

*Toni Lewis*

EBCDCFDA17754E5...

City Clerk

EXHIBIT A

19



AUTHENTICATED
ELECTRONIC LEGAL MATERIAL

## Senate Bill No. 946

## CHAPTER 459

An act to add Chapter 6.2 (commencing with Section 51036) to Part 1 of Division 1 of Title 5 of the Government Code, relating to sidewalk vendors.

[Approved by Governor September 17, 2018. Filed with Secretary of State September 17, 2018.]

LEGISLATIVE COUNSEL'S DIGEST

SB 946, Lara. Sidewalk vendors.

Existing law authorizes a local authority, by ordinance or resolution, to adopt requirements for the public safety regulating any type of vending and the time, place, and manner of vending from a vehicle upon a street.

This bill would prohibit a local authority, as defined, from regulating sidewalk vendors, except in accordance with the provisions of the bill. The bill would provide that a local authority is not required to adopt a new program to regulate sidewalk vendors if the local authority has established an existing program that substantially complies with the provisions of the bill. The bill would apply these provisions to a chartered or general law city, county, or city and county.

The bill would require a local authority that elects to adopt a sidewalk vending program to, among other things, not require a sidewalk vendor to operate within specific parts of the public right-of-way, except when that restriction is directly related to objective health, safety, or welfare concerns, and not restrict sidewalk vendors to operate only in a designated neighborhood or area, except as specified. The bill would authorize a local authority to, by ordinance or resolution, adopt additional requirements regulating the time, place, and manner of sidewalk vending, as specified, if the requirements are directly related to objective health, safety, or welfare concerns. The bill would also authorize a local authority to prohibit sidewalk vendors in areas located within the immediate vicinity of a permitted certified farmers' market and a permitted swap meet, as specified, and to restrict or prohibit sidewalk vendors within the immediate vicinity of an area designated for a temporary special permit issued by the local authority, as specified. A violation would be punishable only by an administrative fine, as specified, pursuant to an ability-to-pay determination, and proceeds would be deposited in the treasury of the local authority.

The bill would require the dismissal of any criminal prosecutions under any local ordinance or resolution regulating or prohibiting sidewalk vendors that have not reached final judgment. The bill would also authorize a person who is currently serving, or who completed, a sentence, or who is subject to a fine, for a conviction of a misdemeanor or infraction for sidewalk

EXHIBIT A

20

DocuSign Envelope ID: 9A4B9EF1-0FAB-474E-81D5-279E67F0FF98

**Ch. 459**                    — 2 —

vending, as specified, to petition for dismissal of the sentence, fine, or conviction.

Existing constitutional provisions require that a statute that limits the right of access to the meetings of public bodies or the writings of public officials and agencies be adopted with findings demonstrating the interest protected by the limitation and the need for protecting that interest.

This bill would make legislative findings to that effect.

*The people of the State of California do enact as follows:*

SECTION 1.  (a)  The Legislature finds and declares all of the following:

(1)  Sidewalk vending provides important entrepreneurship and economic development opportunities to low-income and immigrant communities.

(2)  Sidewalk vending increases access to desired goods, such as culturally significant food and merchandise.

(3)  Sidewalk vending contributes to a safe and dynamic public space.

(4)  The safety and welfare of the general public is promoted by encouraging local authorities to support and properly regulate sidewalk vending.

(5)  The safety and welfare of the general public is promoted by prohibiting criminal penalties for violations of sidewalk vending ordinances and regulations.

(6)  This act applies to any city, county, or city and county, including a charter city. The criminalization of small business entrepreneurs, and the challenges that those entrepreneurs face as a result of a criminal record, are matters of statewide concern. Further, unnecessary barriers have been erected blocking aspiring entrepreneurs from accessing the formal economy, harming California's economy in the process, and disrupting the regulation of business, which is a matter of statewide concern. Moreover, California has an interest in the regulation of traffic, a matter of statewide concern, whether in ensuring the appropriate flow of traffic or in ensuring the safety of pedestrians on the road or the sidewalk.

(b)  It is the intent of the Legislature to promote entrepreneurship and support immigrant and low-income communities.

SEC. 2.  Chapter 6.2 (commencing with Section 51036) is added to Part 1 of Division 1 of Title 5 of the Government Code, to read:

## CHAPTER 6.2.  SIDEWALK VENDORS

51036.  For purposes of this chapter, the following definitions apply:

(a)  "Sidewalk vendor" means a person who sells food or merchandise from a pushcart, stand, display, pedal-driven cart, wagon, showcase, rack, or other nonmotorized conveyance, or from one's person, upon a public sidewalk or other pedestrian path.

(b)  "Roaming sidewalk vendor" means a sidewalk vendor who moves from place to place and stops only to complete a transaction.

93

EXHIBIT A

21

DocuSign Envelope ID: 9A2B9FF1-8FAB-474F-81D5-279E67F8FF98

(c) "Stationary sidewalk vendor" means a sidewalk vendor who vends from a fixed location.

(d) "Local authority" means a chartered or general law city, county, or city and county.

51037. (a) A local authority shall not regulate sidewalk vendors except in accordance with Sections 51038 and 51039.

(b) Nothing in this chapter shall be construed to affect the applicability of Part 7 (commencing with Section 113700) of Division 104 of the Health and Safety Code to a sidewalk vendor who sells food.

(c) Nothing in this chapter shall be construed to require a local authority to adopt a new program to regulate sidewalk vendors if the local authority has established an existing program that substantially complies with the requirements in this chapter.

51038. (a) A local authority may adopt a program to regulate sidewalk vendors in compliance with this section.

(b) A local authority's sidewalk vending program shall comply with all of the following standards:

(1) A local authority shall not require a sidewalk vendor to operate within specific parts of the public right-of-way, except when that restriction is directly related to objective health, safety, or welfare concerns.

(2) (A) A local authority shall not prohibit a sidewalk vendor from selling food or merchandise in a park owned or operated by the local authority, except the local authority may prohibit stationary sidewalk vendors from vending in the park only if the operator of the park has signed an agreement for concessions that exclusively permits the sale of food or merchandise by the concessionaire.

(B) Notwithstanding subparagraph (A), a local authority may adopt additional requirements regulating the time, place, and manner of sidewalk vending in a park owned or operated by the local authority if the requirements are any of the following:

(i) Directly related to objective health, safety, or welfare concerns.

(ii) Necessary to ensure the public's use and enjoyment of natural resources and recreational opportunities.

(iii) Necessary to prevent an undue concentration of commercial activity that unreasonably interferes with the scenic and natural character of the park.

(3) A local authority shall not require a sidewalk vendor to first obtain the consent or approval of any nongovernmental entity or individual before he or she can sell food or merchandise.

(4) (A) A local authority shall not restrict sidewalk vendors to operate only in a designated neighborhood or area, except when that restriction is directly related to objective health, safety, or welfare concerns.

(B) Notwithstanding subparagraph (A), a local authority may prohibit stationary sidewalk vendors in areas that are zoned exclusively residential, but shall not prohibit roaming sidewalk vendors.

(5) A local authority shall not restrict the overall number of sidewalk vendors permitted to operate within the jurisdiction of the local authority,

EXHIBIT A

22

Ch. 459                         — 4 —

unless the restriction is directly related to objective health, safety, or welfare concerns.

(c) A local authority may, by ordinance or resolution, adopt additional requirements regulating the time, place, and manner of sidewalk vending if the requirements are directly related to objective health, safety, or welfare concerns, including, but not limited to, any of the following:

(1) Limitations on hours of operation that are not unduly restrictive. In nonresidential areas, any limitations on the hours of operation for sidewalk vending shall not be more restrictive than any limitations on hours of operation imposed on other businesses or uses on the same street.

(2) Requirements to maintain sanitary conditions.

(3) Requirements necessary to ensure compliance with the federal Americans with Disabilities Act of 1990 (Public Law 101-336) and other disability access standards.

(4) Requiring the sidewalk vendor to obtain from the local authority a permit for sidewalk vending or a valid business license, provided that the local authority issuing the permit or business license accepts a California driver's license or identification number, an individual taxpayer identification number, or a municipal identification number in lieu of a social security number if the local authority otherwise requires a social security number for the issuance of a permit or business license, and that the number collected shall not be available to the public for inspection, is confidential, and shall not be disclosed except as required to administer the permit or licensure program or comply with a state law or state or federal court order.

(5) Requiring the sidewalk vendor to possess a valid California Department of Tax and Fee Administration seller's permit.

(6) Requiring additional licenses from other state or local agencies to the extent required by law.

(7) Requiring compliance with other generally applicable laws.

(8) Requiring a sidewalk vendor to submit information on his or her operations, including, but not limited to, any of the following:

(A) The name and current mailing address of the sidewalk vendor.

(B) A description of the merchandise offered for sale or exchange.

(C) A certification by the vendor that to his or her knowledge and belief, the information contained on the form is true.

(D) The California seller's permit number (California Department of Tax and Fee Administration sales tax number), if any, of the sidewalk vendor.

(E) If the sidewalk vendor is an agent of an individual, company, partnership, or corporation, the name and business address of the principal.

(d) Notwithstanding subdivision (b), a local authority may do both of the following:

(1) Prohibit sidewalk vendors in areas located within the immediate vicinity of a permitted certified farmers' market or a permitted swap meet during the limited operating hours of that certified farmers' market or swap meet. A "certified farmers' market" means a location operated in accordance with Chapter 10.5 (commencing with Section 47000) of Division 17 of the

EXHIBIT A
23

DocuSign Envelope ID: 9A4B9FF1-0FAB-474F-81D5-279E67FBEF98

Food and Agricultural Code and any regulations adopted pursuant to that chapter. A "swap meet" means a location operated in accordance with Article 6 (commencing with Section 21660) of Chapter 9 of Division 8 of the Business and Professions Code, and any regulations adopted pursuant to that article.

(2) Restrict or prohibit sidewalk vendors within the immediate vicinity of an area designated for a temporary special permit issued by the local authority, provided that any notice, business interruption mitigation, or other rights provided to affected businesses or property owners under the local authority's temporary special permit are also provided to any sidewalk vendors specifically permitted to operate in the area, if applicable. For purposes of this paragraph, a temporary special permit is a permit issued by the local authority for the temporary use of, or encroachment on, the sidewalk or other public area, including, but not limited to, an encroachment permit, special event permit, or temporary event permit, for purposes including, but not limited to, filming, parades, or outdoor concerts. A prohibition of sidewalk vendors pursuant to this paragraph shall only be effective for the limited duration of the temporary special permit.

(e) For purposes of this section, perceived community animus or economic competition does not constitute an objective health, safety, or welfare concern.

51039. (a) (1) A violation of a local authority's sidewalk vending program that complies with Section 51038 is punishable only by the following:

(A) An administrative fine not exceeding one hundred dollars ($100) for a first violation.

(B) An administrative fine not exceeding two hundred dollars ($200) for a second violation within one year of the first violation.

(C) An administrative fine not exceeding five hundred dollars ($500) for each additional violation within one year of the first violation.

(2) A local authority may rescind a permit issued to a sidewalk vendor for the term of that permit upon the fourth violation or subsequent violations.

(3) (A) If a local authority requires a sidewalk vendor to obtain a sidewalk vending permit from the local authority, vending without a sidewalk vending permit may be punishable by the following in lieu of the administrative fines set forth in paragraph (1):

(i) An administrative fine not exceeding two hundred fifty dollars ($250) for a first violation.

(ii) An administrative fine not exceeding five hundred dollars ($500) for a second violation within one year of the first violation.

(iii) An administrative fine not exceeding one thousand dollars ($1,000) for each additional violation within one year of the first violation.

(B) Upon proof of a valid permit issued by the local authority, the administrative fines set forth in this paragraph shall be reduced to the administrative fines set forth in paragraph (1), respectively.

(b) The proceeds of an administrative fine assessed pursuant to subdivision (a) shall be deposited in the treasury of the local authority.

EXHIBIT A
24

Ch. 459         — 6 —

(c) Failure to pay an administrative fine pursuant to subdivision (a) shall not be punishable as an infraction or misdemeanor. Additional fines, fees, assessments, or any other financial conditions beyond those authorized in subdivision (a) shall not be assessed.

(d) (1) A violation of a local authority's sidewalk vending program that complies with Section 51038, or a violation of any rules or regulations adopted prior to January 1, 2019, that regulate or prohibit sidewalk vendors in the jurisdiction of a local authority, shall not be punishable as an infraction or misdemeanor, and the person alleged to have violated any of those provisions shall not be subject to arrest except when permitted under law.

(2) Notwithstanding any other law, paragraph (1) shall apply to all pending criminal prosecutions under any local ordinance or resolution regulating or prohibiting sidewalk vendors. Any of those criminal prosecutions that have not reached final judgment shall be dismissed.

(e) A local authority that has not adopted rules or regulations by ordinance or resolution that comply with Section 51037 shall not cite, fine, or prosecute a sidewalk vendor for a violation of any rule or regulation that is inconsistent with the standards described in subdivision (b) Section 51038.

(f) (1) When assessing an administrative fine pursuant to subdivision (a), the adjudicator shall take into consideration the person's ability to pay the fine. The local authority shall provide the person with notice of his or her right to request an ability-to-pay determination and shall make available instructions or other materials for requesting an ability-to-pay determination. The person may request an ability-to-pay determination at adjudication or while the judgment remains unpaid, including when a case is delinquent or has been referred to a comprehensive collection program.

(2) If the person meets the criteria described in subdivision (a) or (b) of Section 68632, the local authority shall accept, in full satisfaction, 20 percent of the administrative fine imposed pursuant to subdivision (a).

(3) The local authority may allow the person to complete community service in lieu of paying the total administrative fine, may waive the administrative fine, or may offer an alternative disposition.

(g) (1) A person who is currently serving, or who completed, a sentence, or who is subject to a fine, for a conviction of a misdemeanor or infraction for sidewalk vending, whether by trial or by open or negotiated plea, who would not have been guilty of that offense under the act that added this section had that act been in effect at the time of the offense, may petition for dismissal of the sentence, fine, or conviction before the trial court that entered the judgment of conviction in his or her case.

(2) Upon receiving a petition under paragraph (1), the court shall presume the petitioner satisfies the criteria in paragraph (1) unless the party opposing the petition proves by clear and convincing evidence that the petitioner does not satisfy the criteria. If the petitioner satisfies the criteria in paragraph (1), the court shall grant the petition to dismiss the sentence or fine, if applicable, and dismiss and seal the conviction, because the sentence, fine, and conviction are legally invalid.

93

EXHIBIT A

25

DocuSign Envelope ID: 9A4B9EF1-0FAB-474E-81D5-279E67F8EE98

(3) Unless requested by the petitioner, no hearing is necessary to grant or deny a petition filed under paragraph (1).

(4) If the court that originally sentenced or imposed a fine on the petitioner is not available, the presiding judge shall designate another judge to rule on the petition.

(5) Nothing in this subdivision is intended to diminish or abrogate any rights or remedies otherwise available to the petitioner.

(6) Nothing in this subdivision or related provisions is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this chapter.

SEC. 3.   The Legislature finds and declares that Section 2 of this act, which adds Section 51038 to the Government Code, imposes a limitation on the public's right of access to the meetings of public bodies or the writings of public officials and agencies within the meaning of Section 3 of Article I of the California Constitution. Pursuant to that constitutional provision, the Legislature makes the following findings to demonstrate the interest protected by this limitation and the need for protecting that interest:

The Legislature finds and declares that in order to protect the privacy of a sidewalk vendor with regard to his or her California driver's license or identification number, individual taxpayer identification number, or municipal identification number, when that number is collected in lieu of a social security number for purposes of the issuance of a permit or business license, it is necessary that the sidewalk vendor's number be confidential, except as provided in this act.

O

EXHIBIT A

26



# User Fee Determination

### 19/20 Cost Analysis Worksheet

| Title | ID# | Type | Category | Date |
|---|---|---|---|---|
| Sidewalk Vending Permit | NEW | Planning | Miscellaneous | 1/22/2019 |

| Department/Division | Fund | Budget Unit | Object Acct | Form Type |
|---|---|---|---|---|
| Community Development | 101 | various | see below | New Fee |

## Description of Service, Demand, Subsidy and Other Comments:

Annual permit fee for sidewalk vending per CA SB946. Permit application processing ($15), police department review($55) and planning review and inspection ($60).

## Personnel Costs

| Position | Rates* Straight Time Hourly | Fringe Benefits Hourly | Total Direct Labor Cost | Dept. or Div. Overhead | Total Burdened Labor Cost / Hr. | Hours by Position or Per Unit | Total Labor Cost per Unit of Service |
|---|---|---|---|---|---|---|---|
| Account Clerk II | $23.92 | $9.48 | $33.40 | 19.85% | $40.03 | 0.50 | $20.02 |
| Planning Inspector | $36.20 | $17.29 | $53.49 | 19.85% | $64.11 | 1.00 | $64.11 |
| Community Policing Technician | $29.06 | $15.02 | $44.08 | 19.85% | $52.83 | 0.33 | $17.43 |
| Police Lieutenant w/Advanced Certificate | $77.59 | $34.15 | $111.73 | 19.85% | $133.91 | 0.25 | $33.48 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Total Burdened Personnel Costs per Unit of Service: 135.04

## Material & Rental Costs

| Description | Cost Each | Quantity Required | Unit Cost |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

Total Material & Rental Costs per Unit of Service

## Other Costs (Equipment, Building Usage, Part-time Labor w/o Benefits)

| Description | Cost Each | Quantity Required | Unit Cost |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

Total Other Costs per Unit of Service

## Fee Comparison Data

| Jurisdiction | Fee per Unit | More or (Less) than Fontana's Fee per Unit of Service | |
|---|---|---|---|
| | | Dollars | Percentage |
| CITY OF FONTANA | $100.00 | | |
| Colton | N/A | | |
| Corona | N/A | | |
| Moreno Valley | N/A | | |
| Ontario | N/A | | |
| Rancho Cucamonga | N/A | | |
| Rialto | N/A | | |
| San Bernardino City | N/A | | |

| | |
|---|---|
| Total Service Direct Costs | $135.04 |
| City-Wide General & Administrative* Rate @ 13.04% | $17.61 |
| Total Service Cost / Unit | $152.64 |
| **Recommended Fee** | **$135.00** |
| Recommended Fund Subsidy | $17.64 |
| Current Fee Amount | None |
| Fee Increase/(Decrease) | New Fee |

*Note: Rates are per the City of Fontana G&A rates & Hourly Billing Rates in effect at the preparation date of this User Fee Analysis.

EXHIBIT A

27



## Certificate Of Completion

| | | |
|---|---|---|
| Envelope Id: 9A4B9EF18FAB474F81D5279E67F8EF98 | | Status: Completed |
| Subject: Please DocuSign: Ord 1789 - Sidewalk Vending | | |
| Source Envelope: | | |
| Document Pages: 23 | Signatures: 4 | Envelope Originator: |
| Certificate Pages: 5 | Initials: 0 | City Clerk |
| AutoNav: Enabled | | 8353 Sierra Avenue |
| EnvelopeId Stamping: Enabled | | Fontana, CA  92335 |
| Time Zone: (UTC-08:00) Pacific Time (US & Canada) | | clerks@fontana.org |
| | | IP Address: 192.146.186.96 |

## Record Tracking

| | | |
|---|---|---|
| Status: Original | Holder: City Clerk | Location: DocuSign |
| 2/25/2019 4:19:11 PM | clerks@fontana.org | |

| Signer Events | Signature | Timestamp |
|---|---|---|
| Jeff Ballinger<br>jeff.ballinger@bbklaw.com<br>Security Level: Email, Account Authentication (None) | *Jeff Ballinger*<br>9656A1483C6E407...<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 74.116.243.2 | Sent: 2/25/2019 4:19:34 PM<br>Viewed: 2/25/2019 4:33:25 PM<br>Signed: 2/25/2019 4:33:34 PM |
| **Electronic Record and Signature Disclosure:**<br>Accepted: 2/6/2017 5:14:58 PM<br>ID: 49bce3bd-df4d-4cff-8659-0af6d478de62 | | |
| Acquanetta Warren<br>awarren@fontana.org<br>Security Level: Email, Account Authentication (None) | *[signature]*<br>9B476DADB90D46B...<br><br>Signature Adoption: Uploaded Signature Image<br>Using IP Address: 108.184.100.94<br>Signed using mobile | Sent: 2/25/2019 4:33:35 PM<br>Viewed: 2/27/2019 5:35:36 AM<br>Signed: 2/27/2019 5:36:18 AM |
| **Electronic Record and Signature Disclosure:**<br>Accepted: 2/27/2019 5:35:36 AM<br>ID: efb654f9-df10-40f8-8291-d79b6331fdb0 | | |
| Toni Lewis<br>tlewis@fontana.org<br>City Clerk<br>City of Fontana<br>Security Level: Email, Account Authentication (None) | *Toni Lewis*<br>EBCDCFDA17754F5...<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 76.218.56.24 | Sent: 2/27/2019 5:36:19 AM<br>Viewed: 2/27/2019 8:08:44 AM<br>Signed: 2/27/2019 8:09:12 AM |
| **Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

EXHIBIT A

28

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Evelyne Ssenkoloto<br>essenkol@fontana.org<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>    Not Offered via DocuSign | **COPIED** | Sent: 2/27/2019 8:09:13 AM |
| Jesse Raymundo<br>jraymundo@fontana.org<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>    Not Offered via DocuSign | **COPIED** | Sent: 2/27/2019 8:09:13 AM |
| Kathy Kasinger<br>kkasinger@fontana.org<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>    Not Offered via DocuSign | **COPIED** | Sent: 2/27/2019 8:09:13 AM<br>Viewed: 2/27/2019 3:04:01 PM |
| Susana Gallardo<br>sgallardo@fontana.org<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>    Not Offered via DocuSign | **COPIED** | Sent: 2/27/2019 8:09:14 AM |

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 2/27/2019 8:09:14 AM |
| Certified Delivered | Security Checked | 2/27/2019 8:09:14 AM |
| Signing Complete | Security Checked | 2/27/2019 8:09:14 AM |
| Completed | Security Checked | 2/27/2019 8:09:14 AM |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

EXHIBIT A
29

Electronic Record and Signature Disclosure created on: 2/2/2017 6:54:36 AM
Parties agreed to: Jeff Ballinger, Acquanetta Warren

**ELECTRONIC RECORD AND SIGNATURE DISCLOSURE**

From time to time, City of Fontana (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through your DocuSign, Inc. (DocuSign) Express user account. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to these terms and conditions, please confirm your agreement by clicking the 'I agree' button at the bottom of this document.

**Getting paper copies**

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. For such copies, as long as you are an authorized user of the DocuSign system you will have the ability to download and print any documents we send to you through your DocuSign user account for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $0.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

**Withdrawing your consent**

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

**Consequences of changing your mind**

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. To indicate to us that you are changing your mind, you must withdraw your consent using the DocuSign 'Withdraw Consent' form on the signing page of your DocuSign account. This will indicate to us that you have withdrawn your consent to receive required notices and disclosures electronically from us and you will no longer be able to use your DocuSign Express user account to receive required notices and consents electronically from us or to sign electronically documents from us.

**All notices and disclosures will be sent to you electronically**

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through your DocuSign user account all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures electronically from us.

EXHIBIT A

30

**How to contact City of Fontana:**
You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:
 To contact us by email send messages to: ctejeda@fontana.org

**To advise City of Fontana of your new e-mail address**
To let us know of a change in your e-mail address where we should send notices and disclosures electronically to you, you must send an email message to us at ctejeda@fontana.org and in the body of such request you must state: your previous e-mail address, your new e-mail address.  We do not require any other information from you to change your email address..
In addition, you must notify DocuSign, Inc to arrange for your new email address to be reflected in your DocuSign account by following the process for changing e-mail in DocuSign.

**To request paper copies from City of Fontana**
To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an e-mail to ctejeda@fontana.org and in the body of such request you must state your e-mail address, full name, US Postal address, and telephone number. We will bill you for any fees at that time, if any.

**To withdraw your consent with City of Fontana**
To inform us that you no longer want to receive future notices and disclosures in electronic format you may:

> i. decline to sign a document from within your DocuSign account, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;
> ii. send us an e-mail to ctejeda@fontana.org and in the body of such request you must state your e-mail, full name, IS Postal Address, telephone number, and account number. We do not need any other information from you to withdraw consent..  The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process..

**Required hardware and software**

| Operating Systems: | Windows2000? or WindowsXP? |
|---|---|
| Browsers (for SENDERS): | Internet Explorer 6.0? or above |
| Browsers (for SIGNERS): | Internet Explorer 6.0?, Mozilla FireFox 1.0, NetScape 7.2 (or above) |
| Email: | Access to a valid email account |
| Screen Resolution: | 800 x 600 minimum |
| Enabled Security Settings: | •Allow per session cookies  •Users accessing the internet behind a Proxy Server must enable HTTP 1.1 settings via proxy connection |

> ** These minimum requirements are subject to change. If these requirements change, we will provide you with an email message at the email address we have on file for you at that time providing you with the revised hardware and software requirements, at which time you will have the right to withdraw your consent.

EXHIBIT A

31

**Acknowledging your access and consent to receive materials electronically**
To confirm to us that you can access this information electronically, which will be similar to
other electronic notices and disclosures that we will provide to you, please verify that you
were able to read this electronic disclosure and that you also were able to print on paper or
electronically save this page for your future reference and access or that you were able to
e-mail this disclosure and consent to an address where you will be able to print on paper or
save it for your future reference and access. Further, if you consent to receiving notices and
disclosures exclusively in electronic format on the terms and conditions described above,
please let us know by clicking the 'I agree' button below.
By checking the 'I Agree' box, I confirm that:

- I can access and read this Electronic CONSENT TO ELECTRONIC RECEIPT OF
  ELECTRONIC RECORD AND SIGNATURE DISCLOSURES document; and

- I can print on paper the disclosure or save or send the disclosure to a place where I can
  print it, for future reference and access; and

- Until or unless I notify City of Fontana as described above, I consent to receive from
  exclusively through electronic means all notices, disclosures, authorizations,
  acknowledgements, and other documents that are required to be provided or made
  available to me by  City of Fontana during the course of my relationship with you.

EXHIBIT A

32

TO:          HERALD NEWS

EMAIL:       LEGALS@FONTANAHERALDNEWS.COM

FROM:        FONTANA CITY CLERK'S DEPARTMENT

DATE:        JANUARY 23, 2019

<u>PUBLICATION OF SUMMARY OF PROPOSED ORDINANCE NO. 1789</u>

PUBLISH ONE TIME ONLY ON OR BEFORE FEBRUARY 1, 2019 ONE AFFIDAVIT PUBLICATION REQUESTED.

<u>SUMMARY OF PROPOSED ORDINANCE NO. 1789</u>

NOTICE IS HEREBY GIVEN that the City Council of the City of Fontana, at a Regular Meeting held on **January 22, 2019** in the City Council Chambers, 8353 Sierra Avenue, Fontana, California, considered adoption of the following ordinance:

Waive further reading of and introduce **Ordinance No. 1789,** an Ordinance of the City of Fontana Repealing Section 15-51 of Article II and Article XIV of Chapter 15, Amending Section 15-741 of Article XV and Section 15-816 of Article XVI of Chapter 15 and Amending and Restating Article XVII of Chapter 15 of the Fontana Municipal Code Relating to Sidewalk Vending; and that the reading of the title constitutes the first reading thereof.

A certified copy of the full text of the ordinance is available in the office of the City Clerk of the City of Fontana, 8353 Sierra Avenue, Fontana, California 92335.

> CITY COUNCIL OF THE CITY OF FONTANA
> Acquanetta Warren, Mayor
>
> Tonia Lewis
> City Clerk

P.O. #800496

EXHIBIT A

33

TO:        HERALD NEWS

EMAIL:      LEGALS@FONTANAHERALDNEWS.COM

FROM:      FONTANA CITY CLERK'S DEPARTMENT

DATE:       FEBRUARY 13, 2019

PUBLICATION OF SUMMARY OF APPROVED ORDINANCE NO. 1789

PUBLISH ONE TIME ONLY ON OR BEFORE FEBRUARY 22, 2019 ONE AFFIDAVIT PUBLICATION REQUESTED.

SUMMARY OF APPROVED ORDINANCE NO. 1789

NOTICE IS HEREBY GIVEN that the City Council of the City of Fontana, at a Regular Meeting held on **February 12, 2019** in the City Council Chambers, 8353 Sierra Avenue, Fontana, California, adopted the following ordinance:

Second Reading/ Adopt **Ordinance No. 1789,** an Ordinance of the City of Fontana Repealing Section 15-51 of Article II and Article XIV of Chapter 15, Amending Section 15-741 of Article XV and Section 15-816 of Article XVI of Chapter 15 and Amending and Restating Article XVII of Chapter 15 of the Fontana Municipal Code Relating to Sidewalk Vending.

A certified copy of the full text of the ordinance is available in the office of the City Clerk of the City of Fontana, 8353 Sierra Avenue, Fontana, California 92335.

CITY COUNCIL OF THE CITY OF FONTANA
Acquanetta Warren, Mayor

Tonia Lewis
City Clerk

P.O. #800496

EXHIBIT A
34