# EXHIBIT C

EXHIBIT C
48

 

| Home | Bill Information | California Law | Publications | Other Resources | My Subscriptions | My Favorites |

## SB-946 Sidewalk vendors.  (2017-2018)

SHARE THIS:

Date Published: 09/17/2018 09:00 PM

### Senate Bill No. 946

### CHAPTER 459

An act to add Chapter 6.2 (commencing with Section 51036) to Part 1 of Division 1 of Title 5 of the Government Code, relating to sidewalk vendors.

[ Approved by Governor  September 17, 2018. Filed with Secretary of State September 17, 2018. ]

### LEGISLATIVE COUNSEL'S DIGEST

SB 946, Lara. Sidewalk vendors.

Existing law authorizes a local authority, by ordinance or resolution, to adopt requirements for the public safety regulating any type of vending and the time, place, and manner of vending from a vehicle upon a street.

This bill would prohibit a local authority, as defined, from regulating sidewalk vendors, except in accordance with the provisions of the bill. The bill would provide that a local authority is not required to adopt a new program to regulate sidewalk vendors if the local authority has established an existing program that substantially complies with the provisions of the bill. The bill would apply these provisions to a chartered or general law city, county, or city and county.

The bill would require a local authority that elects to adopt a sidewalk vending program to, among other things, not require a sidewalk vendor to operate within specific parts of the public right-of-way, except when that restriction is directly related to objective health, safety, or welfare concerns, and not restrict sidewalk vendors to operate only in a designated neighborhood or area, except as specified. The bill would authorize a local authority to, by ordinance or resolution, adopt additional requirements regulating the time, place, and manner of sidewalk vending, as specified, if the requirements are directly related to objective health, safety, or welfare concerns. The bill would also authorize a local authority to prohibit sidewalk vendors in areas located within the immediate vicinity of a permitted certified farmers' market and a permitted swap meet, as specified, and to restrict or prohibit sidewalk vendors within the immediate vicinity of an area designated for a temporary special permit issued by the local authority, as specified. A violation would be punishable only by an administrative fine, as specified, pursuant to an ability-to-pay determination, and proceeds would be deposited in the treasury of the local authority.

The bill would require the dismissal of any criminal prosecutions under any local ordinance or resolution regulating or prohibiting sidewalk vendors that have not reached final judgment. The bill would also authorize a person who is currently serving, or who completed, a sentence, or who is subject to a fine, for a conviction of a misdemeanor or infraction for sidewalk vending, as specified, to petition for dismissal of the sentence, fine, or conviction.

EXHIBIT C
49

Existing constitutional provisions require that a statute that limits the right of access to the meetings of public bodies or the writings of public officials and agencies be adopted with findings demonstrating the interest protected by the limitation and the need for protecting that interest.

This bill would make legislative findings to that effect.

Vote: majority   Appropriation: no   Fiscal Committee: no   Local Program: no

## THE PEOPLE OF THE STATE OF CALIFORNIA DO ENACT AS FOLLOWS:

**SECTION 1.** (a) The Legislature finds and declares all of the following:

(1) Sidewalk vending provides important entrepreneurship and economic development opportunities to low-income and immigrant communities.

(2) Sidewalk vending increases access to desired goods, such as culturally significant food and merchandise.

(3) Sidewalk vending contributes to a safe and dynamic public space.

(4) The safety and welfare of the general public is promoted by encouraging local authorities to support and properly regulate sidewalk vending.

(5) The safety and welfare of the general public is promoted by prohibiting criminal penalties for violations of sidewalk vending ordinances and regulations.

(6) This act applies to any city, county, or city and county, including a charter city. The criminalization of small business entrepreneurs, and the challenges that those entrepreneurs face as a result of a criminal record, are matters of statewide concern. Further, unnecessary barriers have been erected blocking aspiring entrepreneurs from accessing the formal economy, harming California's economy in the process, and disrupting the regulation of business, which is a matter of statewide concern. Moreover, California has an interest in the regulation of traffic, a matter of statewide concern, whether in ensuring the appropriate flow of traffic or in ensuring the safety of pedestrians on the road or the sidewalk.

(b) It is the intent of the Legislature to promote entrepreneurship and support immigrant and low-income communities.

**SEC. 2.** Chapter 6.2 (commencing with Section 51036) is added to Part 1 of Division 1 of Title 5 of the Government Code, to read:

**CHAPTER 6.2. Sidewalk Vendors**

**51036.** For purposes of this chapter, the following definitions apply:

(a) "Sidewalk vendor" means a person who sells food or merchandise from a pushcart, stand, display, pedal-driven cart, wagon, showcase, rack, or other nonmotorized conveyance, or from one's person, upon a public sidewalk or other pedestrian path.

(b) "Roaming sidewalk vendor" means a sidewalk vendor who moves from place to place and stops only to complete a transaction.

(c) "Stationary sidewalk vendor" means a sidewalk vendor who vends from a fixed location.

(d) "Local authority" means a chartered or general law city, county, or city and county.

**51037.** (a) A local authority shall not regulate sidewalk vendors except in accordance with Sections 51038 and 51039.

(b) Nothing in this chapter shall be construed to affect the applicability of Part 7 (commencing with Section 113700) of Division 104 of the Health and Safety Code to a sidewalk vendor who sells food.

(c) Nothing in this chapter shall be construed to require a local authority to adopt a new program to regulate sidewalk vendors if the local authority has established an existing program that substantially complies with the requirements in this chapter.

**51038.** (a) A local authority may adopt a program to regulate sidewalk vendors in compliance with this section.

EXHIBIT C

50

(b) A local authority's sidewalk vending program shall comply with all of the following standards:

(1) A local authority shall not require a sidewalk vendor to operate within specific parts of the public right-of-way, except when that restriction is directly related to objective health, safety, or welfare concerns.

(2) (A) A local authority shall not prohibit a sidewalk vendor from selling food or merchandise in a park owned or operated by the local authority, except the local authority may prohibit stationary sidewalk vendors from vending in the park only if the operator of the park has signed an agreement for concessions that exclusively permits the sale of food or merchandise by the concessionaire.

(B) Notwithstanding subparagraph (A), a local authority may adopt additional requirements regulating the time, place, and manner of sidewalk vending in a park owned or operated by the local authority if the requirements are any of the following:

(i) Directly related to objective health, safety, or welfare concerns.

(ii) Necessary to ensure the public's use and enjoyment of natural resources and recreational opportunities.

(iii) Necessary to prevent an undue concentration of commercial activity that unreasonably interferes with the scenic and natural character of the park.

(3) A local authority shall not require a sidewalk vendor to first obtain the consent or approval of any nongovernmental entity or individual before he or she can sell food or merchandise.

(4) (A) A local authority shall not restrict sidewalk vendors to operate only in a designated neighborhood or area, except when that restriction is directly related to objective health, safety, or welfare concerns.

(B) Notwithstanding subparagraph (A), a local authority may prohibit stationary sidewalk vendors in areas that are zoned exclusively residential, but shall not prohibit roaming sidewalk vendors.

(5) A local authority shall not restrict the overall number of sidewalk vendors permitted to operate within the jurisdiction of the local authority, unless the restriction is directly related to objective health, safety, or welfare concerns.

(c) A local authority may, by ordinance or resolution, adopt additional requirements regulating the time, place, and manner of sidewalk vending if the requirements are directly related to objective health, safety, or welfare concerns, including, but not limited to, any of the following:

(1) Limitations on hours of operation that are not unduly restrictive. In nonresidential areas, any limitations on the hours of operation for sidewalk vending shall not be more restrictive than any limitations on hours of operation imposed on other businesses or uses on the same street.

(2) Requirements to maintain sanitary conditions.

(3) Requirements necessary to ensure compliance with the federal Americans with Disabilities Act of 1990 (Public Law 101-336) and other disability access standards.

(4) Requiring the sidewalk vendor to obtain from the local authority a permit for sidewalk vending or a valid business license, provided that the local authority issuing the permit or business license accepts a California driver's license or identification number, an individual taxpayer identification number, or a municipal identification number in lieu of a social security number if the local authority otherwise requires a social security number for the issuance of a permit or business license, and that the number collected shall not be available to the public for inspection, is confidential, and shall not be disclosed except as required to administer the permit or licensure program or comply with a state law or state or federal court order.

(5) Requiring the sidewalk vendor to possess a valid California Department of Tax and Fee Administration seller's permit.

(6) Requiring additional licenses from other state or local agencies to the extent required by law.

(7) Requiring compliance with other generally applicable laws.

(8) Requiring a sidewalk vendor to submit information on his or her operations, including, but not limited to, any of the following:

EXHIBIT C

51

(A) The name and current mailing address of the sidewalk vendor.

(B) A description of the merchandise offered for sale or exchange.

(C) A certification by the vendor that to his or her knowledge and belief, the information contained on the form is true.

(D) The California seller's permit number (California Department of Tax and Fee Administration sales tax number), if any, of the sidewalk vendor.

(E) If the sidewalk vendor is an agent of an individual, company, partnership, or corporation, the name and business address of the principal.

(d) Notwithstanding subdivision (b), a local authority may do both of the following:

(1) Prohibit sidewalk vendors in areas located within the immediate vicinity of a permitted certified farmers' market or a permitted swap meet during the limited operating hours of that certified farmers' market or swap meet. A "certified farmers' market" means a location operated in accordance with Chapter 10.5 (commencing with Section 47000) of Division 17 of the Food and Agricultural Code and any regulations adopted pursuant to that chapter. A "swap meet" means a location operated in accordance with Article 6 (commencing with Section 21660) of Chapter 9 of Division 8 of the Business and Professions Code, and any regulations adopted pursuant to that article.

(2) Restrict or prohibit sidewalk vendors within the immediate vicinity of an area designated for a temporary special permit issued by the local authority, provided that any notice, business interruption mitigation, or other rights provided to affected businesses or property owners under the local authority's temporary special permit are also provided to any sidewalk vendors specifically permitted to operate in the area, if applicable. For purposes of this paragraph, a temporary special permit is a permit issued by the local authority for the temporary use of, or encroachment on, the sidewalk or other public area, including, but not limited to, an encroachment permit, special event permit, or temporary event permit, for purposes including, but not limited to, filming, parades, or outdoor concerts. A prohibition of sidewalk vendors pursuant to this paragraph shall only be effective for the limited duration of the temporary special permit.

(e) For purposes of this section, perceived community animus or economic competition does not constitute an objective health, safety, or welfare concern.

**51039.** (a) (1) A violation of a local authority's sidewalk vending program that complies with Section 51038 is punishable only by the following:

(A) An administrative fine not exceeding one hundred dollars ($100) for a first violation.

(B) An administrative fine not exceeding two hundred dollars ($200) for a second violation within one year of the first violation.

(C) An administrative fine not exceeding five hundred dollars ($500) for each additional violation within one year of the first violation.

(2) A local authority may rescind a permit issued to a sidewalk vendor for the term of that permit upon the fourth violation or subsequent violations.

(3) (A) If a local authority requires a sidewalk vendor to obtain a sidewalk vending permit from the local authority, vending without a sidewalk vending permit may be punishable by the following in lieu of the administrative fines set forth in paragraph (1):

(i) An administrative fine not exceeding two hundred fifty dollars ($250) for a first violation.

(ii) An administrative fine not exceeding five hundred dollars ($500) for a second violation within one year of the first violation.

(iii) An administrative fine not exceeding one thousand dollars ($1,000) for each additional violation within one year of the first violation.

(B) Upon proof of a valid permit issued by the local authority, the administrative fines set forth in this paragraph shall be reduced to the administrative fines set forth in paragraph (1), respectively.

EXHIBIT C

52

(b) The proceeds of an administrative fine assessed pursuant to subdivision (a) shall be deposited in the treasury of the local authority.

(c) Failure to pay an administrative fine pursuant to subdivision (a) shall not be punishable as an infraction or misdemeanor. Additional fines, fees, assessments, or any other financial conditions beyond those authorized in subdivision (a) shall not be assessed.

(d) (1) A violation of a local authority's sidewalk vending program that complies with Section 51038, or a violation of any rules or regulations adopted prior to January 1, 2019, that regulate or prohibit sidewalk vendors in the jurisdiction of a local authority, shall not be punishable as an infraction or misdemeanor, and the person alleged to have violated any of those provisions shall not be subject to arrest except when permitted under law.

(2) Notwithstanding any other law, paragraph (1) shall apply to all pending criminal prosecutions under any local ordinance or resolution regulating or prohibiting sidewalk vendors. Any of those criminal prosecutions that have not reached final judgment shall be dismissed.

(e) A local authority that has not adopted rules or regulations by ordinance or resolution that comply with Section 51037 shall not cite, fine, or prosecute a sidewalk vendor for a violation of any rule or regulation that is inconsistent with the standards described in subdivision (b) Section 51038.

(f) (1) When assessing an administrative fine pursuant to subdivision (a), the adjudicator shall take into consideration the person's ability to pay the fine. The local authority shall provide the person with notice of his or her right to request an ability-to-pay determination and shall make available instructions or other materials for requesting an ability-to-pay determination. The person may request an ability-to-pay determination at adjudication or while the judgment remains unpaid, including when a case is delinquent or has been referred to a comprehensive collection program.

(2) If the person meets the criteria described in subdivision (a) or (b) of Section 68632, the local authority shall accept, in full satisfaction, 20 percent of the administrative fine imposed pursuant to subdivision (a).

(3) The local authority may allow the person to complete community service in lieu of paying the total administrative fine, may waive the administrative fine, or may offer an alternative disposition.

(g) (1) A person who is currently serving, or who completed, a sentence, or who is subject to a fine, for a conviction of a misdemeanor or infraction for sidewalk vending, whether by trial or by open or negotiated plea, who would not have been guilty of that offense under the act that added this section had that act been in effect at the time of the offense, may petition for dismissal of the sentence, fine, or conviction before the trial court that entered the judgment of conviction in his or her case.

(2) Upon receiving a petition under paragraph (1), the court shall presume the petitioner satisfies the criteria in paragraph (1) unless the party opposing the petition proves by clear and convincing evidence that the petitioner does not satisfy the criteria. If the petitioner satisfies the criteria in paragraph (1), the court shall grant the petition to dismiss the sentence or fine, if applicable, and dismiss and seal the conviction, because the sentence, fine, and conviction are legally invalid.

(3) Unless requested by the petitioner, no hearing is necessary to grant or deny a petition filed under paragraph (1).

(4) If the court that originally sentenced or imposed a fine on the petitioner is not available, the presiding judge shall designate another judge to rule on the petition.

(5) Nothing in this subdivision is intended to diminish or abrogate any rights or remedies otherwise available to the petitioner.

(6) Nothing in this subdivision or related provisions is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this chapter.

SEC. 3. The Legislature finds and declares that Section 2 of this act, which adds Section 51038 to the Government Code, imposes a limitation on the public's right of access to the meetings of public bodies or the writings of public officials and agencies within the meaning of Section 3 of Article I of the California Constitution. Pursuant to that constitutional provision, the Legislature makes the following findings to demonstrate the interest protected by this limitation and the need for protecting that interest:

EXHIBIT C

53

The Legislature finds and declares that in order to protect the privacy of a sidewalk vendor with regard to his or her California driver's license or identification number, individual taxpayer identification number, or municipal identification number, when that number is collected in lieu of a social security number for purposes of the issuance of a permit or business license, it is necessary that the sidewalk vendor's number be confidential, except as provided in this act.

EXHIBIT C

54