**UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.M., A.P., L.C., AND INLAND COALITION FOR IMMIGRANT JUSTICE,<br><br>     Plaintiffs,<br><br>  v.<br><br>CITY OF FONTANA AND 4LEAF, INC.,<br><br>     Defendants. | Case No. 5:25-CV-2092-SSS (SPx)<br><br>**(PROPOSED) ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (Doc. # 96)**<br><br>Date: July 31, 2026<br>Time: 2:00 p.m.<br>Courtroom: 2<br><br>Hon. Sunshine S. Sykes |

On July 1, 2026, Plaintiffs A.M., A.P., L.C., and the Inland Coalition for Immigrant Justice (collectively "Plaintiffs") filed a motion for preliminary injunction requesting the Court issue a preliminary injunction against Defendants City of Fontana and 4Leaf, Inc. (collectively, "Defendants") enjoining them and their officers, agents, servants, employees, and attorneys, and all other persons who are in active concert with them, from enforcing (1) the challenged impoundment provisions of Ordinances 1789 and 1925—specifically FMC §§ 15-828, 15-829(b)(1)-(6), (8)-(9), (c), and (h); (2) the EOC provision, Or. 1925, FMC § 1-14, against sidewalk vendors or any person engaged

1

in constitutionally protected speech; and (3) the challenged permit provisions—FMC §§ 15-820(a)(9)(14), and (b)—to the extent they impose requirements not directly related to objective health, safety, or welfare concerns as required by SB 946; and (4) from seizing, impounding, or destroying sidewalk vendor property without a warrant, probable cause, or constitutionally adequate pre-deprivation process.

Having considered the Motion and the supporting declarations and exhibits, and all related papers in opposition and reply, the Court finds and determines that: (1) Plaintiffs are likely to succeed on the merits as to their claims that the challenged provisions of the Fontana Municipal Code (a) violate their constitutional due process rights; (b) violate their rights under the First and Fourth Amendment; and (c) are preempted under California state law; (2) Plaintiffs are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in Plaintiffs' favor; (4) an injunction is in the public interest; and (5) no security is required for the issuance of the injunction.

Based on the foregoing, and with good cause appearing therefore, IT IS HEREBY ORDERED:

Defendants, together with their agents, servants, employees, and attorneys, and all other persons who are in active concert with them, are hereby ENJOINED from:

1. Enforcing the challenged impoundment provisions of Ordinances 1789 and 1925—specifically FMC §§ 15-828, 15-829(b)(1)-(6), (8)-(9), (c), and (h);

2. Enforcing the EOC provision, Or. 1925, FMC § 1-14, against sidewalk vendors or any person engaged in constitutionally protected speech;

3. Enforcing the challenged permit provisions—FMC §§ 15-820(a)(9)(14), and (b)—to the extent they impose requirements not directly related to objective health, safety, or welfare concerns as required by SB 946; and

4. Seizing, impounding, or destroying sidewalk vendor property without a warrant, probable cause, or constitutionally adequate pre-deprivation process.

This Order shall remain in effect until further order of the Court.

IT IS SO ORDERED.

Dated:

_____
SUNSHINE S. SYKES
United States District Judge