RITU MAHAJAN (SBN 252970)[1]
  rmahajan@publiccounsel.org
MARK ROSENBAUM (SBN 59940)
  mrosenbaum@publiccounsel.org
AMANDA MANGASER SAVAGE (SBN 325996)
  asavage@publiccounsel.org
**PUBLIC COUNSEL**
610 South Ardmore Ave.
Los Angeles, CA 90005
Telephone: 213.385.2977

ARIANA E FULLER (SBN 301797)
  afuller@kslaw.com
JEANNE A. FUGATE (SBN 236341)
  jfugate@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: 213.443.4355

MATTHEW T. HEARTNEY (SBN 123516)
matthew.heartney@arnoldporter.com
DANIEL SHIMELL (SBN 300931)
daniel.shimell@arnoldporter.com
**ARNOLD & PORTER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: 213.243.4000

*Attorneys for Plaintiffs A.M., A.P., L.C., and
  Inland Coalition for Immigrant Justice*

## UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.M., A.P., L.C., and INLAND COALITION FOR IMMIGRANT JUSTICE,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FONTANA and 4LEAF, INC.,<br><br>Defendants. | Case No. 5:25-CV-2092-SS-SP<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>*[Filed concurrently with: Reply Brief; Declaration of Ritu Mahajan]*<br><br>Date: July 31, 2026<br>Time: 2:00 p.m.<br>Courtroom: 2<br><br>Hon. Sunshine S. Sykes |

---

[1] Due to space limitations, all attorneys of record for Plaintiffs are listed in full in the signature of this document.

Plaintiffs hereby respond to Defendants' objections to the evidence submitted in support of Plaintiffs' Motion for Preliminary Injunction. Dkt. Nos. 101-1 and 104.

In general, the Federal Rules of Evidence do not strictly apply at the preliminary injunction stage. *See Flynt Dist. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) ("The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial. The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial.").

Further, the repeated lack of foundation and hearsay objections raised by Defendants City of Fontana ("City" or "Fontana") and 4LEAF, Inc. ("4LEAF") are meritless. And more fundamentally, such objections are irrelevant here. "A district court may… consider hearsay in deciding whether to issue a preliminary injunction." *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009); *see also Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988) ("It was within the discretion of the district court to accept this hearsay for purposes of deciding whether to issue the preliminary injunction.").

Defendants' objection that the declarations of the individual Plaintiffs are inadmissible because they are given under pseudonym is plainly made in bad faith. As set forth in the accompanying declaration of Ritu Mahajan, counsel for Plaintiffs and both Defendants have agreed in principle since at least March of 2026 that the individual Plaintiffs in this case may proceed pseudonymously. Plaintiffs have already agreed— months ago—to provide defense counsel with the identities of the individual Plaintiffs once a protective order is in place. Mahajan Decl., ¶ 4. The parties have been negotiating the contours of a stipulated protective order to that effect. *Id*. On March 10, 2026, 4LEAF "accepted the documents as drafted by [the City]," before subsequently objecting to terms contained in the document that counsel for 4LEAF previously represented it accepted. *Id*. The City signed off on the drafted protective order on June 17, 2026. *Id.*, ¶ 6, Ex. B.

Despite repeated follow-up emails, counsel for 4LEAF has stopped responding to Plaintiffs' requests to finalize this stipulation, without stating a reason or objecting to any language in the extensively negotiated protective order. *Id.*, ¶ 7, Ex. C. For the Defendants to now object to the individual Plaintiffs declarations on the basis that they were provided pseudonymously is nothing short of bad faith. The only reason Defendants do not have the names of the individual Plaintiffs is because Defendant 4LEAF has refused to sign the draft protective order—which they have already redlined multiple times and to which Plaintiffs have agreed. The Court should overrule these objections.

Plaintiffs now respond to each individual objection raised by both Defendants, beginning with the City:

**I.    RESPONSE TO DEFENDANT CITY OF FONTANA'S OBJECTIONS**

Plaintiffs respond to Defendant City of Fontana's Objections to Evidence [101-1].[2]

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| 1 | Declaration of A.M. (Dkt. 96-9) ("A.M. Decl.") **in its entirety.** | Lack of Foundation (Fed. R. Evid. § 602); Violation of 28 U.S.C. § 1746; Undue Prejudice (Fed. R. Evid. § 403)<br><br>Plaintiffs have not provided the City with the true identity of A.M. and the City does not know who this declarant is. By failing to provide the City with the declarant's identity, it is impossible for the City to conduct an investigation into the statements made by the | The Court should overrule this objection.<br><br>The City has already agreed that the individual Plaintiffs may proceed pseudonymously, and Plaintiffs have agreed to provide their identities to counsel as soon as Defendants sign the draft stipulated protective order that the parties have been |

[2] Plaintiffs have added a number in the column to the left to more easily refer to the City's numerous, unfounded objections.

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | | declarant and provide evidence which may contradict those statements. Anonymous declarations, such as this one, are inadmissible. *See Doe v. Los Angeles Unified School District*, 2017 WL 797152, at *9 (C.D. Cal. Feb. 27, 2017) ("28 U.S.C. § 1746 requires that unsworn declarations be signed by the declarant under penalty of perjury. Without any record whatsoever of a witness's identity or their signature, a declarant cannot be held to their statements under 'penalty of perjury.'"); *Ghazarian v. Republic of Turkey*, 2021 WL 5934471, at *2 n. 1 (C.D. Cal. Nov. 16, 2021) ("Plaintiffs' failure to identify the declarant in any way permits the Court to disregard this confidential declaration…."). Moreover, A.M. admits that he does not speak English and thus he has not shown foundation for signing this declaration. For instance, there has been no showing that this Declaration was translated for him before he signed it. *See Kuang v. Bel* | negotiating for months. The sole reason that has not yet occurred is Defendants' failure to sign the protective order. *See* Mahajan Decl. *Doe v. LAUSD* is inapposite: that case concerned anonymous declarations of *non-parties*. 2017 WL 797152, at *8 ("plaintiff offers three anonymous declarations from purported friends of plaintiff"). The same is true for the declaration in *Ghazarian*. Case No. 2:19-cv-04664, Dkt. 46 (Application to seal confidential declaration of non-party). The translation objection is also meritless. The declarations are signed by a translator, Elizabeth Rosie Brown, who certified that the document was translated from Spanish to English. Dkt. 96-9. This is not like *Kuang*, where there |

4

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | | *Air Mart*, 205 F. Supp. 3d 1155, 1159 (E.D. Cal. 2016) ("Plaintiff does not understand and cannot read English. Plaintiff attempts to avoid that issue by stating that some unidentified translator read the Declaration to him. That is insufficient. Any translation must be completed by a certified federal interpreter. Therefore, Defendant's objection to Plaintiff's Declaration and the documents attached thereto is sustained."). At a minimum, because it is unclear that A.M. even knows what his declaration says, its probative value is substantially outweighed by a danger of unfair prejudice or confusing the issues. | was no signature by a translator.<br><br>Under the relaxed evidentiary standards applicable to preliminary injunctions, the Court may consider evidence that would not be admissible at trial. *See Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988); *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). The probative value of A.M.'s firsthand account of enforcement actions is not substantially outweighed by any danger of unfair prejudice under Rule 403. |
| 2 | A.M. Decl., ¶ 4: "Starting in 2023, when Fontana passed its second vending ordinance and began working with masked enforcers **whom I now know to be 4LEAF**, I began getting many visits from people in plain | Hearsay (Fed. R. Evid. § 801); Lack of Personal Knowledge (Fed. R. Evid. § 602); Lack of Foundation (Fed. R. Evid. § 901)<br><br>A.M.'s testimony regarding his supposed knowledge of who the alleged "masked enforcers" are lacks any | The Court should overrule this objection. This testimony is based on A.M.'s personal observations—she is testifying about visits she personally experienced. The statement is not hearsay because A.M. is not repeating an out-of-court |

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | clothes with masks on." | foundation to support that A.M. has personal knowledge of this purported fact. Due to the lack of foundation to support A.M.'s personal knowledge, this testimony likely relies on inadmissible hearsay. | statement; she is describing her own firsthand experience of being visited by individuals. Her subsequent knowledge of the identity of the enforcers as 4LEAF personnel goes to the weight, not the admissibility, of the testimony. A.M. has adequate foundation as a percipient witness to her own experiences. |
| 3 | A.M. Decl. ¶ 5: "The people who threw away my food **told me they worked for the City**, but they wore masks and plain clothes and did not identify themselves with a badge or number." | Hearsay (Fed. R. Evid. § 801); Lack of Personal Knowledge (Fed. R. Evid. § 602)<br><br>A.M.'s testimony regarding what he was told is inadmissible hearsay and he lacks personal knowledge of the statements asserted. A.M. admits he does not speak English and that the individuals only spoke to him in English, and thus he lacks foundation regarding what the individuals told him. Moreover, A.M. admits he does not know if these individuals actually worked for the City or 4LEAF because they did not identify | The Court should overrule this objection.<br><br>The statements by the enforcers that they "worked for the City" are admissible as opposing party statements under Fed. R. Evid. 801(d)(2)(D), as these individuals were agents of the City acting within the scope of their agency when they made these statements during enforcement actions. A.M. has personal knowledge of what occurred during these encounters—she was present and witnessed |

6

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
|  |  | themselves, and thus he cannot rely on the opposing party admission exception to the hearsay rule. | the destruction of her food and property. Her observations of what the individuals wore and how they identified themselves are classic percipient witness testimony. Any language barrier goes to weight, not admissibility. |
| 4 | A.M. Decl. ¶ 5: "They only spoke to me in English and **would say that street food is 'dirty' and that the mayor did not want vendors in Fontana.**" | Hearsay (Fed. R. Evid. § 801); Lack of Personal Knowledge (Fed. R. Evid. § 602)<br><br>A.M.'s testimony regarding what he was told is inadmissible hearsay and he lacks personal knowledge of the statements asserted. A.M. admits he does not speak English and that the individuals only spoke to him in English, and thus he lacks foundation regarding what the individuals told him. Moreover, A.M. admits he does not know if these individuals actually worked for the City or 4LEAF, and thus cannot rely on the opposing party admission exception to the hearsay rule. | The Court should overrule this objection.<br><br>These statements are admissible as opposing party statements under Fed. R. Evid. 801(d)(2)(D), made by City agents during the course of enforcement operations. They are also admissible as verbal acts or operative facts showing the nature and character of the enforcement conduct, not offered for the truth of the matter asserted but to demonstrate the hostile and discriminatory manner in which enforcement was carried out. Even if A.M. has limited English proficiency, her ability to understand |

7

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | | | basic statements such as "dirty" and references to "the mayor" is reasonable and goes to weight, not admissibility. |
| 5 | A.M. Decl. ¶ 7: "In 2023, **officers from the City of Fontana gave me a ticket for street vending because they saw me taking the food from my car and they said I was selling from my car which was not allowed**." | Hearsay (Fed. R. Evid. § 801)<br><br>A.M.'s testimony regarding what he was told is inadmissible hearsay. Moreover, A.M. admits he does not know if these individuals actually worked for the City or 4LEAF, and thus cannot rely on the opposing party admission exception to the hearsay rule. | The Court should overrule this objection.<br><br>The officers' statements are admissible as opposing party statements under Fed. R. Evid. 801(d)(2)(D), as statements made by City employees acting within the scope of their employment during an enforcement action. Additionally, the issuance of a citation is not a statement, and therefore is not hearsay under Fed. R. Evid. 801(a). A.M.'s testimony about receiving a ticket is based on personal knowledge of an event that happened to her directly. |
| 6 | A.M. Decl. ¶ 8: "At the end of 2023, around Christmas, **4LEAF agents** | Hearsay (Fed. R. Evid. § 801); Lack of Personal Knowledge (Fed. R. Evid. § | The Court should overrule this objection. A.M. is testifying about an encounter he |

PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | **arrived** with the police. **The 4LEAF agents said to step aside or they would arrest me.**" | 602); Lack of Foundation (Fed. R. Evid. § 901)<br><br>A.M.'s testimony regarding the identity of the speakers, and what he was told by them, is inadmissible hearsay and he lacks personal knowledge of the statements asserted. A.M. admits he does not speak English and that the individuals only spoke to him in English, and thus he lacks foundation regarding what the individuals told him. Moreover, A.M.'s testimony regarding the 4LEAF agents lacks any foundation to support that A.M. has personal knowledge that the agents were from 4LEAF. Finally, A.M.'s testimony also includes inadmissible hearsay regarding what the individuals said. | personally experienced. The statements by 4LEAF agents are admissible as opposing party statements under Fed. R. Evid. 801(d)(2)(D), as 4LEAF was acting as an agent of the City under a contract for code enforcement. The 4LEAF agents' presence alongside police officers provides ample foundation for A.M.'s identification of them as enforcement agents. A.M. need not know the precise corporate identity of the agents to testify about what he personally witnessed and was told. |
| 7 | A.M. Decl. ¶ 8: "Because I did not have a vending permit, **the 4LEAF agents** threw out my food, unopened sodas, and took all my equipment including | Lack of Personal Knowledge (Fed. R. Evid. § 602); Lack of Foundation (Fed. R. Evid. § 901)<br><br>A.M.'s testimony regarding the alleged 4LEAF agents | The Court should overrule this objection. A.M. has direct personal knowledge of these events—she was present when his food and equipment were confiscated. She is |

PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | tables, chairs, my grill, cooler, and tent, worth about $2000." | lacks any foundation to support that A.M. has personal knowledge that the individuals were from 4LEAF. A.M.'s testimony regarding why the individuals took any purported actions lacks any foundation to support that A.M. has personal knowledge of their reasons. Indeed, A.M. admits that he does not speak English and claims the individuals only spoke in English, and thus it is unclear how he could know who the individuals were or why they seized his property. | competent to testify about what happened to her own property. Her identification of the agents as "4LEAF" goes to weight, not admissibility. A.M. is also competent to provide a lay estimate of the value of her own property under Fed. R. Evid. 701. |
| 8 | A.M. Decl. ¶ 8: "When they confiscated my equipment, **the 4LEAF officers told me there was a 30 day waiting period to pick up the equipment from the impound and they gave me a paper with information of a City office where I could go get it**. When I got to the City office, I was told there would be a $250 fee, | Hearsay (Fed. R. Evid. § 801); Lack of Personal Knowledge (Fed. R. Evid. § 602); Lack of Foundation (Fed. R. Evid. § 901)<br><br>A.M.'s testimony regarding the alleged 4LEAF agents lacks any foundation to support that A.M. has personal knowledge that the individuals were from 4LEAF. Indeed, A.M. admits that he does not speak English and claims the individuals only spoke in English, and thus it is unclear | The Court should overrule this objection.<br><br>The statements by the 4LEAF officers and the City employee at the impound lot are admissible as opposing party statements under Fed. R. Evid. 801(d)(2)(D). 4LEAF agents were acting as agents of the City under their enforcement contract. The person at the City lot was a City employee operating |

10

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | but I did not know what the amount would be before I arrived. **The person working at the lot told me that we would 'negotiate' and also said that I could have come earlier than 30 days. I asked what would happen if I did not pay**, and he told me that he would throw away all my equipment." | how he could know who the individuals were or why they seized his property. Finally, A.M.'s testimony also includes inadmissible hearsay regarding what these individuals said and what he told the City. Specifically, concerning the "person working at the lot," A.M. doesn't establish that he has personal knowledge that this person was a City employee, and certainly not that he or she was authorized to speak on behalf of the City, and thus the party admission exception to hearsay does not apply. | within the scope of their employment. A.M. has personal knowledge of these interactions—she personally went to retrieve her property. That A.M. does not speak English fluently goes to the weight of her testimony, not its admissibility. Moreover, the interactions described (paying a fee, being told to "negotiate") involve practical, transactional communications that do not require sophisticated language ability to understand. |
| 9 | Declaration of A.P. (Dkt. 96-10) ("A.P. Decl.") **in its entirety.** | Lack of Foundation (Fed. R. Evid. § 602); Violation of 28 U.S.C. § 1746<br><br>Plaintiffs have not provided the City with the true identity of A.P. and the City does not know who this declarant is. By failing to provide the City with the declarant's identity, it is impossible for the City to conduct an investigation into the statements made by the declarant and provide evidence which contradict those statements. Anonymous | The Court should overrule this objection.<br><br>The City has already agreed that the individual Plaintiffs may proceed pseudonymously, and Plaintiffs have agreed to provide their identities to counsel as soon as Defendants sign the draft stipulated protective order that the parties have been negotiating for months. |

PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | | declarations, such as this one, are inadmissible. *See Doe v. Los Angeles Unified School District*, 2017 WL 797152, at *9 (C.D. Cal. Feb. 27, 2017) ("28 U.S.C. § 1746 requires that unsworn declarations be signed by the declarant under penalty of perjury. Without any record whatsoever of a witness's identity or their signature, a declarant cannot be held to their statements under' 'penalty of perjury.'"); *Ghazarian v. Republic of Turkey*, 2021 WL 5934471, at *2 n. 1 (C.D. Cal. Nov. 16, 2021) ("Plaintiffs' failure to identify the declarant in any way permits the Court to disregard this confidential declaration…."). | The sole reason that has not yet occurred is Defendants' failure to sign the protective order. *See* Mahajan Decl.<br><br>*Doe v. LAUSD* and *Ghazarian* are inapposite: both concerned anonymous declarations of *non-parties*. 2017 WL 797152, at *8 ("plaintiff offers three anonymous declarations from purported friends of plaintiff"); *Ghazarian*, Case No. 2:19-cv-04664, Dkt. 46 (Application to seal confidential declaration of non-party). |
| 10 | A.P. Decl. ¶ 6: "**I learned through my friends who are vendors that Fontana also requires an extremely high amount of insurance**, something that many of the restaurants I have worked in were not even required to | Hearsay (Fed. R. Evid. § 801); Lacks Personal Knowledge (Fed. R. Evid. § 602); Improper Lay Opinion (Fed. R. Evid. § 701)<br><br>A.P.'s testimony lacks personal knowledge of any insurance policy. A.P.'s testimony further lacks personal knowledge of the "logic" or "justness" of any | The Court should overrule this objection.<br><br>A.P.'s testimony about insurance requirements reflects information widely known in the vendor community—which is also an undisputed fact about the regulation—and is offered to show the |

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | get. **This is not logical or just.**" | insurance policy and is an improper opinion by a lay witness. A.P.'s testimony is also inadmissible hearsay regarding what A.P.'s friends told A.P. | effect of the ordinance on vendors, not for the truth of any specific insurance policy terms. To the extent A.P. learned about the insurance requirement from other vendors, the statement is not offered for its truth but to explain A.P.'s state of mind and decision not to apply for a permit. A.P.'s characterization as "not logical or just" is a permissible lay opinion under Rule 701 based on A.P.'s personal experience working in restaurants for years. |
| 11 | A.P. Decl. ¶ 7: "It is not possible for me to return to sell in Fontana because **I have been told by City employees that they do [not] allow food vendors**, and **I believe I would have all my items thrown away if I were to sell there again because I have seen that happen to other vendors many times.**" | Hearsay (Fed. R. Evid. § 801); Speculation (Fed. R. Evid. § 602); Lack of Foundation (Fed. R. Evid. § 901); Relevance (Fed. R. Evid. § 401; 403)<br><br>A.P.'s testimony regarding what A.P. was "told by City employees" is inadmissible hearsay. To the extent that A.P. relies on the party opponent admission exception, that exception depends, in part, on who the City employee is and whether | The Court should overrule this objection. Statements by City employees are admissible as opposing party statements under Fed. R. Evid. 801(d)(2)(D). A.P.'s belief about consequences is based on personal observation of enforcement actions against other vendors and is directly relevant to showing ongoing irreparable harm and the |

13

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | | that alleged employee was either authorized by the City to make the statement or made the statement within the scope of their employment. A.P. has not established a foundation for that exception. Further, A.P.'s testimony regarding what A.P. "believes" would happen is speculation. A.P. testified that the City told him that they do allow food vendors, and thus his belief that his items would be thrown away merely because he is a food vendor is baseless speculation. Finally, the alleged actions with respect to unidentified street vendors are irrelevant to any claims at issue in this case. Plaintiffs only bring as-applied challenges with respect to A.M, L.C., and A.P. For any other conduct, Plaintiffs do not challenge the implementation of the Challenged Ordinances, only their enforceability. As such, specific code-enforcement conduct that is not related to A.M., L.C., and A.P. is either irrelevant or at a minimum, its probative value is substantially outweighed by a | chilling effect of the City's enforcement practices. A.P.'s testimony about what happened to other vendors is relevant to show the pattern and practice of enforcement, which is directly relevant to the preliminary injunction analysis. |

PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | | danger of unfair prejudice or confusing the issues. | |
| 12 | A.P. Decl. ¶ 8: "**I have witnessed the City of Fontana code enforcement throwing away the food of vendors in Fontana. A few years ago, I saw a taco vendor in Fontana who had just put out a fresh trompo, and the code enforcement officers, without checking anything, grabbed the whole trompo with around 80 pounds of meat and put it straight into black trash bags. This act would have had a devastating effect on the income and survival of the vendor.**" | Speculation (Fed. R. Evid. § 602); Lack of Foundation (Fed. R. Evid. § 901); Improper Lay Opinion (Fed. R. Evid. § 701); Relevance (Fed. R. Evid. § 401; 403)<br><br>A.P.'s testimony that "the code enforcement officers, without checking anything, grabbed the whole trompo . . ." is speculatory. Further, the alleged actions with respect to this unidentified street vendor is irrelevant to any claims at issue in this case. Plaintiffs only bring as-applied challenges with respect to A.M, L.C., and A.P. For any other conduct, Plaintiffs do not challenge the implementation of the Challenged Ordinances, only their enforceability. As such, specific code-enforcement conduct that is not related to A.M., L.C., and A.P. is either irrelevant or at a minimum, its probative value is substantially outweighed by a danger of unfair prejudice or confusing the issues. Finally, A.P.'s testimony that "This | The Court should overrule this objection. A.P. has personal knowledge of what he witnessed—the confiscation of a vendor's food. His statement that the officers did so "without checking anything" is a percipient observation. His opinion about the "devastating effect" on the vendor is a permissible lay opinion under Rule 701, rationally based on his own experience as a vendor who understands the financial impact of losing 80 pounds of meat. The testimony is relevant to show the nature and severity of the City's enforcement practices. Conduct toward other vendors is relevant background evidence to the preliminary injunction motion. |

15

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | | act would have had a devastating effect on the income and survival of the vendor" lacks any evidentiary foundation, is speculatory, and is an improper opinion by a lay witness. | |
| 13 | A.P. Decl. ¶ 10: "I worked for fourteen years in a kitchen cooking food, and **I never saw the same kind of enforcement on brick-and-mortar businesses that I have seen on street vendors in Fontana.**" | Relevance (Fed. R. Evid. § 401; 403)<br><br>This statement is irrelevant to any claims at issue in this case. Plaintiffs' claims are not based on disparate treatment between street vendors and brick-and-mortar businesses. At a minimum, this statement's probative value is substantially outweighed by a danger of unfair prejudice or confusing the issues. | The Court should overrule this objection.<br><br>This testimony is relevant to show the disparate regulatory burden placed on sidewalk vendors compared to similarly situated food businesses, which is directly relevant to Plaintiffs' claims. *See* Cal. Gov. Code, § 51038 (limiting restrictions municipalities may place on sidewalk vending, including that it not be "more restrictive" than limitations "on other businesses"). Plaintiffs' claims encompass challenges to the reasonableness and enforceability of the vending ordinances, and comparative treatment is probative of whether the |

16

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | | | regulations advance legitimate or compelling government interests and whether they are directly related to objective health, safety, or welfare concerns. Its probative value is not substantially outweighed by any Rule 403 concerns. |
| 14 | A.P. Decl. ¶ 11: "**Fontana treats us street vendors like criminals, like we are doing something wrong by trying to make a living. I have heard the City of Los Angeles allows vending and is providing carts for vendors to help them.**" | Hearsay (Fed. R. Evid. § 801); Lack of Personal Knowledge (Fed. R. Evid. § 602); Relevance/Vague/Ambiguous (Fed. R. Evid. § 401; 403)<br><br>The City only acts through its agents and thus statements about how the "City" treats street vendors is vague and ambiguous because it does not attribute conduct to any specific person. Moreover, A.P.'s testimony lacks personal knowledge of what the City of Los Angeles allows. A.P.'s testimony also relies on inadmissible hearsay. Finally, the actions of the City of Los Angeles are irrelevant to any claims at issue in this case. At a minimum, this statement's probative value is | The Court should overrule this objection.<br><br>A.P.'s testimony about how sidewalk vendors are treated is based on personal experience and observation, not hearsay. The reference to the City of Los Angeles is relevant background showing that other municipalities have adopted different approaches to sidewalk vending, which is probative of whether Fontana's approach is reasonable, whether it advances legitimate or compelling government interests, and whether it is directly related to objective health, safety, or welfare concerns. |

17

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | | substantially outweighed by a danger of unfair prejudice or confusing the issues | Even if tangential, its probative value is not substantially outweighed by any Rule 403 concerns. The statement is not vague—it clearly describes A.P.'s experience of the treatment of sidewalk vendors. |
| 15 | Hernandez Decl. ¶ 21: "**City leaders were again resistant to change.**" | Lack of Personal Knowledge/Speculation (Fed. R. Evid. § 602)

Hernandez's testimony lacks personal knowledge of how the City leaders felt about any "change" and therefore is impermissible speculation. | The Court should overrule this objection.

As Executive Director of ICIJ, Hernandez has personal knowledge of ICIJ's interactions with City leaders, including attending public meetings, engaging in advocacy, and witnessing City officials' responses to proposed changes to vending ordinances. His testimony reflects his personal observations of City leaders' conduct and statements, not speculation. This is classic percipient witness testimony. |
| 16 | Hernandez Decl. ¶ 25: "In 2019, the City enacted Or. 1789, | Best Evidence Rule (Fed. R. Evid. § 1002); Improper Opinion Testimony (Fed. R. | The Court should overrule this objection. |

PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | **imposing burdensome permit requirements** on sidewalk vendors not required of other small businesses— including multi-million-dollar insurance, annual LiveScan background checks, and a requirement that vendors use public sidewalks 'at their own risk.' The ordinance also purported to authorize the seizure of vendor property. By January 2022, the City began confiscating perishable goods from vendors; **confiscations grew from a modest number in 2022 to more than four hundred by 2023.**" | Evid. § 701); Lack of Foundation (Fed. R. Evid. § 901); Lack of Personal Knowledge (Fed. R. Evid. § 602) The ordinance speaks for itself and is the best evidence of what the ordinance states. Hernandez's testimony referring to the permit requirements as "burdensome" is improper opinion testimony. Hernandez's testimony regarding confiscation data lacks foundation. Finally, Hernandez has not provided foundation for how he knows how many seizures there were in 2022 and 2023. | The best evidence rule does not bar testimony about the contents of an ordinance that is a public record and has been separately submitted to the Court. Hernandez's characterization of the requirements as "burdensome" is a permissible lay opinion under Rule 701, rationally based on his extensive experience working with vendors attempting to comply with the requirements. As Executive Director of ICIJ, he has personal knowledge of the organization's members' experiences with the permit process and confiscations. His knowledge of confiscation numbers is based on ICIJ's organizational records and direct interaction with affected vendors. |
| 17 | Hernandez Decl. ¶ 26: "**Mayor Warren publicly displayed hostility toward sidewalk vendors,** | Improper Opinion Testimony (Fed. R. Evid. § 701); Relevance (Fed. R. Evid. § 401; 403) | The Court should overrule this objection. Hernandez's testimony about the Mayor's |

19

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | **calling them 'illegal' and urging the public not to patronize them.**" | Hernandez's testimony that "Mayor Warren publicly displayed hostility toward sidewalk vendors" is improper opinion testimony. Moreover, any statements by Mayor Warren are irrelevant to any claims at issue in this case. Plaintiffs do not challenge the implementation of the Challenged Ordinances or the motivation behind them, only their enforceability. As such, any comments by Mayor Warren regarding street-vendors are either irrelevant or at a minimum, their probative value is substantially outweighed by a danger of unfair prejudice or confusing the issues. | public statements is based on personal observation of public meetings and statements. Characterizing the statements as displaying "hostility" is a permissible lay opinion under Rule 701. The Mayor's public statements are highly relevant to showing the intent and purpose behind the City's enforcement practices. They are also relevant background to the preliminary injunction analysis. |
| 18 | Hernandez Decl. ¶ 28: "At the same October 2023 meeting, the City approved a contract with 4LEAF to supplement City code enforcement. The contract was signed on November 14, 2023. The City committed to pay $644,498 over six months for citywide | Best Evidence Rule (Fed. R. Evid. § 1002); Relevance (Fed. R. Evid. § 401; 403)<br><br>The contract, and not Hernandez's selected excerpts, speaks for itself and is the best evidence of what the contract states. Moreover, any statements by Mayor Warren are irrelevant to any claims at issue in this case. Plaintiffs do not challenge the | The Court should overrule this objection.<br><br>The contract has been separately submitted into evidence, and Hernandez's testimony summarizing its terms does not violate the best evidence rule. The Mayor's statement at a public meeting is directly relevant to the |

PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | coverage six evenings per week. **The Scope of Work directed 4LEAF to 'confiscate all perishable/non-perishable items' from vendors operating without permits and gave 4LEAF access to the police department for support. Mayor Acquanetta Warren declared at the meeting: 'It's time for us to take a stand . . . So now it's time to grab a couple of hammers. Done.'"** | implementation of the Challenged Ordinances or the motivation behind them, only their enforceability. As such, any comments by Mayor Warren regarding street-vendors are either irrelevant or at a minimum, their probative value is substantially outweighed by a danger of unfair prejudice or confusing the issues. | City's enforcement intent and the context of the preliminary injunction motion. It is highly probative of the City's approach to sidewalk vending enforcement and is relevant to the issue of whether the government has a legitimate or compelling interest in enforcing its regulation. |
| 19 | Hernandez Decl. ¶ 29: **"4LEAF officers confront vendors unannounced in organized groups. They wear all-black garb and frequently masks, balaclavas, or hoods—so that only their eyes are visible—and sometimes wear tactical vests. They often tell vendors they are "from the City," without badges or nametags.** | Lack of Personal Knowledge (Fed. R. Evid. § 602); Hearsay (Fed. R. Evid. § 801)<br><br>Hernandez's testimony lacks personal knowledge regarding whether the alleged activity took place or whether the purported masked individuals worked for 4LEAF. Due to the lack of foundation to support his personal knowledge, this testimony likely relies on inadmissible hearsay. | The Court should overrule this objection.<br><br>As Executive Director of ICIJ, Hernandez has personal knowledge based on his organization's direct work with vendors, reports from ICIJ members, and personal observations of enforcement activities. The statements by 4LEAF officers to vendors are admissible as opposing party |

21

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | **They tell vendors they have no right to vend and must leave, and provide only a written bulletin—in English—advising vendors to get permits or leave."** | | statements under Fed. R. Evid. 801(d)(2)(D). To the extent his testimony is based on reports from ICIJ members, at the preliminary injunction stage, courts may consider hearsay evidence. *See Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988). |
| 20 | Hernandez Decl. ¶ 30: "**When our members have had their vending equipment and food confiscated, 4LEAF officers surround the vendor with their unmarked white vans and prevent them from leaving. If vendors resist, 4LEAF officers threaten to call the police.** One vendor member responded, 'Why would you call the police, I am not bothering anyone,' after which the officer radioed for backup and more vehicles arrived, **intimidating** | Lack of Personal Knowledge (Fed. R. Evid. § 602); Improper Opinion Testimony (Fed. R. Evid. § 701); Hearsay (Fed. R. Evid. § 801)<br><br>Hernandez's testimony lacks personal knowledge regarding whether the alleged activity took place or whether the purported masked individuals worked for 4LEAF. Due to the lack of foundation to support his personal knowledge, this testimony likely relies on inadmissible hearsay. Moreover, the statements made by an unidentified member are also hearsay. | The Court should overrule this objection.<br><br>Same arguments as Objection No. 19. The vendor member's quoted statement is offered to show the nature of the enforcement encounter, not for the truth of the matter asserted. The description of the vendor being "intimidated into silence" is a permissible lay observation. At the preliminary injunction stage, courts may consider hearsay. Hernandez has organizational knowledge as ICIJ's Executive Director. *See Republic of the Philippines v. Marcos*, |

PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | the vendor into silence." | | 862 F.2d 1355, 1363 (9th Cir. 1988). |
| 21 | Hernandez Decl. ¶ 33: "**Many vendors were discouraged or prevented from applying because the requirements were unaffordable or inaccessible.**" | Lack of Personal Knowledge (Fed. R. Evid. § 602); Hearsay (Fed. R. Evid. § 801)<br><br>Hernandez's testimony lacks personal knowledge regarding whether the alleged activity took place. Due to the lack of foundation to support his personal knowledge, this testimony likely relies on inadmissible hearsay. | The Court should overrule this objection.<br><br>As Executive Director of ICIJ, Hernandez has personal knowledge based on ICIJ's work directly assisting vendors with the permit application process. His testimony reflects his organizational knowledge of the barriers vendors faced, which he learned through ICIJ's direct programming and services and is relevant to establish that the Defendants' conduct is frustrating the ability of ICIJ to fulfill its mission. At the preliminary injunction stage, courts may consider such testimony. *See Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988). |
| 22 | Hernandez Decl. ¶ 34: "**The City gave ICIJ members false and** | Lack of Personal Knowledge (Fed. R. Evid. § 602); Lack of Foundation (Fed. R. Evid. | The Court should overrule this objection. |

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | **inconsistent information, forcing repeat trips to the permit office.**" | § 901); Improper Opinion Testimony (Fed. R. Evid. § 701); Vague (Fed. R. Evid. § 403); Hearsay (Fed. R. Evid. § 801)<br><br>Hernandez's testimony lacks personal knowledge regarding whether the alleged activity took place. Due to the lack of foundation to support his personal knowledge, this testimony likely relies on inadmissible hearsay. Moreover, his testimony is also vague as to what information was purportedly "false and inconsistent." | Hernandez has personal knowledge based on ICIJ's direct work assisting members with the permit process, including accompanying members to the permit office. His characterization of information as "false and inconsistent" is based on his personal knowledge of the actual permit requirements and the information provided by City staff. The statement is not impermissibly vague—it clearly identifies the conduct (providing false and inconsistent information) and its effect (repeat trips). At the preliminary injunction stage, hearsay is admissible. *See Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988). |
| 23 | Hernandez Decl. ¶ 38: "**The City's EOC provision's vagueness** prevented ICIJ from providing clear and accurate | Improper Legal Conclusion (Fed. R. Evid. § 701)<br><br>To the extent that Hernandez's testimony is that the EOC provision is | The Court should overrule this objection.<br><br>Hernandez's testimony is not an improper legal conclusion. He is |

24

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | Know-Your-Rights guidance to its members. Vendors repeatedly asked ICIJ staff what the law meant and what they were allowed to do. We could not provide clear guidance because of the law's vagueness—we would tell them, "We don't know what it means." Rather than give inaccurate KYR trainings, ICIJ was unable to provide guidance in line with its mission. **The law's ambiguity** impaired ICIJ's KYR trainings and chilled vendor speech and advocacy." | unconstitutionally "vague," that testimony is an improper legal conclusion and does not constitute appropriate lay witness testimony. | testifying about the practical impact of the ordinance's language on ICIJ's ability to provide accurate guidance to its members—a factual matter within his personal knowledge as Executive Director. His testimony about "vagueness" reflects the actual experience of ICIJ staff attempting to interpret and explain the law to vendors, not a legal opinion on constitutional vagueness doctrine. This is proper lay testimony about the practical effects of the ordinance on ICIJ's operations. |
| 24 | Hernandez Decl. ¶ 40: "The **City used threats—including threats of deportation—against organizers and targeted the most vocal people, silencing them.**" | Lack of Foundation (Fed. R. Evid. § 901); Improper Opinion Testimony (Fed. R. Evid. § 701); Vague (Fed. R. Evid. § 403); Lack of Personal Knowledge (Fed. R. Evid. § 602); Hearsay (Fed. R. Evid. § 801)<br><br>Hernandez's testimony lacks personal knowledge regarding whether the alleged | The Court should overrule this objection.<br><br>As Executive Director of ICIJ, Hernandez has personal knowledge of threats reported to ICIJ by its members and has directly observed the impact on the community. His characterization of |

25

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | | activity took place. Due to the lack of foundation to support his personal knowledge, this testimony likely relies on inadmissible hearsay. Moreover, his testimony regarding the use of "threats" and "targeting" is improper opinion testimony. It is also vague as to what "threats" and "targeted" mean. Additionally, the statement in inadmissible hearsay. To the extent that Hernandez relies on the party opponent admission exception, that exception depends, in part, on who the City employee is and whether that alleged employee was either authorized by the City to make the statement or made the statement within the scope of their employment. Hernandez has not established a foundation for that exception. | conduct as "targeting" the "most vocal people" is a permissible lay opinion based on his personal observations and organizational knowledge. The statement is not impermissibly vague—it clearly identifies threats of deportation and targeted enforcement. At the preliminary injunction stage, hearsay is admissible. *See Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988). |
| 25 | Hernandez Decl. ¶ 41: "**Because the City and 4LEAF expelled nearly all sidewalk vendors from Fontana**, attendance at ICIJ's programs sharply declined." | Lack of Personal Knowledge (Fed. R. Evid. § 602); Lack of Foundation (Fed. R. Evid. § 901); Improper Opinion Testimony (Fed. R. Evid. § 701); Hearsay (Fed. R. Evid. § 801) | The Court should overrule this objection.<br><br>As Executive Director of ICIJ, Hernandez has direct personal knowledge of ICIJ's program attendance |

PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | | Hernandez's testimony lacks personal knowledge regarding whether the alleged activity took place. Due to the lack of foundation to support his personal knowledge, this testimony likely relies on inadmissible hearsay. Moreover, his testimony regarding causation is improper opinion testimony. | data. His testimony about the causal connection between the City's enforcement and declining attendance is a permissible lay opinion under Rule 701, rationally based on his extensive experience and organizational knowledge. This is also directly relevant to ICIJ's standing and its claim of organizational injury. |
| 26 | Hernandez Decl. ¶ 43: "**Vendors were very fearful and started going out to sell less and less. Vendors were forced to relocate to other cities and unincorporated areas of the county to avoid the harassment and repeated destruction of their food and equipment. By the end of 2023, most of the vendors ICIJ served in Fontana had been driven out of the City. As of early 2026, nearly all** | Lack of Personal Knowledge (Fed. R. Evid. § 602); Lack of Foundation (Fed. R. Evid. § 901); Speculation (Fed. R. Evid. § 602); Improper Opinion Testimony (Fed. R. Evid. § 701); Hearsay (Fed. R. Evid. § 801)<br><br>Hernandez's testimony lacks personal knowledge regarding whether the alleged activity took place. Due to the lack of foundation to support his personal knowledge, this testimony likely relies on inadmissible hearsay. Moreover, his testimony regarding causation is speculation and improper opinion testimony. | The Court should overrule this objection.<br><br>As Executive Director of ICIJ, Hernandez has direct personal knowledge of the vendor community in Fontana based on ICIJ's direct services, outreach, and programming. His observations about vendor displacement are based on ICIJ's organizational records and direct work in the community. This testimony is not speculative—it reflects the organization's direct knowledge of its service |

PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
|  | vendors have been expelled from Fontana and only a handful of sidewalk businesses remain." |  | population. At the preliminary injunction stage, such testimony is admissible. *See Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988). |
| 27 | Hernandez Decl. ¶ 44: "**Fontana's unlawful conduct has impeded ICIJ's ability to perform its existing services for the Fontana immigrant community.**" | Lack of Personal Knowledge (Fed. R. Evid. § 602); Lack of Foundation (Fed. R. Evid. § 901); Hearsay (Fed. R. Evid. § 801); Improper Legal Conclusion (Fed. R. Evid. § 701)<br><br>Hernandez's testimony lacks personal knowledge regarding whether the alleged conduct took place. Due to the lack of foundation to support his personal knowledge, this testimony likely relies on inadmissible hearsay. Moreover, Hernandez's testimony that Fontana's conduct is "unlawful" is an improper legal conclusion and does not constitute appropriate lay witness testimony. | The Court should overrule this objection.<br><br>Hernandez has direct personal knowledge of ICIJ's operations and the impact of the City's conduct on ICIJ's ability to perform its services. While "unlawful" may be characterized as a legal conclusion, the substance of the testimony—that the City's conduct has impeded ICIJ's services—is proper lay testimony about the factual impact on ICIJ's organizational mission. This is directly relevant to ICIJ's standing and its claim of organizational injury. |
| 28 | Hernandez Decl. ¶ 45: "**ICIJ's members have been harmed by the City's and** | Lack of Foundation (Fed. R. Evid. § 901); Lack of Personal Knowledge (Fed. R. | The Court should overrule this objection. |

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | 4LEAF's conduct in multiple ways. Members have been: (1) threatened with prosecution under the EOC provision and thereby silenced; (2) had their food, equipment, and other property seized under the impoundment provisions; and (3) been unable to obtain permits because of the City's onerous and inaccessible permit requirement." | Evid. § 602); Hearsay (Fed. R. Evid. § 801)<br><br>Hernandez's testimony lacks personal knowledge regarding whether the alleged conduct took place. Due to the lack of foundation to support his personal knowledge, this testimony likely relies on inadmissible hearsay. | As Executive Director, Hernandez has personal knowledge of ICIJ members' experiences based on the organization's direct work with its members. His summary of the types of harm experienced by ICIJ members is proper organizational testimony. At the preliminary injunction stage, courts may consider this type of evidence. *See Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988). |
| 29 | Hernandez Decl. ¶ 50: "**Absent an injunction, ICIJ and its members will continue to be injured by the City's and 4LEAF's unlawful conduct.**" | Lack of Foundation (Fed. R. Evid. § 901); Lack of Personal Knowledge (Fed. R. Evid. § 602); Hearsay (Fed. R. Evid. § 801); Improper Legal Conclusion (Fed. R. Evid. § 701)<br><br>Hernandez's testimony lacks personal knowledge regarding whether ICIJ's members have been injured by the City's and 4LEAF's conduct. Due to the lack of foundation to support his | The Court should overrule this objection.<br><br>Hernandez is competent to testify about the ongoing nature of ICIJ's and its members' injuries based on his organizational knowledge. While "unlawful" may be characterized as a legal conclusion, the substance of the testimony—that ongoing injury will continue |

PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | | personal knowledge, this testimony likely relies on inadmissible hearsay. Moreover, Hernandez's testimony that Fontana's conduct is "unlawful" and that an injunction will prevent "continued" injury are improper legal conclusions and do not constitute appropriate lay witness testimony. | absent court intervention—is a factual prediction based on Hernandez's personal knowledge of the City's enforcement patterns. This testimony is directly relevant to irreparable harm, a required element of the preliminary injunction analysis. |
| 30 | Brinkley Decl. ¶ 14: "**My 2013 study of curbside produce vendors in low-income Philadelphia, for example, found that produce trucks offered significantly lower prices on common fruits and vegetables than nearby conventional retailers, while providing a variety of produce comparable to limited-assortment grocery stores.**" | Relevance (Fed. R. Evid. §§ 401, 403)<br><br>Brinkley's testimony lacks relevance because the study referenced was from 13 years ago, from a different state, and only concerned produce. At a minimum, its probative value of this testimony is substantially outweighed by a danger of unfair prejudice or confusing the issues. | The Court should overrule this objection.<br><br>Dr. Brinkley's testimony about her prior research is relevant background establishing her qualifications as an expert and the foundation for her expert opinions. Expert witnesses routinely reference their prior work to establish expertise and provide context for their opinions. The study's age and geographic origin go to weight, not admissibility. Its probative value is not substantially outweighed |

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | | | by any Rule 403 concerns. |
| 31 | Brinkley Decl. ¶ 15: "**Policies that encourage sidewalk-food vending are a low-cost public-health intervention that can improve dietary outcomes at the neighborhood level and boost economic development in the neighborhood.**" | Lack of Foundation (Fed. R. Evid. § 901)<br><br>Brinkley's testimony regarding sidewalk-food vending lacks foundation. | The Court should overrule this objection.<br><br>Dr. Brinkley has been offered as an expert witness and has established her qualifications through her declaration. Her testimony about the public health benefits of sidewalk vending is within the scope of her expertise and is supported by her research and publications. Expert opinions need not be based on firsthand knowledge of the specific jurisdiction at issue. Fed. R. Evid. 703 permits experts to rely on data and information reasonably relied upon by experts in the field. |
| 32 | Brinkley Decl. ¶ 20: "**When vendors cannot comply with non-health-based regulatory barriers, the result is not the elimination of** | Improper Legal Conclusion (Fed. R. Evid. § 701)<br><br>To the extent Brinkley's testimony offers a legal conclusion regarding regulations and protections, it | The Court should overrule this objection.<br><br>Dr. Brinkley's testimony is not an improper legal conclusion. She is offering an expert |

31

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | **vending but rather its displacement into unpermitted, unregulated activity—where vendors lack legal protections and suffer from economic precarity.**" | is an improper legal conclusion and does not constitute appropriate expert witness testimony. | opinion about the practical consequences of regulatory barriers on sidewalk vending based on her research and expertise. Her reference to "legal protections" is incidental to her broader expert opinion about the effects of overregulation. Expert witnesses are permitted to testify on ultimate issues under Fed. R. Evid. 704(a). |
| 33 | Brinkley Decl. ¶ 21: "**Any municipal restriction on sidewalk-food vending—including restrictions on operating hours, location, equipment, permitting requirements, or permission from adjacent brick-and-mortar businesses—should be objectively evaluated for its actual, evidence-based connection to public-health objectives such as food safety, sanitation, consumer** | Improper Legal Conclusion (Fed. R. Evid. § 701)<br><br>To the extent Brinkley's testimony implies a legal standard for evaluating the legality of an ordinance, it is an improper legal conclusion and does not constitute appropriate expert witness testimony. | The Court should overrule this objection.<br><br>Dr. Brinkley is not offering a legal conclusion. She is providing her expert opinion on best practices for municipal regulation of sidewalk vending based on her academic research. Expert witnesses routinely provide opinions about standards and best practices in their field, and such testimony does not become an improper legal conclusion merely because it touches on regulatory policy. Under |

PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | protection, and neighborhood safety. Considerations should align with those for brick and mortar businesses." | | Fed. R. Evid. 704(a), an expert's opinion is not objectionable simply because it embraces an ultimate issue. |
| 34 | Brinkley Decl. ¶ 22: "SB 946 reflects this principle by forbidding California municipalities from regulating sidewalk vending unless there is an objective health, safety, or welfare concern. My research has demonstrated that a substantial majority of local ordinances failed to meet this standard in 2020, shortly after SB 946 took effect in 2019." | Improper Legal Conclusion (Fed. R. Evid. § 701)<br><br>To the extent Brinkley's testimony implies a legal standard for evaluating the legality of an ordinance, it is an improper legal conclusion and does not constitute appropriate expert witness testimony. | The Court should overrule this objection.<br><br>Dr. Brinkley is testifying about the results of her empirical research examining local ordinances in relation to SB 946's framework. This is proper expert testimony about her research findings, not a legal conclusion about the constitutionality or legality of any specific ordinance. Expert witnesses may reference statutory frameworks when providing context for their research findings. Under Fed. R. Evid. 704(a), expert testimony is not objectionable because it embraces an ultimate issue. |
| 35 | Declaration of California Senator Maria Elena Durazo | Improper Legal Conclusion (Fed. R. Evid. § 701); Relevance (Fed. R. Evid. §§ | The Court should overrule this objection. |

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | (Dkt. 96-15) ("Durazo Decl."): **in its entirety.** | 401, 403); Lack of Foundation (Fed. R. Evid. § 901)<br><br>To the extent Durazo's testimony offers legal conclusions on the ultimate questions of preemption or constitutionality, that testimony is an improper legal conclusion and does not constitute appropriate expert witness testimony. Moreover, Durazo's testimony concerning her individual intent and belief regarding the scope of SB 946, SB 972, and SB 635 are not relevant to the intent of the legislature as a whole, which is what is relevant to a preemption analysis. *See e.g. United States v. Tan*, 16 F.4th 1346, 1352 (9th Cir. 2021) ("'remarks of a single legislator, even the sponsor, are not controlling in analyzing legislative history,' [citation omitted], particularly when made in a committee hearing and not in a floor debate where Congress as a whole could consider the remarks."). Accordingly, Durazo lacks foundation to testify | Senator Durazo's testimony about the legislative intent behind SB 946, SB 972, and SB 635 is highly relevant to Plaintiffs' preemption claims. As the author of SB 635 and co-author of SB 972, Senator Durazo has unique personal knowledge of the legislative purpose and intent behind the legislation. While the City cites *United States v. Tan*, 16 F.4th 1346, 1352 (9th Cir. 2021) for the proposition that a single legislator's remarks are not controlling, this does not render such testimony inadmissible—it merely limits its weight. A bill author's testimony about legislative intent is an admissible form of legislative history evidence. *See, e.g., Brock v. Pierce Cnty.*, 476 U.S. 253, 263, 106 S. Ct. 1834, 1840–41, 90 L. Ed. 2d 248 (1986) (when statements by individual legislators "are consistent with the statutory language and |

PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

| No. | Material Objected to (objected to portion is in bold) | Grounds for City of Fontana's Objections | Plaintiffs' Response to Fontana's Objections |
|---|---|---|---|
| | | regarding the intent of the entire legislature and her opinions are irrelevant or at a minimum, the probative value of her testimony is substantially outweighed by a danger of unfair prejudice or confusing the issues. | other legislative history, they provide evidence of Congress' intent."); *Dep't of Toxic Substances Control v. Interstate Non-Ferrous Corp.*, 99 F. Supp. 2d 1123, 1136 (E.D. Cal. 2000) ("legislative statements can be helpful to determine statutory meaning and Congressional intent."). Senator Durazo's testimony is not an improper legal conclusion—she is testifying about the factual purpose and intent of legislation she authored, which is within her personal knowledge. Her testimony is directly relevant to the preemption analysis, central to Plaintiffs' claims. |

///

///

///

PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

## II.   RESPONSE TO DEFENDANT 4LEAF, INC.'S OBJECTIONS

Plaintiffs respond to Defendant 4LEAF's Objections to Evidence [104 at pp. 2-4].

| No. | Material Objected To | Grounds for 4LEAF's Objections | Plaintiffs' Response to 4LEAF's Objections |
|---|---|---|---|
| 1 | Declaration of Senator Maria Elena Durazo (Dkt. 96-15), ¶¶ 7, 18–20, 25 | "Improper legal conclusions." 4LEAF argues that Senator Durazo "opines that the City's ordinances and enforcement practices, 'and 4LEAF's role in carrying them out,' are 'contrary to the purpose and design of SB 946, SB 972, and SB 635.' . . . Whether the ordinances conflict with state law is the ultimate legal question on Plaintiffs' preemption claim, and it belongs to the Court. A witness's opinion on it — legislator or not — is not evidence. Fed. R. Evid. 701, 702." | The Court should overrule this objection.<br><br>Senator Durazo does not opine on the "ultimate legal question" of preemption; she provides expert testimony on *legislative purpose* —a factual matter within her unique personal knowledge as the legislator who authored SB 635 and co-authored SB 972. Her declaration expressly disclaims legal conclusions: "I do not offer legal conclusions on the ultimate questions of preemption or constitutionality, which are for the Court; I offer testimony about legislative purpose and about how the City's conduct maps onto, and frustrates, that purpose." Durazo Decl. ¶ 7. Courts routinely accept legislator testimony regarding statutory purpose. *See, e.g., Brock v. Pierce Cnty.*, 476 U.S. 253, 263, 106 S. Ct. 1834, |

PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

| No. | Material Objected To | Grounds for 4LEAF's Objections | Plaintiffs' Response to 4LEAF's Objections |
|---|---|---|---|
| | | | 1840–41, 90 L. Ed. 2d 248 (1986) (when statements by individual legislators "are consistent with the statutory language and other legislative history, they provide evidence of Congress' intent."); *Dep't of Toxic Substances Control v. Interstate Non-Ferrous Corp.*, 99 F. Supp. 2d 1123, 1136 (E.D. Cal. 2000) ("legislative statements can be helpful to determine statutory meaning and Congressional intent."). |
| 2 | Declaration of Senator Maria Elena Durazo (Dkt. 96-15), ¶¶ 7, 25 | "Lack of foundation as to 4LEAF." 4LEAF argues that "Senator Durazo lists the materials she reviewed. ¶ 8. None of them is evidence of what 4LEAF did. Her opinion about '4LEAF's role in carrying them out' rests on Plaintiffs' allegations, not on personal knowledge or on any record of 4LEAF's conduct. Fed. R. Evid. 602." | The Court should overrule this objection.

Senator Durazo's declaration lays an adequate foundation. She reviewed the Second Amended Complaint, the City ordinances, declarations filed in support of Plaintiffs' motion for preliminary injunction, and her own legislative experience. (Durazo Decl. ¶ 8.) Her testimony regarding 4LEAF's role is based on public record—4LEAF is the City's contracted enforcement agent under a |

PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

| No. | Material Objected To | Grounds for 4LEAF's Objections | Plaintiffs' Response to 4LEAF's Objections |
|---|---|---|---|
| | | | Professional Services Agreement that is part of the record. Senator Durazo's opinions address whether the *type of enforcement conduct* described in the record conflicts with the legislative framework she helped create. This is standard expert methodology—reliance on facts or data made available to the expert. Fed. R. Evid. 703. Rule 602's personal knowledge requirement applies to lay witnesses, not to experts offering opinion testimony under Rule 702. |
| 3 | Declaration of Senator Maria Elena Durazo (Dkt. 96-15), ¶¶ 9–14, 18–20 | "Post-enactment legislative history entitled to no weight." 4LEAF argues that "[a]n individual legislator's after-the-fact testimony about what 'the Legislature' intended is not cognizable legislative history and is routinely disregarded. See *California Teachers Ass'n v. San Diego Community College Dist.*, 28 Cal. 3d 692, 699–701 (1981) . . .; *Bread Political Action* | The Court should overrule this objection.<br><br>4LEAF conflates two distinct categories: (1) post-enactment statements about what a legislature *intended*, and (2) testimony about the *express statutory findings and declarations written into the statutes themselves*. Senator Durazo's declaration is grounded in the latter. She testifies about the statutory text and findings enacted |

PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

| No. | Material Objected To | Grounds for 4LEAF's Objections | Plaintiffs' Response to 4LEAF's Objections |
|---|---|---|---|
| | | *Comm. v. FEC*, 455 U.S. 577, 582 n.3 (1982)." | by the Legislature (Durazo Decl. ¶¶ 9–14), not her subjective understanding of legislative "intent." Moreover, as to SB 635, Senator Durazo is the *bill's author* and testifies from firsthand knowledge of the bill's purpose (Durazo Decl. ¶¶ 6, 15–17)—this is contemporaneous legislative history, not "post-enactment" revisionism. The cases 4LEAF cites address the weight courts give to individual legislators' subjective views of intent; they do not bar testimony explaining the public legislative record and express statutory findings. At the preliminary injunction stage, the Court should consider this testimony and give it appropriate weight. |
| 4 | Declaration of Senator Maria Elena Durazo (Dkt. 96-15), ¶¶ 15–17 | "Relevance." 4LEAF argues that "[t]he declaration's discussion of SB 635 addresses a statute under which Plaintiffs have not sued, enacted in 2025 — after the conduct alleged. Fed. R. Evid. 401, 402." | The Court should overrule this objection.<br><br>SB 635's relevance is not limited to whether Plaintiffs assert a cause of action directly under it. SB 635 is part of the same continuous legislative framework as SB 946 and |

39

| No. | Material Objected To | Grounds for 4LEAF's Objections | Plaintiffs' Response to 4LEAF's Objections |
|---|---|---|---|
| | | | SB 972 (Durazo Decl. ¶¶ 9, 15) and demonstrates the Legislature's escalating commitment to protecting sidewalk vendors from the exact type of enforcement conduct at issue. Evidence of subsequent legislation is relevant to understanding the purpose of the prior enactments and to the balance of equities and public interest—both required elements of the preliminary injunction analysis. Moreover, SB 635 is now in effect (as of January 1, 2026), and Plaintiffs' motion for *prospective* injunctive relief necessarily addresses the current legal landscape. Fed. R. Evid. 401 requires only that the evidence have "any tendency" to make a consequential fact more or less probable—a low threshold easily satisfied here. |
| 5 | Declaration of Dr. Catherine Brinkley (Dkt. 96-12), in its entirety | "Relevance as to 4LEAF." 4LEAF argues that "[o]utside the caption, Dr. Brinkley's declaration never mentions 4LEAF. It | The Court should overrule this objection. Dr. Brinkley's declaration is relevant because 4LEAF *enforces* the City's |

40

| No. | Material Objected To | Grounds for 4LEAF's Objections | Plaintiffs' Response to 4LEAF's Objections |
|---|---|---|---|
| | | addresses whether municipal sidewalk-vending regulations are supported by public-health evidence — a question about the City's ordinances, which 4LEAF did not enact and does not defend here. As offered against 4LEAF, the declaration bears on no element of any claim. Fed. R. Evid. 401, 402." | ordinances—the very ordinances Dr. Brinkley's testimony addresses. 4LEAF cannot simultaneously argue that it merely carries out the City's code while also claiming it is insulated from evidence about whether that code lacks a public health basis. Dr. Brinkley's testimony is directly relevant to Plaintiffs' preemption and due process claims against *all* Defendants, including 4LEAF in its capacity as the City's contracted enforcement agent. The declaration is offered to show that the regulations 4LEAF enforces lack an objective health, safety, or welfare basis as required by SB 946—a key element of Plaintiffs' preemption claim. That 4LEAF "did not enact" the ordinances is irrelevant to whether the evidence bears on a claim and request for injunctive relief against 4LEAF for enforcing them. |
| 6 | Declaration of Dr. Catherine Brinkley (Dkt. 96-12), ¶¶ 12–22 | "Fit (Fed. R. Evid. 702)." 4LEAF argues that "Dr. Brinkley offers general | The Court should overrule this objection. |

41

| No. | Material Objected To | Grounds for 4LEAF's Objections | Plaintiffs' Response to 4LEAF's Objections |
|---|---|---|---|
| | | public-health literature, a 2013 study of curbside produce vendors in Philadelphia (¶ 14), and a 2020 survey of California ordinances (¶¶ 19, 22) that predates Ordinance No. 1925 by three years. She reviewed no Fontana enforcement data and offers no Fontana-specific analysis. Expert testimony must fit the facts of the case; general policy literature does not make Fontana's particular justifications more or less probable." | Dr. Brinkley's testimony satisfies the "fit" requirement of Rule 702. She opines that overly restrictive vending regulations are not directly related to objective health, safety, or welfare concerns impede food access and exacerbate health disparities. (Brinkley Decl. ¶¶ 18–20.) This is directly relevant because a key element of Plaintiffs' preemption claim is whether Fontana's restrictions are "directly related to objective health, safety, or welfare concerns" as required by SB 946. Dr. Brinkley's peer-reviewed research—using methodologies accepted in food-systems planning and public-health scholarship (Brinkley Decl. ¶¶ 10–11)—provides the analytical framework for evaluating that question. Expert testimony need not be location-specific to "fit"; it is sufficient that the expert's methodology and conclusions are applicable to the facts at issue. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. |

| No. | Material Objected To | Grounds for 4LEAF's Objections | Plaintiffs' Response to 4LEAF's Objections |
|---|---|---|---|
| | | | 579, 591 (1993). The age and geographic origin of the studies go to weight, not admissibility. Its probative value is not substantially outweighed by any Rule 403 concerns. |
| 7 | Declaration of Dr. Catherine Brinkley (Dkt. 96-12), ¶¶ 18, 21–23, 25 | "Legal conclusions." 4LEAF argues that "Dr. Brinkley opines on whether restrictions are 'directly related to objective health, safety, or welfare concerns' — the SB 946 standard itself — and states that 'SB 946 . . . forbid[s] California municipalities from regulating sidewalk vending unless there is an objective health, safety, or welfare concern.' ¶ 22. What SB 946 forbids is a question for the Court. Fed. R. Evid. 702." | The Court should overrule this objection.<br><br>Dr. Brinkley is not offering a legal opinion on what SB 946 "forbids." She is offering an *expert public health opinion* on whether certain categories of vending restrictions have an objective basis in health, safety, or welfare— a factual question within her scientific expertise. Brinkley Decl. ¶¶ 21–25. That her factual conclusions overlap with a statutory standard does not make them "legal conclusions." Under Rule 702, expert opinion is not objectionable merely because it embraces an ultimate issue. Fed. R. Evid. 704(a) ("An opinion is not objectionable just because it embraces an ultimate issue to be decided by the trier of |

43

| No. | Material Objected To | Grounds for 4LEAF's Objections | Plaintiffs' Response to 4LEAF's Objections |
|---|---|---|---|
| | | | fact."). Dr. Brinkley's reference to SB 946 provides context for her public health opinions; it does not transform scientific testimony into legal advocacy. |
| 8 | Declaration of Plaintiff A.P. (Dkt. 96-10), ¶¶ 4, 8, 9 | "Foundation and attribution." 4LEAF argues that "A.P.'s only personal encounter is with a police officer in 2020 (¶ 4) — three years before 4LEAF's engagement with the City began. He otherwise describes a taco vendor he saw '[a] few years ago,' whose goods were taken by unidentified 'code enforcement officers.' ¶ 8. The declaration describes no encounter between A.P. and 4LEAF and nowhere identifies 4LEAF. It cannot support a finding against 4LEAF." | The Court should overrule this objection.<br><br>A.P.'s declaration describes: (1) a pattern of enforcement conduct by the City of Fontana that pre-dates and extends through 4LEAF's engagement (A.P. Decl. ¶¶ 4, 8); (2) the *ongoing chilling effect* of that enforcement, including A.P. 's reasonable fear that he "would have all [his] items thrown away" if he were to sell in Fontana again (A.P. Decl. ¶ 7); and (3) daily observation of "Fontana code enforcement officers driving by every day to see if people have set up" (A.P. Decl. ¶ 9). This testimony is relevant to show the *ongoing chilling effect* of the enforcement regime that 4LEAF implements, which is a key element of irreparable |

| No. | Material Objected To | Grounds for 4LEAF's Objections | Plaintiffs' Response to 4LEAF's Objections |
|---|---|---|---|
| | | | harm. A.P. need not have had a face-to-face encounter with a specifically identified 4LEAF agent for his testimony to be relevant. Moreover, the preliminary injunction analysis considers the *threatened* future harm, not merely past encounters. |
| 9 | Declarations of Plaintiffs A.M. (Dkt. 96-9), ¶ 6, and A.P. (Dkt. 96-10), ¶¶ 5, 7 | "Hearsay as offered against 4LEAF." 4LEAF argues that "[s]tatements attributed to unidentified Fontana City Hall employees — that the City does not issue permits to food vendors — may be party admissions as offered against the City. As offered against 4LEAF, they are hearsay. Fed. R. Evid. 801, 802." | The Court should overrule this objection.<br><br>First, at the preliminary injunction stage, the Court may consider hearsay evidence and give it appropriate weight. *Flynt*, 734 F.2d at 1394; *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009) ("A district court may . . . consider hearsay in deciding whether to issue a preliminary injunction."). Second, the City Hall employees' statements are not offered for their truth as against 4LEAF, and is admissible to show their *effect on the listener* —i.e., why A.M. and A.P. reasonably believed they could not obtain permits and therefore remained |

| No. | Material Objected To | Grounds for 4LEAF's Objections | Plaintiffs' Response to 4LEAF's Objections |
|---|---|---|---|
| | | | subject to 4LEAF's enforcement without any available compliance pathway. A.M. Decl. ¶ 6; A.P. Decl. ¶¶ 5, 7. This non-hearsay purpose is directly relevant to the chilling effect and irreparable harm elements of the preliminary injunction analysis. Third, these statements are also admissible as statements by the City's agents (Fed. R. Evid. 801(d)(2)(D)), and in a joint enforcement scheme, the City's statements about its own permit system are relevant to claims against 4LEAF as the City's contracted enforcer. |
| 10 | Declaration of Ariana Fuller (Dkt. 96-1), ¶ 8 | "Argument, legal conclusion, and lack of foundation." 4LEAF argues that "[c]ounsel declares that Defendants' motions to dismiss 'have prevented Plaintiffs from conducting discovery or otherwise moving the case forward.' A motion to dismiss does not stay discovery, and no order in this case stayed it. The statement is argument and legal | The Court should overrule this objection.

Ms. Fuller's declaration states facts within her personal knowledge as counsel of record— specifically, the procedural history of the case and Defendants' refusal to participate in the Rule 26(f) conference. (Fuller Decl. ¶ 8.) She declares that on June 5, 2026, the City "decline[d] to |

| No. | Material Objected To | Grounds for 4LEAF's Objections | Plaintiffs' Response to 4LEAF's Objections |
|---|---|---|---|
| | | characterization, not fact — and it is the only evidence Plaintiffs offer to excuse a year of delay." | participate" in the Rule 26(f) conference, attaching the correspondence as Exhibit G. *Id.* The factual assertion that Defendants' conduct "prevented Plaintiffs from conducting discovery" is supported by her sworn account of the City's refusal to schedule the conference required under Fed. R. Civ. P. 26(f), without which discovery cannot properly commence under the Federal Rules. |

## III.    CONCLUSION

For the foregoing reasons, the Court should overrule each of Defendants' objections and consider the full evidentiary record in evaluating Plaintiffs' Motion for Preliminary Injunction.

[SIGNATURE PAGE FOLLOWS]

Dated: July 20, 2026

**PUBLIC COUNSEL**

By: */s/ Ritu Mahajan*
   Ritu Mahajan (SBN 252970)
   *rmahajan@publiccounsel.org*
   Mark Rosenbaum (SBN 59940)
   *mrosenbaum@publiccounsel.org*
   Amanda Mangaser Savage (SBN 325996)
   *asavage@publiccounsel.org*
   Cassidy J. Bennett (SBN 347811)
   *cbennett@publiccounsel.org*
   Elizabeth R. Brown (SBN 360601)
   *ebrown@publiccounsel.org*
   Jacob Maddox (SBN 354368)
   *jmaddox@publiccounsel.org*
   Brittnee Bui (SBN 333372)
   *bbui@publiccounsel.org*
   610 South Ardmore Avenue
   Los Angeles, CA 90005
   Telephone: 213.385.2977

Respectfully submitted,

**KING & SPALDING LLP**

By: */s/ Ariana E. Fuller*
   Ariana E. Fuller (SBN 301797)
   *afuller@kslaw.com*
   Arwen R. Johnson (SBN 247583)
   *arwen.johnson@kslaw.com*
   Jeanne A. Fugate (SBN 236341)
   *jfugate@kslaw.com*
   633 West Fifth Street, Suite 1600
   Los Angeles, CA 90071
   Telephone: 213.443.4355

**ARNOLD & PORTER LLP**

By: */s/ Matthew T. Heartney*
   Matthew T. Heartney (SBN 123516)
   *matthew.heartney@arnoldporter.com*
   Daniel Shimell (SBN 300931)
   *daniel.shimell@arnoldporter.com*
   Kathryn Campbell (SBN 350536)
   *katie.campbell@arnoldporter.com*
   Dania Qahoush (SBN 335202)
   *dania.qahoush@arnoldporter.com*
   777 South Figueroa Street, 44th Floor
   Los Angeles, CA 90017-5844
   Telephone: 213.243.4000

## SIGNATURE ATTESTATION

Pursuant to L.R. 5-4.3.4(a)(2)(i), the undersigned, counsel of record for Plaintiffs, hereby attests that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:     July 20, 2026     By: _____
                               ARIANA E. FULLER

48