UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

A.M., A.P., L.C., INLAND COALITION FOR IMMIGRANT JUSTICE,

Plaintiffs,

v.

CITY OF FONTANA and 4LEAF, INC.,

Defendants.

Case No. 5:25-cv-02092-SSS-SPx

**~~[PROPOSED]~~ ORDER GRANTING MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS [DKT. NO. 117] AND ENTERING PROTECTIVE ORDER**

**[NOTE: CHANGES MADE BY COURT]**

# PROTECTIVE ORDER

1. The Court, having considered Plaintiffs A.M., A.P., L.C., (collectively, "Individual Plaintiffs") and Inland Coalition for Immigrant Justice's (collectively, "Plaintiffs") Motion for Leave to Proceed Under Pseudonyms ("Motion"), together with all papers and evidence filed in support thereof, and the arguments of counsel, and for good cause shown, hereby **GRANTS, IN PART,** the Motion. The Court deletes from Exhibit A, the Acknowledgment and Agreement to be Bound, the following language: "I commit to not harassing, illegally intimidating, threatening physical harm, assaulting, stalking, or impersonating the Individual Plaintiffs. I further commit to not following, destroying the personal property of, surveilling or keeping under surveillance, or contacting in any way the Individual Plaintiffs in any manner that violates the Protective Order." This Protective Order shall govern the conduct of Plaintiffs and Defendants City of Fontana and 4LEAF, Inc. (collectively, "Defendants") (Plaintiffs and Defendants, collectively, the "Parties"), with respect to the disclosure of the Individual Plaintiffs' identities. Pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Civ. P. 5.2, it is hereby **ORDERED** that:

2. Within seven (7) court days of entry of this Protective Order ("Order"), Counsel for Plaintiffs shall provide to the respective counsel for the Defendants the Individual Plaintiffs' true identities and identifying information ("true identity" or "true identities"). As used herein, true identity and identifying information refers to:

a. Name;
b. Date of birth;
c. Current address;

2. Notwithstanding the foregoing, the Parties expressly reserve their respective rights to request from any other Party during the course of discovery any other information that is discoverable. Relatedly, the Parties agree that nothing in this Order relieves them of the obligation to produce any discoverable documents or

information that they would otherwise be required to produce in the normal course of discovery.

3. Individual Plaintiffs are permitted to proceed pseudonymously throughout the course of these proceedings. The Parties exclusively will reference the Individual Plaintiffs through their respective pseudonyms of "A.M.", "A.P.", "L.C.", or as "Plaintiff" and/or "Plaintiffs" in all filings, throughout the course of discovery, and in all Court proceedings. The Parties agree that this Order pertains solely to the procedures for maintaining the confidentiality of Plaintiffs' true identities and shall not be construed as a waiver of, or prejudice to, Defendants' rights to challenge (i) whether any Plaintiff is properly joined in this action, or (ii) the legal sufficiency of any claim or defense through the appropriate procedural mechanism and motion practice.

4. The Parties, as well as their agents, employees, and assigns shall keep the true identities of Individual Plaintiffs confidential during and after the conclusion of this matter. Notwithstanding the foregoing, the Parties may disclose Individual Plaintiffs' true identities to the following:

a. The Parties to this litigation, including any employees, agents, and representatives of the Parties who have a legitimate need to have the confidential information to support a Party's defenses or claims in this Action, or testify in this action (whether in deposition or at trial);

   i. As used in this Order, "employees, agents, and representatives of the Parties" does not include code enforcement staff or contracted code enforcement officers other than those individuals who have a legitimate need to have the confidential information to support a Party's defenses or claims in this Action, or testify in this action (whether in deposition or at trial);

b. Counsel for the Parties and employees, agents, and representatives of counsel as needed to litigate any claims or defenses;

i. As used in this Order, "employees, agents, and representatives of counsel" refers to any employed or contracted support staff and other contractors or employees of such counsel with an appropriate need to know, including litigation assistants, paralegals, information technology, information or records management, investigative, secretarial, or clerical personnel;

c. The Court, court personnel, and members of the jury;

d. Court reporters, recorders, and videographers engaged for depositions;

e. Any mediator appointed by the Court or jointly selected by the Parties;

f. Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation;

g. Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent that Individual Plaintiffs' true identities will assist the witness in recalling, relating, or explaining facts or in testifying;

h. Any custodian of records, but only to the extent that Individual Plaintiffs' true identities will assist the custodian in obtaining and producing records;

i. Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

j. Other persons or entities as needed to litigate any claims or defenses upon consent of the Parties. Consent shall not be unreasonably withheld.

5. Defendants shall instruct all of their officials or employees to whom they disclose Individual Plaintiffs' true identities that the Individual Plaintiffs' identities are confidential and must not be disclosed to others either within or

outside of the Defendant entities. Except as permitted in paragraph (4) above, Defendants shall not disclose Plaintiffs' true identities to anyone who is not an official or employee of Defendants.

6. Individual Plaintiffs' true identities, (i) shall be used only for prosecuting, defending, or attempting to settle this Action, (ii) shall not be used for any business or law enforcement purpose, in connection with any other legal or administrative proceeding, or directly or indirectly for any other purpose whatsoever and (iii) shall not be disclosed to any person who is not entitled to receive such documents, information or material as herein provided. Notwithstanding the foregoing, nothing in this Order shall restrict in any way any law enforcement activities (including enforcing the ordinances in question in this Action) conducted in the ordinary course of municipal or law enforcement functions, so long as such law enforcement activities are not triggered by, or initiated based on, a disclosure of Plaintiffs' true identities pursuant to this Order. Should any Party believe that a disclosure of Individual Plaintiffs' true identities pursuant to this Order has been misused or that the Order has been violated, that Party may seek appropriate relief from the Court pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court.

7. All persons listed in paragraph (4) above to whom any Individual Plaintiff's true identity is disclosed shall first be required to read the terms of this Order and sign a copy of the "Acknowledgement and Agreement to Be Bound" form, attached hereto as Exhibit A. Further, no person shall be required to sign Exhibit A more than once.

8. The Parties acknowledge that this Order does not entitle them to file protected information or materials under seal. Local Rule 79-5 and this Court's civil standing order set forth the procedures that must be followed and the standards that

will be applied when a Party seeks permission from the Court to file material under seal.

9. All Parties and any third-parties appearing or submitting filings in this case are required to redact the true identities and any identifying information (for example, date of birth, address, license plate number, drivers' license information, medical records number) of Individual Plaintiffs in their filings with the Court.

10. The terms of this Order shall survive the termination of the Action after its final disposition for purposes of enforcing this Order. Even after final disposition of this litigation, the obligations imposed by this Order will remain in effect until the Parties agree otherwise in writing, if legally permissible, or a court order otherwise directs.

11. To the extent any Party or non-party has questions or concerns about whether any forthcoming filing complies with the requirements of this Stipulated Protective Order, such party or nonparty should seek leave of Court prior to submitting any such filing.

8. The Parties will comply with the good faith meet and confer requirement under Local Rule 37-1, et. seq., or under procedures otherwise laid out by the Court prior to seeking judicial intervention if there are any disputes relating to this Order.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: September 3, 2026

The Honorable Sunshine S. Sykes
United States District Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________, am aware of the litigation in *Inland Coalition for Immigrant Justice, et al. v. City of Fontana, et al.*, Case No. 5:25-cv-02092-SSS-SP (C.D. Cal.) in the capacity of ____________________________. I do solemnly swear or aver that I am fully familiar with the terms of the Protective Order ("Protective Order") in the above referenced matter and hereby agree to comply with and be bound by its terms and conditions unless and until it is modified by further Order of the United States District Court for the Central District of California ("Court"). I understand that any confidential information disclosed to me in that capacity, including the names and true identities of the Individual Plaintiffs, shall not be disclosed, disseminated, or distributed to any person who is not authorized to receive it in accordance with the Protective Order. For these reasons, I specifically acknowledge consent and agree to the disclosure requirements, limits and restrictions of the Protective Order and hereby consent to the jurisdiction of the Court for purposes of enforcing this Order, even if such enforcement proceedings occur after termination of this Action.

Executed this ___ day of ______________ by _________________________________

(Print Name)

Signed________________________________________________________________